# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GSE BONDS ANTITRUST LITIGATION | Case No. 1:19-cv-01704 (JSR) |

**DECLARATION OF THE HONORABLE JAN M. ADLER (RET.) REGARDING PRELIMINARY APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT WITH DEUTSCHE BANK SECURITIES INC.**

I, JAN M. ADLER, declare as follows:

1. I was selected by the Parties[1] to act as the mediator in the above-captioned action. I am a former Southern District of California Federal Magistrate Judge where I sat for over 15 years and as Presiding Magistrate Judge the last two years. During my time on the bench, I presided over approximately 2,000 civil matters as a settlement judge, handling all types of civil litigation matters. Prior to my appointment, I spent 21 years as a trial lawyer at Milberg Weiss Bershad Hynes & Lerach, LLP litigating complex civil matters, including securities class action, derivative, antitrust, and consumer fraud cases. The majority of my professional time is now devoted to serving as a mediator, arbitrator, and private judge in connection with large, complex cases like this one. I have successfully mediated numerous complex commercial cases, including numerous securities cases and class actions. I am a member of the bar of California.

2. While the mediation process is confidential, the Parties have authorized me to inform the Court of the matters presented in this declaration regarding Plaintiffs' motion for preliminary approval of the Settlement. My statements and those of the Parties during the mediation proceedings are subject to a confidentiality agreement, and I do not intend to waive that

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as set out in the Stipulation and Agreement of Settlement with Deutsche Bank Securities Inc. (the "Stipulation").

agreement. I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.

3. I held formal, in-person mediation sessions with the Parties on July 1 and 2, 2019. In advance of the mediation sessions, I became familiar with the progress of the Action, and reviewed, among other things, detailed mediation briefs submitted by the Parties, as well as relevant pleadings. In attendance at the in-person mediation sessions were representatives from Plaintiff Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds.

4. At the in-person mediation sessions, the Parties and their experts presented their respective views on the merits of the Action, the evidence, and the estimated damages. After two full-day sessions, the Parties remained far apart, and the mediation sessions were suspended.

5. Following the July 2019 mediation sessions, the Parties remained in contact with each other and me and continued to explore the possibility of resolving this Action. Ultimately, on July 9, 2019, I made a "mediator's proposal," and the Parties reached an agreement on the monetary terms of the Settlement.

6. From my involvement as the mediator for the case, I observed first hand that the Settlement was a product of extensive and informed negotiations conducted at arm's length. All sides of the case were represented by sophisticated and capable counsel who displayed the highest level of professionalism and were informed by economic analysis by their experts. The negotiation process was *bona fide* and, at times, extremely contentious, as counsel for each side vigorously advocated their clients' positions.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 22nd day of August, 2019.

_____
HON. JAN M. ADLER (RET.)
Former United States Magistrate
Judge and Presiding Magistrate
Judge

3