# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**IN RE GSE BONDS ANTITRUST LITIGATION**

Case No. 1:19-cv-01704 (JSR)

**DECLARATION OF JED D. MELNICK, ESQ. REGARDING PRELIMINARY APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT WITH FIRST TENNESSEE BANK, N.A. AND FTN FINANCIAL SECURITIES CORP.**

I, JED D. MELNICK, Esq., declare as follows:

1. I was selected by the Parties[1] to act as the mediator in the above-captioned action. While the mediation process is confidential, the Parties have authorized me to inform the Court of the matters presented in this declaration regarding Plaintiffs' motion for preliminary approval of the Settlement. My statements and those of the Parties during the mediation proceedings are subject to a confidentiality agreement, and I do not intend to waive that agreement. I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.

2. I received my B.A. from Grinnell College, Grinnell, Iowa, and my J.D. from the Benjamin N. Cardozo School of Law. I previously served on the Adjunct Faculty at the University of Pennsylvania, School of Law Mediation Clinic. I specialize in the mediation of complex litigation, including antitrust class actions. I have been a mediator in private practice since 2005, and I have mediated over 1,000 disputes. I am also a panelist at JAMS.

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as set out in the Stipulation and Agreement of Settlement with First Tennessee Bank, N.A. & FTN Financial Securities Corp. (the "Stipulation").

3. I held a formal, in-person mediation session with the Parties in Chicago, Illinois, on July 8, 2019. Representatives from Plaintiff Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds, participated by phone.

4. Pursuant to my custom and practice, and without waiving mediation confidentiality, the Parties submitted detailed mediation statements prior to the mediation. These submissions contained extensive analyses of the factual and legal issues in the Action and other issues material to the Settlement.

5. There were a number of contentious issues in the mediation. The Parties presented their respective views on the merits of the Action, the evidence, and the estimated damages. After a full-day session, the Parties remained far apart, and the mediation sessions were suspended.

6. Following the July 8, 2019 mediation, the Parties remained in contact with each other and me and continued to explore the possibility of resolving this Action. Ultimately, on September 3, 2019, I made a "mediator's proposal," and the Parties reached an agreement on the monetary terms of the Settlement.

7. From my involvement as the mediator for the case, I observed first hand that the Settlement was a product of extensive and informed negotiations conducted at arm's length. All sides of the case were represented by sophisticated and capable counsel who displayed the highest level of professionalism and were informed by economic analysis by their experts. The negotiation process was *bona fide* and, at times, extremely contentious, as counsel for each side vigorously advocated their clients' positions.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 17 day of September, 2019.

_____
JED D. MELNICK, ESQ.