USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** | Case No. 1:19-cv-01704 (JSR) |

## PROPOSED PRELIMINARY APPROVAL ORDER

WHEREAS, Plaintiffs Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds; City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan ("Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and Deutsche Bank Securities Inc. ("Deutsche Bank") have determined to settle all claims asserted against Deutsche Bank and its predecessors, successors, assigns, subsidiaries, and affiliates, including Deutsche Bank AG, in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 21, 2019 (the "Deutsche Bank Stipulation"), subject to approval of this Court (the "Deutsche Bank Settlement");

WHEREAS, Plaintiffs on behalf of themselves and the other members of the Settlement Class, and First Tennessee Bank, N.A. and FTN Financial Securities Corp. ("FTN") have determined to settle all claims asserted against FTN, and their predecessors, successors, assigns, subsidiaries, and affiliates, including First Horizon National Corp., in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 16, 2019 (the "FTN Stipulation" and, together with the Deutsche Bank Stipulation, the "Stipulations"), subject to approval of this Court (the "FTN Settlement" and, together with the Deutsche Bank Settlement, the "Settlements");

WHEREAS, Plaintiffs have made applications, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlements in accordance with the Stipulations, and approving notice of the Settlements to the Settlement Class as more fully described herein;

WHEREAS, the Court has considered: (i) Plaintiffs' motion for preliminary approval of the Deutsche Bank Settlement and the papers filed and arguments made in connection therewith; (ii) Plaintiffs' motion for preliminary approval of the FTN Settlement and the papers filed and arguments made in connection therewith; and (iii) the Stipulations and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulations;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlements** – Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the court will likely be able to: (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlements, as embodied in the Stipulations, and "direct[s] notice in a reasonable manner to all class members who would be bound by the proposal[s]," as described below. Fed. R. Civ. P. 23(e)(1)(B); *id.* at (i)-(ii).

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on February 28, 2020 at 2pm at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, Courtroom 14B, for the following purposes: (i) to determine whether the proposed Settlements on the terms and conditions provided for in the Stipulations are fair, reasonable, and adequate to the Settlement

2

Class, and should be approved by the Court; (ii) to determine whether Judgments substantially in the form attached as Exhibit B to the Deutsche Bank Stipulation and FTN Stipulation should be entered dismissing the Action with prejudice against Deutsche Bank and FTN; (iii) to determine whether the proposed Plan of Distribution for the proceeds of the Settlements is fair and reasonable and should be approved; (iv) to determine whether the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlements. Notice of the Settlements and the Settlement Hearing shall be given to Settlement Class Members as set forth in ¶4 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlements with such modifications as are agreed to, if appropriate, without further notice to the Settlement Class.

4. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Co-Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to disseminate notice to the Settlement Class, process Claims, and administer the Settlement, as more fully set forth below. Notice of the Settlements and the Settlement Hearing shall be given as follows:

(a) Commencing not later than 10 business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form (together, the "Notice Packet"), substantially in the forms attached hereto as Exhibits 1 and 2, respectively, to be mailed by first-class mail to the members of the Settlement Class who can be identified through reasonable effort;

3

(b) Contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the website developed for this Action, www.GSEBondAntitrustSettlement.com, from which copies of the Notice and Claim Form can be downloaded;

(c) As soon as practicable after the mailing of the Notice Packet, the Claims Administrator shall cause the Publication Notice, substantially in the form attached hereto as Exhibit 3, to be published, at minimum, once each in *The Wall Street Journal*, *The New York Times*, *The Financial Times*, and *The Bond Buyer* and to be transmitted once over the *PR Newswire*, as well as implement purchased banner ads on Zacks.com and Barchart.com; and

(d) Prior to the Settlement Hearing, Co-Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice** – The Court: (i) approves, as to form and content, the Notice, the Claim Form, and the Publication Notice, attached hereto as Exhibits 1, 2, and 3, respectively, [*except that the dollar amount of maximum claimed*] and (ii) finds that the mailing and distribution of the Notice and Claim [*fees must be added;*] Form and the publication of the Publication Notice in the manner and form set forth in ¶4 of this Order (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the proposed Settlements (including the Releases to be provided thereunder); of the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs; of their right to object to the Settlements, Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs; and of their right to appear at the Settlement Hearing; (c) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed

4

Settlements; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Publication Notice before they are mailed and published, respectively.

6. **Nominee Procedures** – Co-Lead Counsel and the Claims Administrator shall use reasonable efforts to give notice to nominee owners, such as brokerage firms and other persons or entities who or which transacted for the beneficial interest of persons or organizations other than themselves ("Nominees"), but not as beneficial owners. Nominees shall be requested to either: (i) within seven (7) days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices, forward them to all such beneficial owners; or (ii) within seven (7) days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator for prompt distribution.

(a) For Nominees who chose the first option (*i.e.*, elect to mail the Notice directly to beneficial owners), the Claims Administrator shall forward the same number of Notice Packets to such Nominees, and request that the Nominees, within seven (7) calendar days of receipt of the Notice Packets, mail the Notice Packets to their beneficial owners;

(b) For Nominees who chose the second option (*i.e.*, provide a list of names and addresses of beneficial owners to the Claims Administrator), the Claims Administrator shall promptly mail a copy of the Notice Packet to each of the beneficial owners whose names and addresses the Nominee supplied, provided the Claims Administrator did not previously mail Notice to such beneficial owners;

5

(c)     Upon full and timely compliance with this Order, Nominees who mail the Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

7.     **CAFA Notice** – As provided in the Stipulations, pursuant to the Class Action Fairness Act, 28 U.S.C. §§1715 *et seq.* ("CAFA"), no later than ten (10) days following the filing of the Stipulations with the Court, Deutsche Bank and FTN, at their own cost, shall serve proper notice of their respective proposed Settlements upon those who are entitled to such notice pursuant to CAFA. No later than seven (7) days before the Settlement Hearing, Deutsche Bank and FTN shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

8.     **Participation in the Settlements** – Settlement Class Members who wish to participate in the Settlements and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted within 84 days after the Notice Date. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the proceeds of the Settlement Fund or Net Settlement Fund is not materially delayed. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlements.

9. Each Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must include any supporting documentation, as is deemed adequate by Co-Lead Counsel or the Claims Administrator, for the transactions reported therein; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Notwithstanding the foregoing, Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interest of achieving substantial justice.

10. Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (i) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (ii) shall be forever barred from participating in any distributions therefrom; (iii) shall be bound by the provisions of the Stipulations and the Settlements and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgments or Alternate Judgments, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (iv) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against each and all of the Settling Defendants, as more fully described in the Stipulations and Settlement Notice.

11. **Exclusion from the Settlement Class** – Any member of the Settlement Class who or which wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing and in the manner set forth in the Notice, which shall provide that: (i) any such request for exclusion from the Settlement Class must be mailed or delivered, such that it is received by the Claims Administrator at GSE Bond Antitrust Settlement Exclusions c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217 within 64 days after the Notice Date; and (ii) each such request must: (a) state the name, address, and telephone number of the person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity requests to be excluded from the Settlement Class in the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)); (c) provide documents sufficient to prove membership in the Settlement Class; and (d) be signed by such person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative. The request for exclusion shall be invalid and have no legal or binding force or effect unless it provides the required information and is made within the time stated above, or the request for exclusion is otherwise accepted by the Court.

12. Any person or entity who or which requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulations and Notice.

13. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which has not requested exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court a notice of appearance, and serving

copies of such notice of appearance on Co-Lead Counsel, Deutsche Bank's Counsel, and FTN's Counsel at the addresses set forth in ¶14 of this Order, such that they are received within 64 days after the Notice Date, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

14.     Any Settlement Class Member may file a written objection to the proposed Settlements, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs and appear and show cause, if he, she, or it has any cause, why any of the foregoing should not be approved; ***provided, however,*** that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlements, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs, unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel, Deutsche Bank's Counsel, and FTN's Counsel at the addresses set forth below such that they are received within 64 days after the Notice Date, or as the Court may otherwise direct.

| **Co-Lead Counsel** | **Deutsche Bank's Counsel** | **FTN's Counsel** |
|---|---|---|
| Scott+Scott Attorneys at Law LLP<br>Attn: Christopher M. Burke<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Email: cburke@scott-scott.com<br><br>Lowey Dannenberg, P.C.<br>Attn: Vincent Briganti<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Email: vbriganti@lowey.com | Simpson Thacher & Bartlett LLP<br>Attn: Abram Ellis<br>John Terzaken<br>900 G. Street, NW<br>Washington, DC 20001<br>Email: aellis@stblaw.com<br>john.terzaken@stblaw.com | Covington & Burling LLP<br>Attn: Robert D. Wick<br>Henry B. Liu<br>Carol Szurkowski<br>Jeffrey Cao<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001<br>Email: rwick@cov.com<br>hliu@cov.com<br>cszurkowski@cov.com<br>jcao@cov.com |

9

15. Any objections, filings, or other submissions by the objecting Settlement Class Member must: (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the Settlement Class Member (an attorney's signature is not sufficient); (ii) state the name of the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)); (iii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iv) state whether the objection applies only to the Settlement Class Member, a specific subset of the Settlement Class, or the entire Settlement Class; and (v) include documents sufficient to prove the Settlement Class Member's membership in the Settlement Class. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must also include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlements, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of any of the foregoing from otherwise being heard concerning any of the foregoing in this or any other proceeding.

17. **Notice and Administration Costs** – All reasonable Notice and Administration Costs up to $500,000 shall be paid as set forth in the Deutsche Bank Stipulation and FTN

10

Stipulation without further order of the Court. Any Notice and Administration Costs in excess of $500,000 may be paid from the Settlement Fund only with the approval of the Court.

18. **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulations and/or further order(s) of the Court.

19. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulations.

20. **Termination of Settlements** – If the Settlements are terminated as provided in the Stipulations, the Settlements are not approved, or the Effective Date of the Settlements otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulations, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, Deutsche Bank, and FTN, and the Parties shall revert to their respective positions in the Action as of July 12, 2019 (Deutsche Bank Parties) and September 3, 2019 (FTN Parties), as provided in the respective Stipulation.

21. **Use of This Order** – Neither this Order, the Stipulations (whether or not consummated), including the exhibits thereto and the Plan of Distribution contained therein (or any other plan of Distribution that may be approved by the Court), the negotiations leading to the

11

execution of the Stipulations, nor any proceedings taken pursuant to or in connection with the Stipulations and/or approval of the Settlements (including any arguments proffered in connection therewith): (i) shall be offered against any of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted, in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants or in any way referred to for any other reason as against any of Settling Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulations; (ii) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Settling Defendants had meritorious defenses, or that damages recoverable under the operative Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulations; or (iii) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlements represents the amount which could be or would have been recovered after trial; ***provided, however***, that if the Stipulations are approved by the Court, the Parties, the Released Parties, and

their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlements.

22. All proceedings in the Action with respect to Settling Defendants are stayed until further order of the Court, except as may be necessary to implement the Settlements set forth in the Stipulations or comply with the terms thereof. Pending final determination of whether the Settlements set forth in the Stipulations should be approved, each Plaintiff and each Settlement Class Member, either directly, representatively, or in any other capacity, is enjoined from prosecuting in any forum any Settled Claim or assisting any third party in commencing or maintaining any suit against any Settling Defendant related in any way to any Settled Claim.

23. **Supporting Papers** – Co-Lead Counsel shall file the opening papers in support of final approval of the proposed Settlements, the Plan of Distribution, and the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs no later than 54 days after the Notice Date; and reply papers, if any, shall be filed no later than 94 days after the Notice Date.

24. **Summary of Deadlines** – The Settlements, as preliminarily approved in this Order, shall be administered according to their terms pending the Settlement Hearing. Deadlines arising under the Settlements and this Order include, but are not limited to, the following:

- Notice: to commence not later than 10 business days after entry of this Order ("Notice Date");

- Application for attorneys' fees and Litigation Expenses ("Fee Application"): to be filed 54 days after the Notice Date;

- Motion for Final Approval of the Settlements ("Final Approval Motion"): to be filed 54 days after the Notice Date;

- Objection Deadline: 64 days after the Notice Date;

- Opt-Out Deadline: 64 days after the Notice Date;

13

- Claims Deadline: 84 days after the Notice Date;

- Replies in Support of Final Approval and Fee Motion: to be filed 94 days after the Notice Date; and

- Settlement Hearing: February 28, 2020 at 2:00 pm.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlements.

26. A memorandum elaborating on the reasons for these rulings will issue in due course.

SO ORDERED.

_____
HON. JED S. RAKOFF
United States District Judge

DATED:   New York, NY
         10/29/19

14