USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**IN RE GSE BONDS ANTITRUST LITIGATION**

Case No. 1:19-cv-01704 (JSR)

---

## · **AMENDED PROPOSED PRELIMINARY APPROVAL ORDER**

WHEREAS, Plaintiffs Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds; City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan ("Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and Goldman Sachs & Co. LLC ("Goldman Sachs") have determined to settle all claims asserted against Goldman Sachs and its predecessors, successors, assigns, subsidiaries, and affiliates, in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated November 14, 2019 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made applications, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and approving notice of the Settlement to the Settlement Class as more fully described herein;

WHEREAS, the Court has considered: (i) Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto;

WHEREAS, following the preliminary approval hearing, the Parties agreed to amend the definition of "Investment Vehicles" in ¶1(v) of the Stipulation to mean "(i) any company or pooled

investment fund in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds; and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that under no circumstances may a Defendant (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution from the Settlement Fund through an Investment Vehicle;" and

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the court will likely be able to (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and "direct[s] notice in a reasonable manner to all class members who would be bound by the proposal[s]," as described below. Fed. R. Civ. P. 23(e)(1)(B); *id.* at (i)-(ii).

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on February 28, 2020 at 2:00 p.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, Courtroom 14B, for the following purposes: (i) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (ii) to determine whether the Judgment substantially in the form attached as Exhibit B

2

to the Stipulation should be entered dismissing the Action with prejudice against Goldman Sachs; (iii) to determine whether the proposed Plan of Distribution for the proceeds of the Settlement is fair and reasonable and should be approved; (iv) to determine whether the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in ¶4 of this Order.

3.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as are agreed to, if appropriate, without further notice to the Settlement Class.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to disseminate notice to the Settlement Class, process Claims, and administer the Settlement, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)      Commencing not later than 10 business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form (together, the "Notice Packet"), substantially in the forms attached as Exhibits A-1 and A-2 to the Stipulation respectively, to be mailed to the members of the Settlement Class who can be identified through reasonable effort;

3

(b)       Contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the website developed for this Action, www.GSEBondAntitrustSettlement.com, from which copies of the Notice and Claim Form can be downloaded;

(c)       As soon as practicable after the mailing of the Notice Packet, the Claims Administrator shall cause the Publication Notice, substantially in the form attached as Exhibit A-3 to the Stipulation, to be published, at minimum, once each in *The Wall Street Journal*, *The New York Times*, *The Financial Times*, and *The Bond Buyer* and to be transmitted once over the *PR Newswire*, as well as implement purchased banner ads on Zacks.com and Barchart.com; and

(d)       Prior to the Settlement Hearing, Co-Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.        **Approval of Form and Content of Notice** – The Court: (i) approves, as to form and content, the Notice, the Claim Form, and the Publication Notice, substantially in the forms attached as Exhibits A-1, A-2, and A-3 to the Stipulation respectively; and (ii) finds that the mailing and distribution of the Notice, posting of the Notice and Claim Form on the Settlement Website, and the publication of the Publication Notice in the manner and form set forth in ¶4 of this Order (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the proposed Settlement (including the Releases to be provided thereunder); of the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs; of their right to object to the Settlement, Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs; and of their right to appear at the Settlement Hearing; (c) constitutes due, adequate, and

4

sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice before it is mailed and Publication Notice before it is published.

6.      **Nominee Procedures** – Co-Lead Counsel and the Claims Administrator shall use reasonable efforts to give notice to nominee owners, such as brokerage firms and other persons or entities who or which transacted for the beneficial interest of persons or organizations other than themselves ("Nominees"), but not as beneficial owners. Nominees shall be requested to either: (i) within seven (7) days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices, forward them to all such beneficial owners; or (ii) within seven (7) days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator for prompt distribution.

(a)      For Nominees who chose the first option (*i.e.*, elect to mail the Notice Packets directly to beneficial owners), the Claims Administrator shall forward the same number of Notice Packets to such Nominees, and request that the Nominees, within seven (7) calendar days of receipt of the Notice Packets, mail the Notice Packets to their beneficial owners;

(b)      For Nominees who chose the second option (*i.e.*, provide a list of names and addresses of beneficial owners to the Claims Administrator), the Claims Administrator shall promptly mail a copy of the Notice Packet to each of the beneficial owners whose names and addresses the Nominee supplied, provided the Claims Administrator did not previously mail Notice to such beneficial owners;

5

(c)     Upon full and timely compliance with this Order, Nominees who mail the Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

7.     **CAFA Notice** – As provided in the Stipulation, pursuant to the Class Action Fairness Act, 28 U.S.C. §§1715 *et seq*. ("CAFA"), no later than ten (10) days following the filing of the Stipulation with the Court, Goldman Sachs, at its own cost, shall serve proper notice of its proposed Settlement upon those who are entitled to such notice pursuant to CAFA. No later than seven (7) days before the Settlement Hearing, Goldman Sachs shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

8.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted on or before February 5, 2020. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the proceeds of the Settlement Fund or Net Settlement Fund is not materially delayed. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

6

9.      Each Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must include any supporting documentation, as is deemed adequate by Co-Lead Counsel or the Claims Administrator, for the transactions reported therein; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Notwithstanding the foregoing, Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interest of achieving substantial justice.

10.     Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (i) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (ii) shall be forever barred from participating in any distributions therefrom; (iii) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (iv) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against each and all of the Released Parties, as more fully described in the Stipulation and Notice.

11.     **Exclusion from the Settlement Class** – Any member of the Settlement Class who or which wishes to exclude himself, herself, or itself from the Settlement Class must request

7

exclusion in writing and in the manner set forth in the Notice, which shall provide that: (i) any such request for exclusion from the Settlement Class must be mailed or delivered, such that it is received by the Claims Administrator at GSE Bond Antitrust Settlement Exclusions c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217 on or before January 16, 2020; and (ii) each such request must: (a) state the name, address, and telephone number of the person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity requests to be excluded from the Goldman Sachs Settlement Class in the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)); (c) provide documents sufficient to prove membership in the Settlement Class; and (d) be signed by such person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative. The request for exclusion shall be invalid and have no legal or binding force or effect unless it provides the required information and is made within the time stated above, or the request for exclusion is otherwise accepted by the Court.

12.    Any person or entity who or which requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13.    **Appearance and Objections at Settlement Hearing** -- Any Settlement Class Member who or which has not requested exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court a notice of appearance, and serving copies of such notice of appearance on Co-Lead Counsel and Goldman Sachs' Counsel at the addresses set forth in ¶14 of this Order, such that they are received on or before January 16, 2020, or as the

8

Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

14. Any Settlement Class Member may file a written objection to the proposed Settlement, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs and appear and show cause, if he, she, or it has any cause, why any of the foregoing should not be approved; *provided, however,* that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs, unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Goldman Sachs' Counsel at the addresses set forth below such that they are received on or before January 16, 2020, or as the Court may otherwise direct.

| **Co-Lead Counsel** | | **Goldman Sachs' Counsel** |
|---|---|---|
| Scott+Scott Attorneys at Law LLP | Lowey Dannenberg, P.C. | Sullivan & Cromwell LLP |
| Attn: Christopher M. Burke | Attn: Vincent Briganti | Attn: Richard C. Pepperman II |
| 600 W. Broadway | 44 South Broadway | 125 Broad Street |
| Suite 3300 | Suite 1100 | New York, NY 10004 |
| San Diego, CA 92101 | White Plains, NY 10601 | peppermanr@sullcrom.com |
| cburke@scott-scott.com | vbriganti@lowey.com | |

15. Any objections, filings, or other submissions by the objecting Settlement Class Member must: (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the Settlement Class Member (an attorney's signature is not sufficient); (ii) state the name of the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)) and the settlement to which the objection applies; (iii) contain a statement

9

of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iv) state whether the objection applies only to the Settlement Class Member, a specific subset of the Settlement Class, or the entire Settlement Class; and (v) include documents sufficient to prove the Settlement Class Member's membership in the Settlement Class. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must also include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of any of the foregoing from otherwise being heard concerning any of the foregoing in this or any other proceeding.

17.     **Notice and Administration Costs** – All reasonable Notice and Administration Costs up to $250,000 shall be paid as set forth in the Stipulation without further order of the Court. Any Notice and Administration Costs in excess of $250,000 may be paid from the Settlement Fund only with the approval of the Court.

18.     **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

10

such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.  **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20.  **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Goldman Sachs, and the Parties shall revert to their respective positions in the Action as of October 2, 2019, as provided in the Stipulation.

21.  **Use of This Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Distribution contained therein (or any other plan of Distribution that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (i) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been

11

asserted, in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (ii) shall be offered against any of the Settling Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Plaintiff Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the operative complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Settling Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (iii) shall be construed against any of the Released Parties or Settling Plaintiff Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties, the Released Parties, the Settling Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

22.  All proceedings in the Action with respect to Released Parties are stayed until further order of the Court, except as may be necessary to implement the Settlement set forth in the Stipulation or comply with the terms thereof. Pending final determination of whether the Settlement set forth in the Stipulation should be approved, each Plaintiff and each Settlement Class Member, either directly, representatively, or in any other capacity, is enjoined from prosecuting in

12

any forum any Settled Claim or assisting any third party in commencing or maintaining any suit against any Released Parties related in any way to any Settled Claim.

23. **Supporting Papers** – Co-Lead Counsel shall file the opening papers in support of final approval of the proposed Settlement, the Plan of Distribution, and the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs no later than January 6, 2020; and reply papers, if any, shall be filed no later than February 18, 2020.

24. **Summary of Deadlines** – The Settlement, as preliminarily approved in this Order, shall be administered according to their terms pending the Settlement Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

- Notice: to commence not later than 10 business days after entry of this Order ("Notice Date");

- Application for attorneys' fees and Litigation Expenses ("Fee Application"): January 6, 2020;

- Motion for Final Approval of the Settlement ("Final Approval Motion"): January 6, 2020;

- Objection Deadline: January 16, 2020;

- Opt-Out Deadline: January 16, 2020;

- Claims Deadline: February 5, 2020;

- Replies in Support of Final Approval and Fee Motion: February 18, 2020; and

- Settlement Hearing: February 28, 2020 at 2:00 p.m.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

*26. A memorandum setting forth the reasons for this approval will issue in due course.*

SO ORDERED:

_____

HON. JED S. RAKOFF
United States District Judge

DATED: _12/12/20_
New York, NY

13

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GSE BONDS ANTITRUST
LITIGATION

Case No. 1:19-cv-01704 (JSR)

### AMENDED PROPOSED PRELIMINARY APPROVAL ORDER

WHEREAS, Plaintiffs Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds; City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan ("Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and Goldman Sachs & Co. LLC ("Goldman Sachs") have determined to settle all claims asserted against Goldman Sachs and its predecessors, successors, assigns, subsidiaries, and affiliates, in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated November 14, 2019 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made applications, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and approving notice of the Settlement to the Settlement Class as more fully described herein;

WHEREAS, the Court has considered: (i) Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto;

WHEREAS, following the preliminary approval hearing, the Parties agreed to amend the definition of "Investment Vehicles" in ¶1(v) of the Stipulation to mean "(i) any company or pooled

investment fund in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds; and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that under no circumstances may a Defendant (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution from the Settlement Fund through an Investment Vehicle;" and

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Preliminary Approval of the Settlement** – Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the court will likely be able to (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and "direct[s] notice in a reasonable manner to all class members who would be bound by the proposal[s]," as described below. Fed. R. Civ. P. 23(e)(1)(B); *id.* at (i)-(ii).

2.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on February 28, 2020 at 2:00 p.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, Courtroom 14B, for the following purposes: (i) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (ii) to determine whether the Judgment substantially in the form attached as Exhibit B

2

to the Stipulation should be entered dismissing the Action with prejudice against Goldman Sachs; (iii) to determine whether the proposed Plan of Distribution for the proceeds of the Settlement is fair and reasonable and should be approved; (iv) to determine whether the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in ¶4 of this Order.

3.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as are agreed to, if appropriate, without further notice to the Settlement Class.

4.     **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to disseminate notice to the Settlement Class, process Claims, and administer the Settlement, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)     Commencing not later than 10 business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form (together, the "Notice Packet"), substantially in the forms attached as Exhibits A-1 and A-2 to the Stipulation respectively, to be mailed to the members of the Settlement Class who can be identified through reasonable effort;

3

(b)     Contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the website developed for this Action, www.GSEBondAntitrustSettlement.com, from which copies of the Notice and Claim Form can be downloaded;

(c)     As soon as practicable after the mailing of the Notice Packet, the Claims Administrator shall cause the Publication Notice, substantially in the form attached as Exhibit A-3 to the Stipulation, to be published, at minimum, once each in *The Wall Street Journal*, *The New York Times*, *The Financial Times*, and *The Bond Buyer* and to be transmitted once over the *PR Newswire*, as well as implement purchased banner ads on Zacks.com and Barchart.com; and

(d)     Prior to the Settlement Hearing, Co-Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.     **Approval of Form and Content of Notice** – The Court: (i) approves, as to form and content, the Notice, the Claim Form, and the Publication Notice, substantially in the forms attached as Exhibits A-1, A-2, and A-3 to the Stipulation respectively; and (ii) finds that the mailing and distribution of the Notice, posting of the Notice and Claim Form on the Settlement Website, and the publication of the Publication Notice in the manner and form set forth in ¶4 of this Order (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the proposed Settlement (including the Releases to be provided thereunder); of the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs; of their right to object to the Settlement, Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs; and of their right to appear at the Settlement Hearing; (c) constitutes due, adequate, and

4

sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice before it is mailed and Publication Notice before it is published.

6.      **Nominee Procedures** – Co-Lead Counsel and the Claims Administrator shall use reasonable efforts to give notice to nominee owners, such as brokerage firms and other persons or entities who or which transacted for the beneficial interest of persons or organizations other than themselves ("Nominees"), but not as beneficial owners. Nominees shall be requested to either: (i) within seven (7) days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices, forward them to all such beneficial owners; or (ii) within seven (7) days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator for prompt distribution.

(a)      For Nominees who chose the first option (*i.e.*, elect to mail the Notice Packets directly to beneficial owners), the Claims Administrator shall forward the same number of Notice Packets to such Nominees, and request that the Nominees, within seven (7) calendar days of receipt of the Notice Packets, mail the Notice Packets to their beneficial owners;

(b)      For Nominees who chose the second option (*i.e.*, provide a list of names and addresses of beneficial owners to the Claims Administrator), the Claims Administrator shall promptly mail a copy of the Notice Packet to each of the beneficial owners whose names and addresses the Nominee supplied, provided the Claims Administrator did not previously mail Notice to such beneficial owners;

5

(c)     Upon full and timely compliance with this Order, Nominees who mail the Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

7.     **CAFA Notice** – As provided in the Stipulation, pursuant to the Class Action Fairness Act, 28 U.S.C. §§1715 *et seq*. ("CAFA"), no later than ten (10) days following the filing of the Stipulation with the Court, Goldman Sachs, at its own cost, shall serve proper notice of its proposed Settlement upon those who are entitled to such notice pursuant to CAFA. No later than seven (7) days before the Settlement Hearing, Goldman Sachs shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

8.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted on or before February 5, 2020. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the proceeds of the Settlement Fund or Net Settlement Fund is not materially delayed. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

6

9.      Each Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must include any supporting documentation, as is deemed adequate by Co-Lead Counsel or the Claims Administrator, for the transactions reported therein; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Notwithstanding the foregoing, Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interest of achieving substantial justice.

10.     Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (i) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (ii) shall be forever barred from participating in any distributions therefrom; (iii) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (iv) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against each and all of the Released Parties, as more fully described in the Stipulation and Notice.

11.     **Exclusion from the Settlement Class** – Any member of the Settlement Class who or which wishes to exclude himself, herself, or itself from the Settlement Class must request

7

exclusion in writing and in the manner set forth in the Notice, which shall provide that: (i) any such request for exclusion from the Settlement Class must be mailed or delivered, such that it is received by the Claims Administrator at GSE Bond Antitrust Settlement Exclusions c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217 on or before January 16, 2020; and (ii) each such request must: (a) state the name, address, and telephone number of the person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity requests to be excluded from the Goldman Sachs Settlement Class in the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)); (c) provide documents sufficient to prove membership in the Settlement Class; and (d) be signed by such person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative. The request for exclusion shall be invalid and have no legal or binding force or effect unless it provides the required information and is made within the time stated above, or the request for exclusion is otherwise accepted by the Court.

12. Any person or entity who or which requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which has not requested exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court a notice of appearance, and serving copies of such notice of appearance on Co-Lead Counsel and Goldman Sachs' Counsel at the addresses set forth in ¶14 of this Order, such that they are received on or before January 16, 2020, or as the

8

Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

14.     Any Settlement Class Member may file a written objection to the proposed Settlement, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs and appear and show cause, if he, she, or it has any cause, why any of the foregoing should not be approved; *provided, however,* that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs, unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Goldman Sachs' Counsel at the addresses set forth below such that they are received on or before January 16, 2020, or as the Court may otherwise direct.

| **Co-Lead Counsel** | | **Goldman Sachs' Counsel** |
|---|---|---|
| Scott+Scott Attorneys at Law LLP | Lowey Dannenberg, P.C. | Sullivan & Cromwell LLP |
| Attn: Christopher M. Burke | Attn: Vincent Briganti | Attn: Richard C. Pepperman II |
| 600 W. Broadway | 44 South Broadway | 125 Broad Street |
| Suite 3300 | Suite 1100 | New York, NY 10004 |
| San Diego, CA 92101 | White Plains, NY 10601 | peppermanr@sullcrom.com |
| cburke@scott-scott.com | vbriganti@lowey.com | |

15.     Any objections, filings, or other submissions by the objecting Settlement Class Member must: (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the Settlement Class Member (an attorney's signature is not sufficient); (ii) state the name of the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)) and the settlement to which the objection applies; (iii) contain a statement

of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iv) state whether the objection applies only to the Settlement Class Member, a specific subset of the Settlement Class, or the entire Settlement Class; and (v) include documents sufficient to prove the Settlement Class Member's membership in the Settlement Class. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must also include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of any of the foregoing from otherwise being heard concerning any of the foregoing in this or any other proceeding.

17.    **Notice and Administration Costs** – All reasonable Notice and Administration Costs up to $250,000 shall be paid as set forth in the Stipulation without further order of the Court. Any Notice and Administration Costs in excess of $250,000 may be paid from the Settlement Fund only with the approval of the Court.

18.    **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

10

such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.     **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Goldman Sachs, and the Parties shall revert to their respective positions in the Action as of October 2, 2019, as provided in the Stipulation.

21.     **Use of This Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Distribution contained therein (or any other plan of Distribution that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (i) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been

11

asserted, in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (ii) shall be offered against any of the Settling Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Plaintiff Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the operative complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Settling Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (iii) shall be construed against any of the Released Parties or Settling Plaintiff Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties, the Released Parties, the Settling Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

22.     All proceedings in the Action with respect to Released Parties are stayed until further order of the Court, except as may be necessary to implement the Settlement set forth in the Stipulation or comply with the terms thereof. Pending final determination of whether the Settlement set forth in the Stipulation should be approved, each Plaintiff and each Settlement Class Member, either directly, representatively, or in any other capacity, is enjoined from prosecuting in

12

any forum any Settled Claim or assisting any third party in commencing or maintaining any suit against any Released Parties related in any way to any Settled Claim.

23.    **Supporting Papers** – Co-Lead Counsel shall file the opening papers in support of final approval of the proposed Settlement, the Plan of Distribution, and the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs no later than January 6, 2020; and reply papers, if any, shall be filed no later than February 18, 2020.

24.    **Summary of Deadlines** – The Settlement, as preliminarily approved in this Order, shall be administered according to their terms pending the Settlement Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

- Notice: to commence not later than 10 business days after entry of this Order ("Notice Date");

- Application for attorneys' fees and Litigation Expenses ("Fee Application"): January 6, 2020;

- Motion for Final Approval of the Settlement ("Final Approval Motion"): January 6, 2020;

- Objection Deadline: January 16, 2020;

- Opt-Out Deadline: January 16, 2020;

- Claims Deadline: February 5, 2020;

- Replies in Support of Final Approval and Fee Motion: February 18, 2020; and

- Settlement Hearing: February 28, 2020 at 2:00 p.m.

25.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

*26. A memorandum setting forth the reasons for this approval will issue in due course.*

SO ORDERED

_____
HON. JED S. RAKOFF
United States District Judge

DATED:    *12/12/20*
          New York, NY

13

Endorsement on 19cv1704

26. A memorandum setting forth the reasons for this approval will issue in due course.