# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** |

Case No. 1:19-cv-01704 (JSR)

### STIPULATION AND AGREEMENT OF SETTLEMENT WITH

**BNP PARIBAS SECURITIES CORP., CANTOR FITZGERALD & CO., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, HSBC SECURITIES (USA) INC., J.P. MORGAN SECURITIES LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INC., MORGAN STANLEY & CO. LLC, NOMURA SECURITIES INTERNATIONAL, INC., SG AMERICAS SECURITIES, LLC, TD SECURITIES (USA) LLC, AND UBS SECURITIES LLC**

**TABLE OF CONTENTS**

RECITALS ....................................................................................................................1

DEFINITIONS.............................................................................................................4

TERMS OF THE PRELIMINARY APPROVAL ORDER ..........................................15

RELEASES.................................................................................................................15

SETTLEMENT CLASS CERTIFICATION .................................................................17

SETTLEMENT CONSIDERATION ...........................................................................18

       Monetary Consideration......................................................................................18

       Non-Monetary Consideration ............................................................................19

       Compliance Measures .........................................................................................19

USE OF THE SETTLEMENT FUND ..........................................................................22

ATTORNEYS' FEES AND LITIGATION EXPENSES................................................25

NOTICE AND SETTLEMENT ADMINISTRATION..................................................27

TERMS OF THE JUDGMENT....................................................................................33

TERMINATION OF THE SETTLEMENT ..................................................................33

CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION ...........................................................................................35

NO ADMISSION OF WRONGDOING ......................................................................37

MISCELLANEOUS PROVISIONS.............................................................................38

This Stipulation and Agreement of Settlement is entered into between plaintiffs Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds; City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan ("Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and defendants BNP Paribas Securities Corp., Cantor Fitzgerald & Co., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, HSBC Securities (USA) Inc., J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Morgan Stanley & Co. LLC, Nomura Securities International, Inc., SG Americas Securities, LLC, TD Securities (USA) LLC, and UBS Securities LLC (collectively, the "Settling Defendants"), together with their predecessors, successors, assigns, subsidiaries, and affiliates, and embodies the terms and conditions of the settlement of the above-captioned action.  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the Action and all Settled Claims against the Settling Defendants and the other Released Parties.

## RECITALS

WHEREAS, beginning in or around February 2019, multiple putative class actions were filed against the Settling Defendants and others alleging conspiratorial conduct with respect to secondary trading of bonds issued by government sponsored entities;

WHEREAS, by Orders dated April 3, 2019; April 12, 2019; May 1, 2019; and May 2, 2019, the Court consolidated the actions and appointed the law firms of Scott+Scott Attorneys at Law LLP and Lowey Dannenberg, P.C. to serve as interim co-lead class counsel;

WHEREAS, on May 23, 2019, Plaintiffs filed the First Amended Complaint, which incorporated certain cooperation materials provided by an alleged cooperating co-conspirator;

1

WHEREAS, on July 12, 2019, Plaintiffs filed the Second Amended Complaint in the Action;

WHEREAS, on September 10, 2019, Plaintiffs filed the Third Amended Complaint in the Action;

WHEREAS, the Parties engaged in arm's-length negotiations to resolve the Action as to the Settling Defendants in a mediation on December 2, 2019 with Hon. Layn R. Phillips, Former U.S. District Judge (the "Mediator");

WHEREAS, Co-Lead Counsel have conducted an investigation and analyzed and researched the applicable law with respect to the claims against the Settling Defendants and their potential defenses thereto;

WHEREAS, in the course of the Parties' discussions and negotiations, the Settling Defendants made information available to Plaintiffs about the Settlement Class's claims and the Settling Defendants' defenses to those claims, and Co-Lead Counsel considered that information before Plaintiffs agreed to this Settlement;

WHEREAS, based on their independent investigation and the information provided by the Settling Defendants, Co-Lead Counsel and Plaintiffs have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to and in the best interests of Plaintiffs and the other members of the Settlement Class.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each Plaintiff has agreed to this Settlement with the Settling Defendants pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits the Settlement Class will receive from the Settlement, (ii) the significant risks of litigation and trial, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

WHEREAS, the Parties are entering into this Stipulation for legitimate and practical reasons but without waiving any right, claim, or defense and without conceding or admitting any fact, allegation, or matter. The Settling Defendants deny any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action and are entering into this Stipulation to eliminate the uncertainty, burden, and expense of further protracted litigation. Accordingly, this Stipulation shall not be construed or deemed to be evidence of or an admission or concession on the part of the Settling Defendants with respect to any claim or allegation, or any infirmity in the defenses the Settling Defendants have or could have asserted. Plaintiffs believe that the claims asserted against the Settling Defendants were meritorious and in no event shall this Stipulation be construed or deemed to be evidence of an admission or concession on the part of any Plaintiff of the infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Settling Defendants' affirmative defenses to liability had any merit; and

WHEREAS, each of the Parties recognizes and acknowledges that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by the Settling Defendants in good faith, that the Action is being voluntarily settled with all Parties having received the benefit of the advice of their respective counsel, and that the terms of the Settlement are fair, adequate, and reasonable;

**NOW THEREFORE**, it is hereby **STIPULATED AND AGREED**, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and the Settling Defendants, by and through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Parties from the Settlement, all Settled Claims as against the Settling Defendants and the

other Released Parties and all Released Parties' Claims against Plaintiffs and the Settling Plaintiff Parties shall be settled and released, on and subject to the terms and conditions set forth below.

## DEFINITIONS

1.     As used in this Stipulation and any exhibits made a part hereof, the following terms shall have the following meanings:

a.     "Settling Defendants" means BNP Paribas Securities Corp., Cantor Fitzgerald & Co., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, HSBC Securities (USA) Inc., J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Morgan Stanley & Co. LLC, Nomura Securities International, Inc., SG Americas Securities, LLC, TD Securities (USA) LLC, and UBS Securities LLC.

b.     "Settling Defendants' Counsel" means the law firms of Shearman & Sterling LLP (for BNP Paribas Securities Corp.), Wilmer Cutler Pickering Hale and Dorr LLP (for Cantor Fitzgerald & Co.), Cleary Gottlieb Steen & Hamilton LLP (for Citigroup Global Markets Inc.), Cahill Gordon & Reindel LLP (for Credit Suisse Securities (USA) LLC), Mayer Brown LLP (for HSBC Securities (USA) Inc.), Skadden, Arps, Slate, Meagher & Flom LLP (for J.P. Morgan Securities LLC), Williams & Connolly LLP (for Merrill Lynch, Pierce, Fenner & Smith Inc.), Paul, Weiss, Rifkind, Wharton & Garrison LLP (for Morgan Stanley & Co. LLC), Jenner & Block LLP (for Nomura Securities International, Inc.), Milbank LLP (for SG Americas Securities, LLC), David Polk & Wardwell LLP (for TD Securities (USA) LLC), and Gibson, Dunn & Crutcher LLP (for UBS Securities LLC).

c.     "Action" means *In Re GSE Bonds Antitrust Litigation*, Case No 1:19-cv-01704-JSR (S.D.N.Y.); *City of Birmingham Retirement and Relief System et al. v. Bank of America, N.A. et al.*, Case No. 1:19-cv-01704 (S.D.N.Y.); *Alaska Electrical Pension Fund v. Bank of America, N.A. et al.*, Case No. 1:19-cv-01796 (S.D.N.Y.); *Deerfield Beach Municipal*

4

*Firefighters' Pension Trust Fund v. Bank of America, N.A., et al.*, Case No. 1:19-cv-1900 (S.D.N.Y.); *Lincolnshire Police Pension Fund v. Bank of America, N.A., et al.*, Case No. 1:19- cv-2045 (S.D.N.Y.); *Torsella v. Bank of America, N.A., et al.*, Case No. 1:19-cv-02438 (S.D.N.Y.); *Int'l Ass'n of Heat and Frost Insulators and Allied Workers Local No. 14 Pension and Health and Welfare Funds v. Bank of America, N.A., et al.*, Case No. 1:19-cv-2661 (S.D.N.Y.); *Dallas Area Rapid Transit Employees' Defined Benefit Retirement Plan and Trust et al. v. Bank of America, N.A., et al.*, Case No. 1:19-cv-02715 (S.D.N.Y.); *UFCW Local 1776 and Participating Employers Pension Fund v. Bank of America, N.A.*, Case No. 1:19-cv-02755 (S.D.N.Y.); *Mayor and City Council of Baltimore v. Bank of America, N.A., et al.*, Case No. 1:19-cv-02900 (S.D.N.Y.); *Oklahoma Police Pension and Retirement System v. Bank of America, N.A., et al.*, Case No. 1:19-cv-03091 (S.D.N.Y.); *Police Retirement System of St. Louis v. BofA Securities, Inc., et al.*, Case No. 1:19-cv-03122 (S.D.N.Y.); *Puerto Rico Gov't Employees and Judiciary Retirement Systems Administration v. BofA Securities, Inc., et al.*, Case No. 1:19-cv-03261 (S.D.N.Y.); and any other action now existing or subsequently filed that is consolidated, related, or based on the same or similar claims as any of the foregoing actions.

d.      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation, provided that the Alternate Judgment may not differ materially from the form of Judgment provided for in this Stipulation.

e.      "Authorized Claimant" means a Settlement Class Member who submits to the Claims Administrator a timely and valid Claim Form that is approved by the Court for payment from the Net Settlement Fund.

f.      "Claim" means a Claim Form submitted to the Claims Administrator.

g.      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

h.      "Claim Form" means the proof of claim form, substantially in the form attached as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

i.      "Claims Administrator" means A.B. Data, Ltd. ("A.B. Data").

j.      "Co-Lead Counsel" means the law firms of Scott+Scott and Lowey Dannenberg, which the Court appointed as interim co-lead class counsel on May 2, 2019.

k.      "Court" means the United States District Court for the Southern District of New York.

l.      "Defendants" means Barclays Capital Inc.; BNP Paribas Securities Corp.; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; First Tennessee Bank, N.A.; FTN Financial Securities Corp.; Goldman Sachs & Co. LLC; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; TD Securities (USA) LLC; Nomura Securities International, Inc.; HSBC Securities (USA) Inc.; Cantor Fitzgerald & Co.; SG Americas Securities LLC; Morgan Stanley & Co., LLC; UBS Securities LLC; and any other persons or entities who or which are named as defendants in the Action at any time up to and including the date the Preliminary Approval Order is entered.

m.      "Effective Date" with respect to the Settlement means the first business day following occurrence or waiver of all the events and conditions specified in ¶50.

6

n.      "Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*

o.      "Escrow Account" means an account maintained at Huntington National Bank into which the Settlement Amount shall be deposited and held in escrow.

p.      "Escrow Agent" means Huntington National Bank.

q.      "Escrow Agreement" means the escrow agreement between Co-Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

r.      "Final" with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means:  (i) if no appeal is filed, the expiration of the time for the filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there are any appeals from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of time to file a petition for writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued solely with respect to (i) the Plan of Distribution (as submitted or subsequently modified), or (ii) attorneys' fees, costs, or expenses, shall not shall not in any way delay or preclude a judgment from becoming Final.

7

s.      "First Amended Complaint" means the Consolidated Amended Class Action Complaint filed in the Action on May 23, 2019.

t.      "GSE Bond" means any and each unsecured bond or debt instrument (*i.e.*, senior debt, subordinated debt, and junior subordinated debt) regardless of currency or credit quality, issued by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Federal Farm Credit Banks, and Federal Home Loan Banks.  If Co-Lead Counsel broadens the definition of GSE Bond in an amended complaint, the term "GSE Bond" in this Agreement shall incorporate by reference the broader definition.

u.      "GSE Bond Transaction" means any purchase, sale, or other transaction in the secondary market with respect to any GSE Bond.

v.      "Investment Vehicles" means (i) any company or pooled investment fund in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds; and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that under no circumstances may a Defendant (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution from the Settlement Fund through an Investment Vehicle.

w.      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

x.      "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses

8

of Plaintiffs directly related to their representation of the Settlement Class), for which Co-Lead

Counsel intend to apply to the Court for a reimbursement from the Settlement Fund.

       y.     "Lowey Dannenberg" means the law firm of Lowey Dannenberg, P.C., Co-

Lead Counsel for Plaintiffs and the Settlement Class.

       z.     "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii)

any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any

attorneys' fees awarded by the Court; (iv) any service awards to Plaintiffs awarded by the Court;

and (v) any other costs or fees approved by the Court.

       aa.     "Notice" means the Notice of Pendency of Class Action, Hearing on

Proposed Settlement and Attorneys' Fees Petition, and Right to Share in Net Settlement Fund,

which is to be sent to members of the Settlement Class substantially in the form attached as Exhibit

1 to Exhibit A hereto.

       bb.     "Notice and Administration  Costs" means the costs, fees, and expenses that

are incurred by the Claims Administrator and/or Co-Lead Counsel as further provided herein.

Notice and Administration Costs shall include, without limitation, the actual costs of printing and

mailing the Notice, publishing the Publication Notice, reimbursements to nominee owners for

forwarding notices to their beneficial owners, the administrative expenses incurred and fees

charged by the Claims Administrator in connection with providing notice, administering the

Settlement and other pending settlements reached with other Defendants (including processing the

submitted claims), and the fees, if any, of the Escrow Agent.

       cc.     "Parties" means Plaintiffs, on behalf of themselves and the other members

of the Settlement Class, and the Settling Defendants.

9

dd.    "Plaintiffs" means Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds ("Pennsylvania Treasury"); City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan.

ee.    "Plan of Distribution" means the proposed plan of distribution of the Net Settlement Fund set forth in the Notice.

ff.    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

gg.    "Publication Notice" means the Summary Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fees Petition, and Right to Share in Net Settlement Fund, which is for publication substantially in the form attached as Exhibit 3 to Exhibit A hereto.

hh.    "Qualified Settlement Fund" has the meaning it is given in Treasury Regulation §1.468B-1.

ii.    "Released Parties" means the Settling Defendants, together with their respective past and present, direct and indirect corporate parents (including holding companies), subsidiaries, related entities, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, and each of their respective past or present officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns.

jj.    "Released Parties' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, maintenance, or settlement of the Claims asserted in the Action against the Settling Defendants. Released Parties' Claims shall not include:  (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity that submits a request for exclusion from the Settlement Class in connection with the Notice and whose request is accepted by the Court.

kk.    "Releases" means the releases set forth in ¶¶3-9 of this Stipulation.

ll.    "Scott+Scott" means the law firm of Scott+Scott Attorneys at Law LLP, Co-Lead Counsel for Plaintiffs and the Settlement Class.

mm.    "Second Amended Complaint" means the Second Consolidated Amended Class Action Complaint filed in the Action on July 12, 2019.

nn.    "Settled Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which the Settling Plaintiff Parties ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any capacity against the Settling Defendants and any other Released Parties that arise from or relate to a factual predicate of the Action including any amended complaint or pleading therein.

11

Settled Claims shall not include:   (i) claims based on transactions that are outside the extraterritorial reach of the Sherman Act pursuant to Section 6a of the Sherman Act, 15 U.S.C. § 6a; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submits a request for exclusion in connection with the Notice whose request is accepted by the Court.

       oo.   "Settlement" or "Settling Defendants Settlement" means the resolution of this Action as against the Settling Defendants and the Released Parties in accordance with the terms and provisions of this Stipulation.

       pp.   "Settlement Amount" means $250,000,000.00 (two hundred and fifty million dollars) in cash.

       qq.   "Settlement Class" or "Class" means all persons and entities who or which entered into a GSE Bond Transaction with one or more Defendants or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant during the Settlement Class Period.  Excluded from the Settlement Class are:  Defendants; direct or indirect parents, subsidiaries, affiliates, or divisions of Defendants; the United States government; and any judicial officer presiding over this Action and the members of his or her immediate family and judicial staff and any juror assigned to this Action; provided, however, that Investment Vehicles shall not be excluded from the definition of "Settlement Class" or "Class."  Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.  If Plaintiffs broaden the class definition in an amended complaint, the term "Settlement Class" in this Stipulation shall incorporate by reference the broader definition.

rr.     "Settlement Class Distribution Order" or "Class Distribution Order" means an order of the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

ss.     "Settlement Class Member" or "Class Member" means any person or entity who or which is a member of the Settlement Class.

tt.     "Settlement Class Period" or "Class Period" means the period from January 1, 2009 through and including January 1, 2019.

uu.     "Settlement Fund" means the Settlement Amount together with all interest and income earned thereon after being transferred to the Escrow Account.

vv.     "Settlement Hearing" means the hearing to be held by the Court under Federal Rule of Civil Procedure 23(e)(2) to consider final approval of the Settlement.

ww.     "Settling Plaintiff Parties" means individually and collectively each Plaintiff and Settlement Class Member, on behalf of himself, herself, or itself, and each of his, her, or its respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, insurers, administrators, purchasers, predecessors, successors, and assigns, and attorneys, including Co-Lead Counsel, in their capacities as such.  Notwithstanding that the United States government is excluded from the Settlement Class, with respect to any Settlement Class Member that is a government entity, Settling Plaintiff Parties includes any Settlement Class Member as to which the government entity has the legal right to release such claims, including members of any Employee Benefit Plan sponsored by a government entity.

xx.     "Stipulation" means this Stipulation and Agreement of Settlement.

yy.    "Taxes" means:   (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund including taxes imposed on the Parties or on their counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Funds does not qualify as a Qualified Settlement Fund; (ii) the expenses and costs incurred in connection with determining the amount of and paying any taxes owed by the Settlement Fund, including, without limitation, the expenses and costs associated with tax attorneys and accountants and the mailing and distribution expenses and costs related to filing (or failure to file) any of the tax returns described in ¶26; and (iii) taxes imposed on the Settlement Fund, including estimated taxes and withholding taxes.

zz.    "Third Amended Complaint" means the Third Consolidated Amended Class Action Complaint filed in the Action on September 10, 2019.

aaa.    "Unknown Claims" means any Settled Claims that Settling Plaintiff Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known to them might have affected their decisions with respect to the Settlement.  With respect to any and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Released Parties shall expressly, and each of the other Settling Plaintiff Parties shall be deemed to have, and by operation of the Judgment or Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, or any federal, state or foreign law, rule, regulation or common-law doctrine

that is similar, comparable, equivalent, or identical to, or that has the effect in whole or part of,

Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs and the Released Parties acknowledge, and each of the other Settling Plaintiff Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and was a key element of this Settlement.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

2.      Promptly upon execution of this Stipulation, Plaintiffs shall move for, and the Settling Defendants shall not oppose, entry of the Preliminary Approval Order, substantially in the form attached as Exhibit A hereto.

## RELEASES

3.      The obligations incurred pursuant to this Stipulation are in consideration of:  (i) the full and final disposition of the Action with respect to the Settling Defendants; and (ii) the Releases provided for herein.

4.      Upon final approval of the Settlement as reflected in this Agreement, and as part of the entry of the Judgment, or the Alternate Judgment, the Action shall be dismissed with prejudice as to the Settling Defendants.

5.      The Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims.

6.      Nevertheless, pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of

the Settling Plaintiff Parties:  (i) shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settled Claim as against the Settling Defendants and each and every one of the Released Parties; (ii) shall forever be barred and enjoined from prosecuting any or all of the Settled Claims against the Settling Defendants and each and every one of the Released Parties; and (iii) agrees and covenants not to sue any of the Settling Defendants or any of the Released Parties with respect to any Settled Claims or to assist any third party in commencing or maintaining any suit against any of the Settling Defendants or any of the Released Parties related to any Settled Claims.

7.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, the Released Parties, on behalf of themselves and their respective predecessors, successors, parents, subsidiaries, affiliates, heirs, executors, trustees, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Parties' Claim as against each and every one of the Settling Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Parties' Claims against any of the Settling Plaintiff Parties.

8.    Notwithstanding ¶¶6-7, nothing in the Judgment, or in the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

9.    All rights of any Settlement Class Member against any person other than the Settling Defendants and the other Released Parties are specifically reserved by Plaintiffs and Settlement

16

Class Members, including against other Defendants in the Action.  GSE Bond Transactions entered into with the Settling Defendants shall, to the extent permitted and/or authorized by law, and to the extent consistent with the claims asserted in the Action and the definition of any class(es) that may be certified by the Court against other Defendants, remain in the case against the other Defendants in the Action as a potential basis for liability and/or damage claims against such other Defendants and shall be part of any joint and several liability claims against the other Defendants in the Action.

SETTLEMENT CLASS CERTIFICATION

10.    Solely for purposes of this Settlement, the Settling Defendants shall not oppose a motion to:  (i) certify the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) appoint Plaintiffs as representatives of the Settlement Class; and (iii) appoint Co-Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

11.    The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating this Settlement as to the Settling Defendants and the other Released Parties, and for no other purpose.  The Settling Defendants retain all of their objections, arguments, and defenses, and reserves all rights to contest class certification if the Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the Settlement set forth in this Agreement otherwise fails to proceed for any reason.  The Parties acknowledge that there has been no stipulation to a class or certification of a class for any purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the Settlement set forth in this Agreement otherwise fails to close for any

17

other reason, then this Agreement as to certification of the Settlement Class becomes null and void *ab initio*, and neither this Agreement nor any other Settlement-related statement may be cited in support of an argument for certifying a class related to this proceeding.

## SETTLEMENT CONSIDERATION

12.    In consideration of the settlement of the Settled Claims against the Settling Defendants and the other Released Parties, the Settling Defendants shall provide Plaintiffs with the monetary and non-monetary consideration described below.

Monetary Consideration

13.    The Settling Defendants shall cause the payment of the Settlement Amount to be transferred to the Escrow Account within fourteen (14) days following the later of (i) the entry of the Preliminary Approval Order, or (ii) the date by which Co-Lead Counsel has provided the Settling Defendants with such information as may be required to complete the transfer.   The Settling Defendants' obligations to pay or cause to be paid the Settlement Amount shall be several and not joint and is subject to allocation among them pursuant to an agreement of allocation among the Settling Defendants.

14.    Except as required by ¶13 concerning payment of the Settlement Amount, and except as provided in ¶54 concerning refund upon termination of the Settlement, the Settling Defendants shall have no responsibility for any other costs, including any attorneys' fees and expenses, Notice and Administration Costs, or any Taxes or tax-related costs, but all such fees, expenses, costs, and taxes shall be paid from the Settlement Fund, as approved by the Court.

Non-Monetary Consideration

15.    To the extent they have not already done so, the Settling Defendants shall produce to Plaintiffs information required for providing Notice to the Settlement Class, as the Claims Administrator may require, including but not limited to, as necessary, the names and addresses of

members of the Settlement Class who or which were counterparties with the Settling Defendants, to the extent such information is reasonably available and in the Settling Defendants' possession.

16.     The Settling Defendants agree to meet and confer in good faith regarding future requests from Plaintiffs for documents, data, and other information beyond the items specified in ¶15 in order to obtain settlement approval.  The Settling Defendants need not agree to requests that are unreasonable or unduly burdensome, and need not agree to requests for which Plaintiffs cannot demonstrate a need that cannot be reasonably met through alternative means.  In the event they cannot agree, such disputes shall be resolved by the Mediator, whose decisions shall be binding on the Parties.

Compliance Measures

17.     The Parties have met and conferred regarding the elements of an effective antitrust compliance program that encompasses trading in GSE Bonds, and have discussed the following principles designed to detect and prevent anticompetitive conduct.  While the below is not intended to suggest how any particular antitrust compliance program must be structured or implemented, these principles are important criteria for an effective multi-factor approach to preventing and detecting anticompetitive conduct in the GSE Bond market.

      a.     Rigorous training:  Employees and management should be trained to understand their antitrust compliance obligations, including with respect to the GSE Bond market.  This training should occur periodically and focus on antitrust issues applicable to the business.

      b.     Culture of compliance:  Antitrust compliance should be supported from the top down, with the organization promoting a culture that encourages ethical conduct and a commitment to compliance with the law.  Senior management should communicate

the importance of antitrust compliance periodically and take responsibility for
implementing the policies and procedures communicated during training.

      c.    <u>Strong oversight</u>:  Compliance with the organization's relevant policies,
procedures, and controls should be tested through periodic review, monitoring, or
auditing of employee communications (e.g., Instant Bloomberg chats, emails, voice) and
employee participation in external organizations (e.g., trade associations) and
conferences.

      d.    <u>Dedicated resources</u>:  Antitrust compliance should be the focus of
responsible attorneys and/or compliance professionals who are appropriately experienced
and/or trained about potential antitrust concerns relating to GSE Bonds.  These
professionals should encourage employees and managers to seek guidance about
potentially illegal conduct and report suspected violations through an escalation process.

      e.    <u>Gap assessment</u>:  A gap assessment should be conducted periodically by
internal and/or external professionals to ensure that each of the Settling Defendants'
compliance program with respect to antitrust issues in the GSE Bond market is consistent
with industry best practice of comparable institutions.

18.    Each Settling Defendant that maintains a GSE Bonds desk as of the date of this
agreement ("Active Settling Defendant") represents that it currently maintains (or will implement)
an antitrust compliance program generally incorporating the principles outlined in paragraph 17.

19.    Each Active Settling Defendant further agrees that it will maintain a substantially
similar antitrust compliance program that is reasonably designed to detect and prevent
anticompetitive conduct so long as each such Active Settling Defendant is engaged in GSE Bond

Transactions. Each Active Settling Defendant agrees that for twenty-four (24) months following the final approval of the Settlement, such Active Settling Defendant will, on a semi-annual basis:

  a.  confirm to Plaintiffs and a representative of Pennsylvania Treasury that such Active Settling Defendant continues to maintain an antitrust compliance program that is reasonably designed to detect and prevent anticompetitive conduct in the GSE Bond market; and

  b.  confer with Plaintiffs to consider and evaluate antitrust compliance program best practices in the GSE Bond market.

  20.  Pennsylvania Treasury shall, following a competitive bidding process, select and engage a well-qualified consultant or consultants, based on a list of at least eight (8) consultants provided by the Active Settling Defendants within thirty (30) days of preliminary approval of the Settlement and approved by the Mediator to ensure adequacy of qualifications and independence of control, to assist as its "representative" as set forth in ¶19(a) of this Stipulation in connection with the activities described in ¶19(a) and (b).  After selection of the consultant or consultants, Pennsylvania Treasury, in consultation with Settling Defendants, shall submit a proposed budget subject to approval by the Court. The Settling Defendants shall not oppose an application to the Court to have the reasonable costs of such consultant or consultants to be paid out of the Settlement Fund.  In Plaintiffs' motion(s) for a Class Distribution Order, or at minimum annually, Plaintiffs shall provide the Court with an accounting and explanation of all expenses incurred pursuant to this paragraph.

  21.  In addition, each Active Settling Defendant agrees that it has reviewed the principles set forth in a "Financial Institution Compliance Program", attached as Exhibit C, which the Pennsylvania Treasury has developed in connection with this Action and considers to be best

practices, and each Active Settling Defendant will evaluate and consider them in good faith with respect to its own antitrust compliance program (without modifying or affecting any other obligation under this Agreement or creating any obligation for an Active Settling Defendant to actually modify or adjust its antitrust compliance program as a result of such review and consideration of Exhibit C).

22.     To the extent any Settling Defendant no longer maintains a GSE Bonds desk ("Non-Active Settling Defendant"), ¶¶17-21 shall not apply except that each such Non-Active Settling Defendant agrees that if it reestablishes a GSE Bonds desk in the 24 months following the final approval of the Settlement, such Non-Active Settling Defendant shall establish compliance protocols intended to satisfy the U.S. Department of Justice, Antitrust Division's Evaluation of Corporate Compliance Programs in Criminal Antitrust Investigations, dated July 2019.

## USE OF THE SETTLEMENT FUND

23.     The Settlement Fund shall be used to pay:  (i) any Taxes; (ii) any Notice and Administrative Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (v) any service awards to Plaintiffs awarded by the Court; and (vi) any other costs, fees, or expenses approved by the Court (including as referenced in ¶20 above).  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 31-44.

24.     Except as provided herein or pursuant to orders of the Court, the Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments backed by the full faith and credit of the U.S. Government or fully

insured by the U.S. Government or any agency thereof, including a U.S. Treasury Fund or a bank account that is either fully insured by the Federal Deposit Insurance Corporation or secured by instruments backed by the full faith and credit of the United States Government, and shall collect and reinvest all interest accrued thereon in similar instruments at their then-current market rates. Neither the Parties nor their counsel shall have any responsibility or liability for the losses suffered by, or fluctuations in value of, the Settlement Fund.

25.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and not to take any tax position that is inconsistent therewith.  It is further agreed that Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B- 2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund.  Co-Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Settling Defendants and the other Released Parties shall not have any liability or responsibility for any such Taxes.  Upon written request, the Settling Defendants shall provide to Co-Lead Counsel the statement described in Treasury Regulation §1.468B-3(e).  Co-Lead Counsel shall cause the administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3) to timely make such elections as are necessary or advisable to carry out this Paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

23

26.     All Taxes shall be treated as, and considered to be, a cost of administration of the Settlement Fund paid out of the Settlement Fund and shall be timely paid by the Escrow Agent, pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior order of the Court.  The Escrow Agent shall be obligated to withhold from distribution to Authorized Claimants any funds necessary for the payment of Taxes, including the establishment of authorized reserves and amounts required to be withheld under Treasury Regulation §1.468B-2(l)(2).  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous Paragraph and in all events shall reflect that all Taxes (including estimated taxes, interest or penalties) on the interest and income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein, including any Taxes or penalties imposed on the Settlement Fund for any period during which the Settlement Fund does not qualify as a Qualified Settlement Fund for federal or state tax purposes.  The Settling Defendants and the other Released Parties shall have no responsibility or liability for the acts or omissions of Co-Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

27.     This is not a claims-made settlement.  Except as provided for in ¶46 and ¶54, upon the occurrence of the Effective Date of the Settlement, neither the Settling Defendants nor any of the other Released Parties, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

28.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, and subject to approval from the Court, Co-Lead Counsel may pay from the Settlement Fund, without further approval from the Settling Defendants, all Notice and Administration Costs incurred and paid or payable in connection with the Settlement.  Subject to proration in ¶33, in the event that the Settlement is terminated pursuant to the terms of this Stipulation, Notice and Administration Costs incurred and paid or payable up to the sum of $250,000 shall not be returned or repaid to the Settling Defendants, any of the other Released Parties, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

29.     Co-Lead Counsel will apply to the Court for an award of attorneys' fees to be paid solely from (and out of) the Settlement Fund.  Co-Lead Counsel will also apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund.  Co-Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between the Parties other than as expressly provided in this Stipulation.

30.     Following entry of an order by the Court granting final approval to the material terms of the Settlement (and even if such order is subject to appeal), fifty percent (50%) of the attorneys' fees and one hundred percent (100%) of the Litigation Expenses, as awarded by the Court, shall be paid to Co-Lead Counsel from the Escrow Account, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's several obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms

of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Each law firm that serves as counsel to Plaintiffs, as a condition of receiving such fees and Litigation Expenses, on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this Paragraph.  Co-Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after:  (i) receiving from the Settling Defendants' Counsel notice of termination of the Settlement; or (ii) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  The remaining fifty percent (50%) of the awarded attorneys' fees shall be paid to Co-Lead Counsel from the Escrow Account when distribution of the proceeds to Authorized Claimants has been very substantially completed.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Plaintiffs nor Co-Lead Counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

## NOTICE AND SETTLEMENT ADMINISTRATION

31.     As part of the Preliminary Approval Order, Plaintiffs shall seek the appointment of A.B. Data as the Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court.  Neither the Settling Defendants, nor any of the other Released Parties, shall have any involvement or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Distribution (or such other plan of distribution as the Court approves), the administration

26

of the Settlement, the Claims process, or distribution of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including but not limited to, Plaintiffs, any other Settlement Class Members, or Co-Lead Counsel in connection with the foregoing. The Settling Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

32.   Following entry by the Court of the Preliminary Approval Order, Co-Lead Counsel shall cause the Claims Administrator (i) to mail the Notice to those members of the Settlement Class who or which can be identified through reasonable effort and (ii) to have the Publication Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

33.   Because Plaintiffs have previously reached settlements with other Defendants in the Action (and may reach additional settlements), Co-Lead Counsel, to the extent practicable, shall provide a single notice to the Settlement Class that combines notice of this Stipulation with other pending settlements. If a single notice to the Settlement Class combines notice of this Stipulation with other settlements, and Notice and Administration Costs incurred and paid or payable up to the sum of $250,000 become returnable or repayable to the Settling Defendants and to such other Defendants, the Escrow Agent shall make *pro rata* disbursements from the Settlement Fund and the settlement funds created by the other settlements for purposes of returning or repaying such Notice and Administration Costs calculated based on the Settlement Amount paid by the Settling Defendants and each such other Defendant.

34.   Pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* ("CAFA"), no later than ten (10) days after the Stipulation is filed with the Court, the Settling Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such

27

notice pursuant to CAFA.  No later than seven (7) days before the Settlement Hearing, the Settling Defendants shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

35.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's share of the Net Settlement Fund based on each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Distribution set forth in the Notice attached as Exhibit 1 to Exhibit A hereto, or in such other plan of distribution as the Court approves).

36.    The Plan of Distribution proposed in the Notice is not a necessary term of the Settlement or this Stipulation, and it is not a condition of the Settlement or this Stipulation that any particular plan of distribution be approved by the Court.  Plaintiffs and Co-Lead Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Distribution or any other plan of distribution in this Action.  The Settling Defendants and the other Released Parties shall not object in any way to the Plan of Distribution or any other plan of distribution in the Action, and have no responsibility therefor.

37.    Any Settlement Class Member who or which fails to timely submit a valid Claim Form will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Settling Defendants or any

of the other Released Parties with respect to the Settled Claims in the event that the Effective Date occurs with respect to the Settlement.

38.     Co-Lead Counsel shall be solely responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund subject to Court approval.  Neither the Settling Defendants nor any other of the Released Parties shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.

39.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Claimant shall be required to electronically submit a Claim Form, substantially in the form attached as Exhibit 2 to Exhibit A hereto, supported by such documents as are designated therein, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may require;

b.     All Claim Forms must be submitted by the date set by the Preliminary Approval Order and specified in the Notice, unless such period is extended by order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later submitted Claim Form by such Settlement Class Member is approved), but shall in all other respects be bound by all terms of this Stipulation and Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Settling Defendants or any of the other Released Parties with respect to any Settled Claim.  Claim Forms shall be deemed to have been

submitted when actually received by the Claims Administrator.  Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the proceeds of the Settlement Fund or Net Settlement Fund is not materially delayed;

          c.      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, which shall determine in accordance with this Stipulation and the plan of distribution and under the supervision of Co-Lead Counsel, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to Subparagraph (e) below;

          d.      Claim Forms that do not meet the submission requirements may be rejected. Prior to the rejection of a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing in order to afford the Claimant the opportunity to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under the supervision of Co-Lead Counsel, shall notify, in writing, any Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Claimant whose Claim is to be rejected in whole or in part has the right to a review by the Court if such Claimant so desires and if such Claimant complies with the requirements of Subparagraph (e) below.  Co-Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interest of achieving substantial justice; and

          e.      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of disseminating the notice required in Subparagraph (d) above, serve on the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any

supporting documentation, and requesting a review thereof by the Court.  If the dispute concerning the claim cannot otherwise be resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

40.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of the Action or of the Settlement in connection with the processing of the Claim Forms.

41.    Co-Lead Counsel will apply to the Court for a Class Distribution Order:  (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

42.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court shall be barred from participation in the distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Settling Defendants or any of the other Released Parties with respect to any and all of the Settled Claims.

43.     No person or entity shall have any claim against Plaintiffs, Co-Lead Counsel, the Claims Administrator, any other agent designated by Co-Lead Counsel, the Settling Defendants, any other of the Released Parties, and/or any of their respective counsel, arising from distributions made substantially in accordance with this Stipulation, the plan of distribution approved by the Court, or any order of the Court.  Plaintiffs, the Settling Defendants, the other Released Parties, and/or any of their respective counsel shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of distribution approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

44.     All proceedings with respect to the administration, processing, and determination of Claims, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

45.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and the Settling Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## TERMINATION OF THE SETTLEMENT

46.     Plaintiffs, provided they unanimously agree, and the Settling Defendants, if they agree, shall each have the unilateral right to terminate the Settlement and this Stipulation by a

Termination Notice to the other Parties to this Stipulation within thirty (30) days of: (i) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final refusal to approve the Settlement or any material part thereof; (iii) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (iv) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (v) the date upon which an Alternate Judgment is modified or reversed in any material way by the United States Court of Appeals for the Second Circuit or the United States Supreme Court.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses from the Settlement Fund or with respect to any service awards to Plaintiffs from the Settlement Fund or any plan of distribution shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

47.     Simultaneously herewith, Plaintiffs, by and through Co-Lead Counsel, and the Settling Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at the collective sole discretion of the Settling Defendants if potential Class Members who meet certain criteria exclude themselves from the Settlement Class.  The Supplemental Agreement shall not be filed with the Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, in camera, if so requested by the Court or as otherwise ordered by the Court.  The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.  In the event of a withdrawal from this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no

further force and effect.   In the event the Settlement and this Stipulation are terminated, the provisions of ¶¶28, 30, 53, 54, and 55 shall survive termination.   Notwithstanding the foregoing, this Stipulation shall not become null and void as a result of the election by the Settling Defendants to exercise their collective option to withdraw from the Settlement pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

48.    The Parties shall have the right but not the obligation to subpoena from each putative member of the Settlement Class who or which submits a request for exclusion to obtain documents that are pertinent to the procedures set out in the Supplemental Agreement.

49.    The Parties, Co-Lead Counsel, Released Parties, and the Settling Defendants' Counsel agree that they will make no effort to solicit or otherwise encourage potential Settlement Class Members to exclude themselves from the Settlement.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

50.    The Effective Date of the Settlement shall be deemed to occur on the first business day following the occurrence or waiver of all of the following events:

a.    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶2;

b.    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶13;

c.    The Settling Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

d.    Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

34

e.      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Federal Rule of Civil Procedure 23, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

51.    Upon the occurrence of all of the events referenced in ¶50, any and all remaining interest or right of the Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

52.    Unless otherwise ordered by the Court, in the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action, and nothing in this Stipulation shall constitute or be deemed an admission, concession, or presumption with respect to any fact or allegation.

53.    If (i) the Settling Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a.      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

b.      The Parties shall revert to their respective positions in the Action as of December 8, 2019.

c.      The terms and provisions of this Stipulation, with the exception of this Paragraph and ¶¶28, 30, 54, and 55, shall have no further force and effect with respect to the Parties

35

and shall not be used in the Action or in any other proceedings for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

54.   Within five (5) days after joint written notification of termination is sent to the Escrow Agent by the Settling Defendants' Counsel and Co-Lead Counsel, the Settlement Fund, less any Notice and Administration Costs paid or reasonably incurred pursuant to ¶28, and subject to proration in ¶33, up to the sum of $250,000, and less any Taxes paid or reasonably incurred, shall be refunded by the Escrow Agent to the Settling Defendants (or such other persons or entities as the Settling Defendants may direct).   At the written direction of the Settling Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and shall pay the proceeds to the Settling Defendants.   In the event that the funds received by Co-Lead Counsel consistent with ¶29 have not been refunded to the Settlement Fund within five (5) days specified in this Paragraph, those funds shall be refunded by the Escrow Agent to the Settling Defendants (or such other persons or entities as the Settling Defendants may direct) immediately upon their deposit into the Escrow Account, consistent with ¶29.

## NO ADMISSION OF WRONGDOING

55.   This Stipulation (whether or not consummated) and any exhibits made a part hereof and the Plan of Distribution contained herein (or any other plan of distribution that may be approved by the Court); the negotiations leading to the execution of the Stipulation; nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any argument proffered in connection therewith) shall not:

   a.      be offered against the Settling Defendants or any of the other Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Settling Defendants or any of the other Released Parties with respect to the

36

truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of the Settling Defendants or any of the other Released Parties or in any way referred to for any other reason as against the Settling Defendants or any of the other Released Parties, in any civil, criminal, or administrative action or proceedings, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

        b.     be offered against any of the Settling Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Plaintiff Parties that any of their claims are without merit, that the Settling Defendants or any of the other Released Parties had meritorious defenses or that damages recoverable under the Third Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Plaintiff Parties in any civil, criminal, or administrative action or proceedings, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

        c.     be construed against the Settling Defendants, any of the other Released Parties, Plaintiffs, or any of the other Settling Plaintiff Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, any of the other Released Parties, Plaintiffs, any of the other Settling Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

56.     Each of the Parties recognizes and acknowledges that the Action has been initiated, filed, and prosecuted by Co-Lead Counsel in good faith and defended by the Settling Defendants in good faith, that the Action is being voluntarily settled with all Parties having received the benefit of advice of their respective counsel, and that the terms of the Settlement are fair, reasonable, and adequate.

## MISCELLANEOUS PROVISIONS

57.     All of the exhibits made a part of this Stipulation are hereby incorporated by reference as though fully set forth herein.   Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit made a part hereof, the terms of the Stipulation shall prevail.

58.     The Parties intend this Stipulation to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiffs and any other Settlement Class Members against the Settling Defendants and the other Released Parties with respect to the Settled Claims.   Accordingly, Plaintiffs and their counsel and the Settling Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.   No Party shall assert any claims of any violation of Federal Rule of Civil Procedure 11 relating to the institution, prosecution, defense, or settlement of this Action.   The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Hon. Layn R. Phillips, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

59.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and the Settling Defendants (or their successors-in-interest).

60.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

61.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Co-Lead Counsel, and enforcing the terms of this Stipulation, including the Plan of Distribution (or such other plan of distribution as may be approved by the Court) and the distribution of the Net Settlement Fund to eligible Settlement Class Members.

62.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

63.     This Stipulation, any exhibits made a part hereof, and the Supplemental Agreement constitute the entire agreement among Plaintiffs and the Settling Defendants concerning the Settlement.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto other than those contained and memorialized in such documents.

64.     This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument, even though all signatories do not sign the same counterparts.  Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

65.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Released Parties and Settling Plaintiff Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

66.    The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

67.    Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

68.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

69.    All counsel and any other person executing this Stipulation, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be take pursuant to the Stipulation to effectuate its terms.

70.    Co-Lead Counsel and the Settling Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

71.     Any notice or materials to be provided to Plaintiffs or Co-Lead Counsel pursuant to or relating to this Stipulation shall be sent to Christopher M. Burke and Vincent Briganti at the email and physical addresses listed below, and any notice or materials to be provided to the Settling Defendants or the Settling Defendants' Counsel to or relating to this Stipulation shall be sent to the following individuals at the following email and physical addresses:

Adam S. Hakki
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
adam.hakki@shearman.com

David Lesser
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
david.lesser@wilmerhale.com

Lev L. Dassin
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
ldassin@cgsh.com

Herbert S. Washer
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
hwasher@cahill.com

Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
BMiller@mayerbrown.com

Boris Bershteyn
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036

41

boris.bershteyn@skadden.com

John E. Schmidtlein
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
JSchmidtlein@wc.com

Susanna M. Buergel
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
sbuergel@paulweiss.com

Matthew S. Hellman
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Suite 900, Washington, DC 20001-4412
MHellman@jenner.com

Fiona A. Schaeffer
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
fschaeffer@milbank.com

James H.R. Windels
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
james.windels@davispolk.com

D. Jarrett Arp
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
jarp@gibsondunn.com

72.    Except as otherwise provided herein, each Party shall bear its own costs.

73.    All agreements made and orders entered during the course of this Action relating to

the confidentiality of information shall survive this Settlement.

No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in his regard made by virtue of this Stipulation.  Each Settlement Class Member's tax obligation, and the determination thereof, are the sole responsibility of the Settlement Class Members, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed by their duly authorized attorneys as of December 15, 2019.

**On behalf of Plaintiffs and the Settlement Class:**

_____
Christopher M. Burke
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone:  (619) 233-4565
Facsimile:  (619) 233-0508
cburke@scott-scott.com

_____
Vincent Briganti
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone:  (914) 733-7221
Facsimile:  (914) 997-0035
vbriganti@lowey.com

No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in his regard made by virtue of this Stipulation.  Each Settlement Class Member's tax obligation, and the determination thereof, are the sole responsibility of the Settlement Class Members, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed by their duly authorized attorneys as of December 15, 2019.


**On behalf of Plaintiffs and the Settlement Class:**


_____
Christopher M. Burke
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone:  (619) 233-4565
Facsimile:  (619) 233-0508
cburke@scott-scott.com

_____
Vincent Briganti
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone:  (914) 733-7221
Facsimile:  (914) 997-0035
vbriganti@lowey.com

**On behalf of the Settling Defendants:**

Adam S. Hakki
Agnès Dunogué
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 848-4000
Facsimile:  (646) 848-7179
adam.hakki@shearman.com
agnes.dunogue@shearman.com

John F. Cove, Jr.
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, California 94105-3225
Telephone: (415) 616-1100
Facsimile: (415) 616-1339
john.cove@shearman.com

*Attorneys for BNP Paribas Securities Corp.*

David Lesser
WILMER CUTLER PICKERING HALE
  AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888
david.lesser@wilmerhale.com

Heather Nyong'o
WILMER CUTLER PICKERING HALE
  AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1007
Facsimile: (628) 235-1001
heather.nyong'o@wilmerhale.com

*Attorneys for Cantor Fitzgerald & Co.*

Lev L. Dassin
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
ldassin@cgsh.com
aweaver@cgsh.com

Ken Reinker
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1743
kreinker@cgsh.com

***Attorneys for Citigroup Global Markets Inc.***

*Herbert S. Washer /PJL*

David G. Januszewski
Herbert S. Washer
Jonathan D. Thier
Peter J. Linken
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
djanuszewski@cahill.com
hwasher@cahill.com
jthier@cahill.com
plinken@cahill.com

*Attorneys for Credit Suisse Securities (USA) LLC*



Daniel L. Stein
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY  10020-1001
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
dstein@mayerbrown.com

Andrew S. Marovitz
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois  60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
amarovitz@mayerbrown.com
bmiller@mayerbrown.com

***Attorneys for HSBC Securities (USA) Inc.***

_____

Boris Bershteyn
Lara A. Flath
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

Gretchen M. Wolf
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL  60606
Telephone:  (312) 407-0700
Facsimile:  (312) 407-0411
gretchen.wolf@skadden.com

*Attorneys for J.P. Morgan Securities LLC*

John E. Schmidtlein
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone:  (202) 434-5901
Facsimile:  (202) 434-5029
jschmidtlein@wc.com

*Attorneys for Merrill Lynch, Pierce, Fenner & Smith Inc.*

50

Brad S. Karp
Richard A. Rosen
Susanna Michele Buergel
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 373-2384
bkarp@paulweiss.com
rrosen@paulweiss.com
sbuergel@paulweiss.com

Jane Baek O'Brien
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
jobrien@paulweiss.com

*Attorneys for Morgan Stanley & Co. LLC*

Brian J. Fischer
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Telephone: (212) 891-1629
Facsimile: (212) 891-1699
bfischer@jenner.com

Matthew S. Hellman
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001-4412
Telephone: (202) 639-6861
Facsimile: (202) 661-4983
mhellman@jenner.com

**Attorneys for Nomura Securities International, Inc.**

George S. Canellos
Sean M. Murphy
Fiona A. Schaeffer
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
gcanellos@milbank.com
smurphy@milbank.com
fschaeffer@milbank.com

*Attorneys for SG Americas Securities, LLC*

James H.R. Windels
Brian M. Burnovski
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
james.windels@davispolk.com
brian.burnovski@davispolk.com

*Attorneys for TD Securities (USA) LLC*

54

D. Jarrett Arp
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
jarp@gibsondunn.com

Jefferson E. Bell
Alison L. Wollin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035
jbell@gibsondunn.com
awollin@gibsondunn.com

*Attorneys for UBS Securities LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** | Case No. 1:19-cv-01704 (JSR)<br><br>**Exhibit A** |

**PROPOSED PRELIMINARY APPROVAL ORDER**

WHEREAS, plaintiffs Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds; City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan ("Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and defendants BNP Paribas Securities Corp. ("BNP Paribas"); Cantor Fitzgerald & Co. ("Cantor Fitzgerald"); Citigroup Global Markets Inc. ("CGMI"); Credit Suisse Securities (USA) LLC ("Credit Suisse"); HSBC Securities (USA) Inc. ("HSBC"); J. P. Morgan Securities LLC ("J. P. Morgan"); Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"); Morgan Stanley & Co., LLC ("Morgan Stanley"); Nomura Securities International, Inc. ("Nomura"); SG Americas Securities LLC ("SG Americas"); TD Securities (USA) LLC ("TD Securities"); and UBS Securities LLC ("UBS") (collectively, the "Group Settling Defendants") have determined to settle all claims asserted against the Group Settling Defendants and their predecessors, successors, assigns, subsidiaries, and affiliates, in this Action with prejudice on the terms and conditions set forth in the  Stipulation and Agreement of Settlement with BNP Paribas, Cantor Fitzgerald, CGMI, Credit Suisse, HSBC, J. P. Morgan, Merrill Lynch, Morgan Stanley, Nomura, SG Americas, TD Securities, and UBS dated December XX, 2019  (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made applications, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and approving notice of the Settlement to the Settlement Class as more fully described herein;

WHEREAS, the Court has considered: (i) Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Preliminary Approval of the Settlement** – Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the court will likely be able to (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and "direct[s] notice in a reasonable manner to all class members who would be bound by the proposal[s]," as described below.  Fed. R. Civ. P. 23(e)(1)(B); *id*. at (i)-(ii).

2.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____ at _____ at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, Courtroom 14B, for the following purposes: (i) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (ii) to determine whether the Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with

prejudice against the Group Settling Defendants; (iii) to determine whether the proposed Plan of Distribution for the proceeds of the Settlement is fair and reasonable and should be approved; (iv) to determine whether the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in ¶4 of this Order.

3.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as are agreed to, if appropriate, without further notice to the Settlement Class.

4.     **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to disseminate notice to the Settlement Class, process Claims, and administer the Settlement, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)     Commencing not later than 10 business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form (together, the "Notice Packet"), substantially in the forms attached as Exhibits A-1 and A-2 to the Stipulation respectively, to be mailed to the members of the Settlement Class who can be identified through reasonable effort;

(b)     Contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the website developed for this Action, www.GSEBondAntitrustSettlement.com, from which copies of the Notice and Claim Form can be downloaded;

(c)     As soon as practicable after the mailing of the Notice Packet, the Claims Administrator shall cause the Publication Notice, substantially in the form attached as Exhibit A-3 to the Stipulation, to be published, at minimum, once each in *The Wall Street Journal*, *The New York Times*, *The Financial Times*, and *The Bond Buyer* and to be transmitted once over the *PR Newswire*, as well as implement purchased banner ads on Zacks.com and Barchart.com; and

(d)     Prior to the Settlement Hearing, Co-Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.     **<u>Approval of Form and Content of Notice</u>** – The Court: (i) approves, as to form and content, the Notice, the Claim Form, and the Publication Notice, substantially in the forms attached as Exhibits A-1, A-2, and A-3 to the Stipulation respectively; and (ii) finds that the mailing and distribution of the Notice, posting of the Notice and Claim Form on the Settlement Website, and the publication of the Publication Notice in the manner and form set forth in ¶4 of this Order (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the proposed Settlement (including the Releases to be provided thereunder); of the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs; of their right to object to the Settlement, Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs; and of their right to appear at the Settlement Hearing; (c) constitutes due, adequate,

and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice before it is mailed and Publication Notice before it is published.

6.      **Nominee Procedures** – Co-Lead Counsel and the Claims Administrator shall use reasonable efforts to give notice to nominee owners, such as brokerage firms and other persons or entities who or which transacted for the beneficial interest of persons or organizations other than themselves ("Nominees"), but not as beneficial owners.  Nominees shall be requested to either: (i) within seven (7) days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices, forward them to all such beneficial owners; or (ii) within seven (7) days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator for prompt distribution.

(a)      For Nominees who chose the first option (*i.e.*, elect to mail the Notice Packets directly to beneficial owners), the Claims Administrator shall forward the same number of Notice Packets to such Nominees, and request that the Nominees, within seven (7) calendar days of receipt of the Notice Packets, mail the Notice Packets to their beneficial owners;

(b)      For Nominees who chose the second option (*i.e.*, provide a list of names and addresses of beneficial owners to the Claims Administrator), the Claims Administrator shall promptly mail a copy of the Notice Packet to each of the beneficial owners whose names and addresses the Nominee supplied, provided the Claims Administrator did not previously mail Notice to such beneficial owners;

5

(c)     Upon full and timely compliance with this Order, Nominees who mail the Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

7.      **CAFA Notice** – As provided in the Stipulation, pursuant to the Class Action Fairness Act, 28 U.S.C. §§1715 *et seq*. ("CAFA"), no later than ten (10) days following the filing of the Stipulation with the Court, the Group Settling Defendants, at their own cost, shall serve proper notice of their proposed Settlement upon those who are entitled to such notice pursuant to CAFA.   No later than seven (7) days before the Settlement Hearing, the Group Settling Defendants shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

8.      **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted within 84 days after the Notice Date.   Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the proceeds of the Settlement Fund or Net Settlement Fund is not materially delayed.   By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.      Each Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must include any supporting documentation, as is deemed adequate by Co-Lead Counsel or the Claims Administrator, for the transactions reported therein; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Notwithstanding the foregoing, Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interest of achieving substantial justice.

10.     Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (i) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (ii) shall be forever barred from participating in any distributions therefrom; (iii) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (iv) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against each and all of the Released Parties, as more fully described in the Stipulation and Notice.

11.    **Exclusion from the Settlement Class** – Any member of the Settlement Class who or which wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing and in the manner set forth in the Notice, which shall provide that: (i) any such request for exclusion from the Settlement Class must be mailed or delivered, such that it is received by the Claims Administrator at GSE Bond Antitrust Settlement Exclusions c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217 within 64 days after the Notice Date; and (ii) each such request must: (a) state the name, address, and telephone number of the person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity requests to be excluded from the Settlement Class in the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)) with regard to the Group Settling Defendants Settlement; (c) provide documents sufficient to prove membership in the Settlement Class; and (d) be signed by such person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative. The request for exclusion shall be invalid and have no legal or binding force or effect unless it provides the required information and is made within the time stated above, or the request for exclusion is otherwise accepted by the Court.

12.    Any person or entity who or which requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which has not requested exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his,

her, or its own choice, by filing with the Clerk of Court a notice of appearance, and serving copies of such notice of appearance on Co-Lead Counsel and the Group Settling Defendants' Counsel at the addresses set forth in ¶14 of this Order, such that they are received within 64 days after the Notice Date, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

14.     Any Settlement Class Member may file a written objection to the proposed Settlement, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs and appear and show cause, if he, she, or it has any cause, why any of the foregoing should not be approved; ***provided, however***, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs, unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Group Settling Defendants' Counsel at the addresses set forth below such that they are received within 64 days after the Notice Date, or as the Court may otherwise direct.

## Co-Lead Counsel

Scott+Scott Attorneys at Law LLP
Attn:  Christopher M. Burke
600 W. Broadway
Suite 3300
San Diego, CA  92101
cburke@scott-scott.com

Lowey Dannenberg, P.C.
Attn:  Vincent Briganti
44 South Broadway
Suite 1100
White Plains, NY  10601
vbriganti@lowey.com

## Group Settling Defendants' Counsel

Adam Hakki
SHEARMAN& STERLING LLP

599 Lexington Ave.
New York, NY 10022
adam.hakki@shearman.com

David Lesser
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
david.lesser@wilmerhale.com

Lev L. Dassin
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
ldassin@cgsh.com

Herbert S. Washer
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
hwasher@cahill.com

Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
bmiller@mayerbrown.com

Boris Bershteyn
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
boris.bershteyn@skadden.com

John E. Schmidtlein
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
jschmidtlein@wc.com

Susanna M. Buergel
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON, LLP
1285 Avenue of the Americas

New York, NY 10019-6064
sbuergel@paulweiss.com

Matthew S. Hellman
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Suite 900, Washington, DC 20001-4412
mhellman@jenner.com

Fiona A. Schaeffer
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
fschaeffer@milbank.com

James H.R. Windels
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
james.windels@davispolk.com

D. Jarrett Arp
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
jarp@gibsondunn.com

15.     Any objections, filings, or other submissions by the objecting Settlement Class

Member must: (i) state the name, address, and telephone number of the person or entity objecting

and must be signed by the Settlement Class Member (an attorney's signature is not sufficient);

(ii) state the name of the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-

01704-JSR (S.D.N.Y.)) and the settlement(s) to which the objection applies; (iii) contain a

statement of the Settlement Class Member's objection or objections, and the specific reasons for

each objection, including any legal and evidentiary support the Settlement Class Member wishes

to bring to the Court's attention; (iv) state whether the objection applies only to the Settlement

Class Member, a specific subset of the Settlement Class, or the entire Settlement Class; and (v)

include documents sufficient to prove the Settlement Class Member's membership in the Settlement Class.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must also include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, proposed Plan of Distribution, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of any of the foregoing from otherwise being heard concerning any of the foregoing in this or any other proceeding.

17.     **Notice and Administration Costs** – All reasonable Notice and Administration Costs up to $250,000 shall be paid as set forth in the Stipulation without further order of the Court.  Any Notice and Administration Costs in excess of $250,000 may be paid from the Settlement Fund only with the approval of the Court.

18.     **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.     **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the

Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the Group Settling Defendants, and the Parties shall revert to their respective positions in the Action as of December 2, 2019, as provided in the Stipulation.

21.    **Use of This Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Distribution contained therein (or any other plan of Distribution that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (i) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted, in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of

the Stipulation; (ii) shall be offered against any of the Settling Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Plaintiff Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the operative complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Settling Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (iii) shall be construed against any of the Released Parties or Settling Plaintiff Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; ***provided***, ***however***, that if the Stipulation is approved by the Court, the Parties, the Released Parties, the Settling Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

22.    All proceedings in the Action with respect to Released Parties are stayed until further order of the Court, except as may be necessary to implement the Settlement set forth in the Stipulation or comply with the terms thereof.  Pending final determination of whether the Settlement set forth in the Stipulation should be approved, each Plaintiff and each Settlement Class Member, either directly, representatively, or in any other capacity, is enjoined from prosecuting in any forum any Settled Claim or assisting any third party in commencing or maintaining any suit against any Released Parties related in any way to any Settled Claim.

23.    **Supporting Papers** – Co-Lead Counsel shall file the opening papers in support of final approval of the proposed Settlement, the Plan of Distribution, and the application for an

award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs no later than 54 days after the Notice Date; and reply papers, if any, shall be filed no later than 94 days after the Notice Date.

24.     **<u>Summary of Deadlines</u>** – The Settlement, as preliminarily approved in this Order, shall be administered according to their terms pending the Settlement Hearing.  Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

- Notice:  to commence not later than 10 business days after entry of this Order ("Notice Date");

- Application for attorneys' fees and Litigation Expenses ("Fee Application"):  to be filed 54 days after the Notice Date;

- Motion for Final Approval of the Settlement ("Final Approval Motion"):  to be filed 54 days after the Notice Date;

- Objection Deadline:  64 days after the Notice Date;

- Opt-Out Deadline:  64 days after the Notice Date;

- Claims Deadline:  84 days after the Notice Date;

- Replies in Support of Final Approval and Fee Motion:  to be filed 94 days after the Notice Date; and

- Settlement Hearing:  _____ at _____.

25.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED.

_____
HON. JED S. RAKOFF
United States District Judge

DATED:       New York, NY

_____

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** | Case No. 1:19-cv-01704 (JSR)<br><br>**Exhibit A-1** |

### NOTICE OF PENDENCY OF CLASS ACTION, HEARING ON ADDITIONAL PROPOSED SETTLEMENTS AND ATTORNEYS' FEES PETITION, AND RIGHT TO SHARE IN NET SETTLEMENT FUND

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. A UNITED STATES FEDERAL COURT AUTHORIZED THIS NOTICE. YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THIS ACTION. THIS NOTICE ADVISES YOU OF YOUR RIGHTS AND OPTIONS WITH RESPECT TO THIS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE PROCEEDS OF THE SETTLEMENTS. TO CLAIM YOUR SHARE OF THE SETTLEMENTS, YOU MUST ELECTRONICALLY SUBMIT YOUR CLAIM ON OR BEFORE [DATE].**

To: All persons and entities who or which entered into a GSE Bond Transaction with one or more Defendants or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant during the Settlement Class Period (January 1, 2009 through and including January 1, 2019).

"GSE Bond Transaction" means any purchase, sale, or other transaction in the secondary market with respect to any GSE Bond. "GSE Bond" means any and each unsecured bond or debt instrument (*i.e.*, senior debt, subordinated debt, and junior subordinated debt) regardless of currency or credit quality, issued by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Federal Farm Credit Banks, and Federal Home Loan Banks.

The capitalized terms in these paragraphs, as well as other capitalized terms, are explained or defined below or in the Stipulations.

**This Notice of Pendency of Class Action, Hearing on Additional Proposed Settlement and Attorneys' Fees Petition, and Right to Share in Net Settlement Fund ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). It is not junk mail, an advertisement, or a solicitation from a lawyer. You have not been sued.**

The purpose of this Notice is to inform you of _**new and additional**_ proposed settlements in this Action (the "Settlements") with the following "Newly-Settling Defendants":

1. Barclays Capital Inc. ("Barclays");

2. BNP Paribas Securities Corp. ("BNP Paribas");

3. Cantor Fitzgerald & Co. ("Cantor Fitzgerald");

4.  Citigroup Global Markets Inc. ("CGMI");

5.  Credit Suisse Securities (USA) LLC ("Credit Suisse");

6.  HSBC Securities (USA) Inc. ("HSBC");

7.  J. P. Morgan Securities LLC ("J. P. Morgan");

8.  Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch");

9.  Morgan Stanley & Co., LLC ("Morgan Stanley");

10. Nomura Securities International, Inc. ("Nomura");

11. SG Americas Securities LLC ("SG Americas");

12. TD Securities (USA) LLC ("TD Securities"); and

13. UBS Securities LLC ("UBS").

Earlier settlements recovering a combined total of $49.5 million were reached with Deutsche Bank Securities Inc. ("Deutsche Bank"), First Tennessee Bank, N.A. and FTN Financial Securities Corp. (together, "FTN"), and Goldman Sachs & Co. LLC ("Goldman Sachs"). Those settlements (the "Previous Settlements") have been preliminarily approved by the Court on October 29, 2019 and December 12, 2019, and separate Notices dated October 29, 2019 and December 12, 2019 have been sent to potential members of the Settlement Class. Check the Settlement Website at www.GSEBondAntitrustSettlement.com for updates on important dates and deadlines relating to all settlements.

You are receiving this Notice because records indicate that you may be a Settlement Class Member in this Action because you may have transacted with one or more Defendants in one or more GSE Bond Transactions during the Settlement Class Period. The Newly-Settling Defendants, together with Deutsche Bank, FTN, and Goldman Sachs, are referred to in this Notice as "Defendants."

The Court has appointed the lawyers listed below to represent you and the Settlement Class in this Action:

<table>
<tr><td>Christopher M. Burke</td><td>Vincent Briganti</td></tr>
<tr><td>Scott+Scott Attorneys at Law LLP</td><td>Lowey Dannenberg, P.C.</td></tr>
<tr><td>600 W. Broadway, Suite 3300</td><td>44 S. Broadway, Suite 1100</td></tr>
<tr><td>San Diego, CA  92101</td><td>White Plains, NY  10601</td></tr>
<tr><td>Telephone: 619-233-4565</td><td>Telephone: (914) 733-7221</td></tr>
<tr><td>cburke@scott-scott.com</td><td>vbriganti@lowey.com</td></tr>
</table>

The Action alleges that Defendants conspired to fix prices of unsecured GSE Bonds issued by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Federal

Farm Credit Banks, and Federal Home Loan Banks in the secondary market in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. §1.

The Court has preliminarily approved the Settlements with Newly-Settling Defendants.  To resolve all Settled Claims against all Released Parties, Barclays has agreed to pay a total of $87 million and BNP Paribas, Cantor Fitzgerald, CGMI, Credit Suisse, HSBC, J. P. Morgan, Merrill Lynch, Morgan Stanley, Nomura, SG Americas, TD Securities, and UBS (the "Group Settling Defendants") have agreed to pay a total of $250 million.

The following table contains a summary of your rights and options regarding the Settlements. More detailed information about your rights and options can be found in the Stipulations and Plan of Distribution, which are both available at www.GSEBondAntitrustSettlement.com (the "Settlement Website").

| YOUR LEGAL RIGHTS AND OPTIONS | |
| --- | --- |
| **DO NOTHING** | If you already submitted a timely and valid Claim in connection with the Previous Settlements, that Claim will be applied to *both* those settlements, *and* these Settlements.<br><br>If you did *not* submit a timely and valid Claim in connection with the Previous Settlements and you do nothing in connection with these Settlements, you will receive no payment from the Settlements *and* you will be bound by past and any future Court rulings, including rulings on the Settlements, if approved, and Releases.  See question 16. |
| **FILE A CLAIM FORM** | Unless you already submitted a timely and valid Claim in connection with the Previous Settlements, the only way to receive your share of the Net Settlement Fund is to complete and file a timely and valid Claim by no later than **[DATE]**.  See question 10. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENTS** | If you wish to exclude yourself from the Settlements, you must submit a written request by **[DATE]**.  If you exclude yourself, you will not be bound by the Settlements, if approved, or settlement releases, and you will not be eligible for any payment from the Settlements.  See questions 17 - 21. |
| **OBJECT TO THE SETTLEMENTS** | If you wish to object to the Settlements, you must file a written objection with the Court and serve copies on Co-Lead Counsel, Barclays' Counsel, and Group Settling Defendants' Counsel by **[DATE]**. You must be and remain within the Settlement Class in order to object.  See questions 22 and 23. |

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **GO TO THE SETTLEMENT HEARING** | You may ask the Court for permission to speak at the Settlement Hearing about the Settlements by including such a request in your written objection, which you must file with the Court and serve copies on Co-Lead Counsel, Barclays' Counsel, and Group Settling Defendants' Counsel by **[DATE]**.   The Settlement Hearing is scheduled for **[DATE]**.  See questions 26 - 28. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense.  See question 28. |

These rights and options and the deadlines to exercise them are explained in this Notice.

## <u>WHAT THIS NOTICE CONTAINS</u>

BASIC INFORMATION ................................................................................................ 6

  1.     What Is a Class Action Lawsuit? ................................................................. 6

  2.     Why Did I Get This Notice? ......................................................................... 6

  3.     What Are the Definitions Used In This Notice? ........................................... 7

  4.     What Is This Action About? ......................................................................... 7

  5.     Why Are There Settlements? ....................................................................... 8

WHO GETS MONEY FROM THE SETTLEMENTS ............................................... 8

  6.     How Do I Know if I Am a Settlement Class Member? ................................ 8

  7.     Are There Exceptions to Being Included in the Settlement Class? .............. 9

  8.     I'm Still Not Sure if I Am Included. ............................................................ 9

THE SETTLEMENTS BENEFITS ............................................................................. 9

  9.     What Do the Settlements Provide? ............................................................... 9

  10.    How Will I Get a Payment? ....................................................................... 10

  11.    How Much Will My Payment Be? ............................................................. 10

  12.    What Is the Plan of Distribution? .............................................................. 11

  13.    When Will I Receive a Payment? .............................................................. 11

  14.    What Do I Have to Do After I File a Claim? ............................................. 11

  15.    What Am I Giving Up to Receive a Payment? .......................................... 12

  16.    What if I Do Nothing? ............................................................................... 13

EXCLUDING YOURSELF FROM THE SETTLEMENTS ................................... 13

  17.    What if I Do Not Want to Be in the Settlement Class? .............................. 13

  18.    How Do I Exclude Myself? ....................................................................... 14

  19.    If I Do Not Exclude Myself, Can I Sue Newly-Settling Defendants and the other Released Parties for the Same Thing Later? ............................................... 14

  20.    If I Exclude Myself, Can I Get Money from the Settlements? ................... 14

  21.    If I Exclude Myself from the Settlements, Can I Still Object? ................... 15

OBJECTING TO THE SETTLEMENTS ................................................................. 15

  22.    How Do I Tell the Court What I Think About the Settlements? ................ 15

  23.    What is the Difference Between Objecting and Excluding Myself? ........... 16

THE LAWYERS REPRESENTING YOU ................................................................ 16

24.      Do I Have a Lawyer in This Case? .................................................................16

25.      How Will the Lawyers Be Paid?....................................................................16

THE COURT'S SETTLEMENT HEARING .............................................................. 17

26.      When and Where Will the Court Decide Whether to Approve the Settlements?........17

27.      Do I Have to Come to the Settlement Hearing? ........................................17

28.      May I Speak At the Settlement Hearing? ...................................................17

GETTING MORE INFORMATION......................................................................... 18

29.      How Do I Get More Information? ...............................................................18

## BASIC INFORMATION

**1.    What Is a Class Action Lawsuit?**

A class action is a lawsuit in which one or more representative plaintiffs (in this case, Plaintiffs) bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendants.  The representative plaintiffs, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for attorneys' fees or litigation expenses.  In a class action, attorneys' fees and litigation expenses are paid from the settlement fund (or the court-awarded judgment amount) and must be approved by the court.  If there is no recovery on behalf of the class, the attorneys do not get paid.

When a representative plaintiff enters into a settlement with a defendant on behalf of a class, such as these Settlements with Newly-Settling Defendants, the court will require that the members of the class be given notice of the settlement and an opportunity to be heard with respect to the settlement.  The court then conducts a hearing (called a settlement hearing) to determine, among other things, if the settlement is fair, reasonable, and adequate.

**2.    Why Did I Get This Notice?**

You received this Notice because you requested it or records indicate that you may be a Settlement Class Member.  As a potential Settlement Class Member, you have a right to know about the proposed Settlements with Newly-Settling Defendants before the Court decides whether to approve the Settlements.

This Notice explains the Action, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how you can apply to receive your portion of the benefits if you are eligible.  The purpose of this Notice is also to inform you of the Settlement Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlements and Plan of Distribution and to consider requests for awards of attorneys' fees, Litigation Expenses, and any service awards for Plaintiffs from the Settlement Funds.

6

3.      **What Are the Definitions Used In This Notice?**

This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement with Barclays and the Stipulation and Agreement of Settlement with BNP Paribas, Cantor Fitzgerald, CGMI, Credit Suisse, HSBC, J. P. Morgan, Merrill Lynch, Morgan Stanley, Nomura, SG Americas, TD Securities, and UBS (together, the "Stipulations").

The Stipulations and the Court's Preliminary Approval Order are posted on the Settlement Website.  All capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulations and the Court's Preliminary Approval Order.

4.      **What Is This Action About?**

Plaintiffs allege that Defendants conspired to fix prices for unsecured GSE Bonds issued by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Federal Farm Credit Banks, and Federal Home Loan Banks in the secondary market in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.  Plaintiffs allege that this conduct was carried out through several interrelated means.

*First*, Defendants allegedly fixed free-to-trade ("FTT") prices for newly-issued GSE Bonds after the bond's initial syndication period.  According to the Complaint, when GSE Bonds are ready to be sold to investors in the secondary market, they become FTT and dealers are expected to cease price coordination that had previously been permitted during the joint underwriting and bidding and primary syndication processes.  Plaintiffs allege that Defendants did not observe this division, and agreed on FTT prices and shared confidential order and trade information to coordinate their trading positions and trading strategies to fix the prices of GSE Bonds during the FTT period. Plaintiffs allege that Defendants discussed and agreed upon prices through communications in chat rooms and other means.  The alleged conspiracy to fix FTT prices allegedly reduced competition in the GSE bond market, allowing Defendants to sell GSE Bonds at higher FTT prices than they could have absent the alleged conspiracy.

*Second*, Defendants allegedly fixed prices of GSE Bonds that were about to go "off-the-run" in order to inflate the price of newly-issued, or "on-the-run," bonds.  According to the Complaint, the price of off-the-run bonds was used as a benchmark in pricing on-the-run bonds, and thus artificially inflating the prices of bonds about to go off-the-run created artificially higher prices for newer, on-the-run bonds.  In addition to the harm allegedly caused to investors in on-the-run bonds, Defendants' conduct allegedly caused investors to pay more for their purchases of bonds about to go off-the-run.

*Third*, Defendants allegedly conspired to widen the bid-ask spread of GSE Bonds, allegedly causing investors to pay more (when buying) and receive less (when selling) than they should have in each GSE Bonds Transaction, increasing Defendants' profits at investors' expense. Defendants deny each and every one of these allegations.

5.      **Why Are There Settlements?**

Plaintiffs and Co-Lead Counsel believe that Settlement Class Members have been damaged by Defendants' conduct.  Newly-Settling Defendants do not agree with the allegations made by

Plaintiffs, believe that they have meritorious defenses to Plaintiffs' allegations, and believe that certain of Plaintiffs' claims would have been rejected prior to trial, at trial, or on appeal. The Court has not decided in favor of either Plaintiffs or Newly-Settling Defendants. Instead, Co-Lead Counsel engaged in negotiations and mediation with Newly-Settling Defendants to reach a negotiated resolution of the Action. The Settlements allow both sides to avoid the risks and costs of lengthy litigation and the uncertainty of pre-trial proceedings, a trial, and appeals, and, if approved, would permit eligible Settlement Class Members, who file timely and valid Claims, to receive some compensation, rather than risk ultimately receiving nothing. Plaintiffs and Co-Lead Counsel believe the Settlements are in the best interest of all Settlement Class Members.

Barclays has agreed to pay a total of $87 million and BNP Paribas, Cantor Fitzgerald, CGMI, Credit Suisse, HSBC, J. P. Morgan, Merrill Lynch, Morgan Stanley, Nomura, SG Americas, TD Securities, and UBS have agreed to pay a total of $250 million (the "Settlement Funds") in cash for the benefit of the proposed Settlement Class. If the Settlements are approved, the Settlement Funds, plus interest earned from the date it was established, less any Taxes, any Notice and Administration Costs, any Court-awarded attorneys' fees, Litigation Expenses, and service awards for Plaintiffs, and any other costs or fees approved by the Court (the "Net Settlement Fund") will be divided among all Settlement Class Members who file valid Claims.

Newly-Settling Defendants do not think that Plaintiffs would have prevailed at trial (had they successfully certified a class and survived summary judgment motions), and Newly-Settling Defendants believe, as a result, Settlement Class Members would have received nothing.

If the Settlements are approved, the Action will conclude. If the Settlements are not approved, Newly-Settling Defendants will remain as defendants in the Action, and Plaintiffs will continue to pursue their claims against Newly-Settling Defendants.

## WHO GETS MONEY FROM THE SETTLEMENTS

**6.    How Do I Know if I Am a Settlement Class Member?**

In the Preliminary Approval Order, the Court preliminarily approved the following Settlement Class:

> All persons and entities who or which entered into a GSE Bond Transaction with one or more Defendants or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant during the Settlement Class Period.

Not everyone who fits this description will be a Settlement Class Member. Please see question 7 for a discussion of exclusions from the Settlement Class.

**7.    Are There Exceptions to Being Included in the Settlement Class?**

Yes. You are not included in the Settlement Class if you are a Defendant or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant. In addition, the United States government and any judicial officer presiding over this Action and the members of his or her

immediate family and judicial staff and any juror assigned to this Action are excluded from the Settlement Class.

However, "Investment Vehicles" are not excluded from the Settlement Class. For purposes of the Settlements, an Investment Vehicle means (i) any company or pooled investment fund in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds; and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that under no circumstances may a Defendant (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution from the Settlement Fund through an Investment Vehicle.

**8.     I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call toll-free 1-877-317-7944 (if calling from outside the United States or Canada, call 1-414-961-6546) or visit www.GSEBondAntitrustSettlement.com for more information.

## THE SETTLEMENTS BENEFITS

**9.     What Do the Settlements Provide?**

Barclays has paid $87 million into a fund to be held for disbursement to the Settlement Class and to pay for Court-approved fees and expenses, if the Settlements are approved. Plaintiffs' preliminary damages model estimates a range of class wide single damages potentially recoverable at trial of between $857 million and $1.68 billion. Based on Barclays' market share during the Settlement Class Period (14.07%), the recovery from Barclays represents 37% to 72% of the preliminary class wide single damages estimate. Barclays would be subject to automatic treble damages and recovery of Plaintiffs' attorneys' fees were Plaintiffs to succeed at trial. The Barclays Settlement represents an estimated 12% to 23% recovery when treble damages and attorneys' fees are included in the preliminary estimate.

Group Settling Defendants have paid $250 million into a fund to be held for disbursement to the Settlement Class and to pay for Court-approved fees and expenses, if the Settlements are approved. Plaintiffs' preliminary damages model estimates a range of class wide single damages potentially recoverable at trial of between $857 million and $1.68 billion. Based on Group Settling Defendants' collective market share during the Settlement Class Period (47.89%), the recovery from Group Settling Defendants represents 31% to 61% of the preliminary class wide single damages estimate. Group Settling Defendants would be subject to automatic treble damages and recovery of Plaintiffs' attorneys' fees were Plaintiffs to succeed at trial. The Group Settling Defendants Settlement represents an estimated 10% to 19% recovery when treble damages and attorneys' fees are included in the preliminary estimate.

Newly-Settling Defendants that currently have a GSE Bond desk have also agreed to confirm that they maintain an antitrust compliance program that generally incorporates certain principles,

including related to rigorous training, a culture of compliance, strong oversight, dedicated resources and gap assessment, and to continue to confirm, on a semi-annual basis for a period of 24 months following the final approval of the Settlements, that they continue to maintain an antitrust compliance program that is reasonably designed to detect and prevent anticompetitive conduct in the GSE Bond market. In Plaintiffs' final approval motion, they will ask the Court to allow them to appoint a consultant(s) to assist the Plaintiffs in connection with the activities described above over the 24 month period and to have the reasonable expenses of the consultant(s) paid from the Settlement Fund.

10.    **How Will I Get a Payment?**

If you are a Settlement Class Member and do not exclude yourself, you are eligible to file a Claim to receive your share of money from the Net Settlement Fund.

- If you submitted a timely and valid Claim for the Previous Settlements, you do not need to take any further action. That Claim will be used to also make a Claim with respect to the $337 million Settlement Fund related to these Settlements with Newly-Settling Defendants (provided that you do not opt out of these Settlements).

- If you did not submit a timely and valid Claim for the Previous Settlements, you must take action to receive any payment. A Claim Form is attached to this Notice. You may also obtain a Claim Form by visiting www.GSEBondAntitrustSettlement.com or by contacting the Claims Administrator toll-free at 1-877-317-7944 (if calling from outside the United States or Canada, call 1-414-961-6546). Read the instructions carefully, fill out the Claim, include all the data the form asks for, sign it, and submit it on the Settlement Website at www.GSEBondAntitrustSettlement.com.

Following the timely submission and receipt of your Claim, the Claims Administrator will send you a "Confirmation of Claim Receipt," which will acknowledge receipt of your Claim and will inform you of important next steps.

**Please keep all data and documentation related to your eligible GSE Bond Transactions. Having data and documentation may be important to substantiating your Claim.**

If you do not file a Claim, and did not previously submit a timely and valid Claim for the Previous Settlements, you will not receive any payments under the Settlements.

11.    **How Much Will My Payment Be?**

At this time, it is not known precisely how much each Authorized Claimant will receive from the Net Settlement Fund or when payments will be made. The amount of your payment will be determined by the Plan of Distribution, if it is approved, or by such other plan of distribution that is approved by the Court. For more information on the Plan of Distribution see question 12.

12.    **What Is the Plan of Distribution?**

The Plan of Distribution is available for review on the Settlement Website at www.GSEBondAntitrustSettlement.com. Changes, if any, to the Plan of Distribution based on

newly available data or information will be promptly posted on the Settlement Website.  Please check the Settlement Website for the most up-to-date information about the Plan of Distribution.

**13.    When Will I Receive a Payment?**

The Court will hold the Settlement Hearing on **[DATE]** to decide whether to approve the Settlements and Plan of Distribution.  If the Court approves the Settlements and Plan of Distribution, there may be appeals after that.  It can sometimes take a year or more for the appellate process to conclude.

Please be patient; status updates will be posted at www.GSEBondAntitrustSettlement.com.

**14.    What Do I Have to Do After I File a Claim?**

After you file a Claim, or if you previously submitted a timely and valid Claim for the Previous Settlements, the Claims Administrator will evaluate your Claim to determine if you have provided sufficient information to validate your membership in the Settlement Class.  If the Claims Administrator determines that your Claim is deficient or defective, it will contact you.  If you subsequently provide information that satisfies the Claims Administrator concerning the validity of your Claim, you will not have to do anything else.  If any disputes cannot be resolved, Co-Lead Counsel will submit them to the Court, and the Court will make a final determination of the validity of your Claim.

**Please keep all data and documentation related to your eligible GSE Bond Transactions. Having data and documentation may be important to substantiating your Claim.**

**15.    What Am I Giving Up to Receive a Payment?**

Unless you exclude yourself, you remain a Settlement Class Member.  That means you can't sue, continue to sue, or be part of any other lawsuit about the Settled Claims in this Action against Newly-Settling Defendants or any of the Released Parties.  Upon the Effective Date of the Settlements, Plaintiffs and all Settlement Class Members, on behalf of themselves, and each of the Settling Plaintiff Parties: (i) shall be deemed to have, and by operation of the Judgments shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settled Claim as against Newly-Settling Defendants and each and every one of the Released Parties; (ii) shall forever be barred and enjoined from prosecuting any or all of the Settled Claims against Newly-Settling Defendants and each and every one of the Released Parties, regardless of whether such Settlement Class Member executes and delivers a Claim; and (iii) agrees and covenants not to sue Newly-Settling Defendants or any of the Released Parties with respect to any Settled Claims or to assist any third party in commencing or maintaining any suit against Newly-Settling Defendants or any of the Released Parties related to any Settled Claims.

The capitalized terms used in this paragraph are defined in the Stipulations, Preliminary Approval Order, or this Notice.  For easy reference, certain of these terms are copied below:

- "Released Parties" means the Newly-Settling Defendants, together with their respective past and present, direct and indirect corporate parents

11

(including holding companies), subsidiaries, related entities, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, and each of their respective past or present officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns.

- "Settling Plaintiff Parties" means individually and collectively each Plaintiff and Settlement Class Member, on behalf of himself, herself, or itself, and each of his, her, or its respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, insurers, administrators, purchasers, predecessors, successors, and assigns, and attorneys, including Co-Lead Counsel, in their capacities as such. Notwithstanding that the United States government is excluded from the Settlement Class, with respect to any Settlement Class Member that is a government entity, Settling Plaintiff Parties includes any Settlement Class Member as to which the government entity has the legal right to release such claims, including members of any Employee Benefit Plan sponsored by a government entity.

- "Settled Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which the Settling Plaintiff Parties ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any capacity against the Newly-Settling Defendants and any other Released Parties that arise from or relate to a factual predicate of the Action including any amended complaint or pleading therein. Settled Claims shall not include: (i) claims based on transactions that are outside the extraterritorial reach of the Sherman Act pursuant to Section 6a of the Sherman Act, 15 U.S.C. § 6a; (ii) any claims relating to the enforcement of the Settlements; or (iii) any claims of any person or entity that submits a request for exclusion in connection with the Notice whose request is accepted by the Court.

## 16.    What if I Do Nothing?

You are automatically a member of a Settlement Class if you fit the Settlement Class description. However, if you do not submit a timely and valid Claim, or if you did not previously submit a

timely and valid Claim for the Previous Settlements, you will not receive any payment from the Settlements. You will be bound by past and any future Court rulings, including rulings on the Settlements and Releases.  Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be a part of any other lawsuit against Newly-Settling Defendants or any of the other Released Parties on the basis of the Settled Claims.  Please see question 15 for a description of the Settled Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

**17.    What if I Do Not Want to Be in the Settlement Class?**

If you are a Settlement Class Member, do not want to remain in the Settlement Class, and do not want a payment from the Settlements, then you must take steps to exclude yourself from the Settlements.  This is also sometimes referred to as "opting out" of a class.  See question 18.

If you act to exclude yourself from the Settlement Class of which you would otherwise be a member, you will be free to sue Newly-Settling Defendants or any of the other Released Parties on your own for the claims being resolved by the Settlements.  However, you will not receive any money from the Settlements, and Co-Lead Counsel will no longer represent you with respect to any claims against Newly-Settling Defendants.

If you want to receive money from the Settlements, do not exclude yourself.  You must file a Claim Form in order to receive any payment from the Settlements.

Those who excluded themselves from the Settlement Class in connection with the Previous Settlements may still participate in these Settlements with Newly-Settling Defendants.  However, they will only be eligible to receive payments out of the Net Settlement Fund from these Settlements.

Opting out of the Settlement Class in connection with the Previous Settlements is not sufficient to opt out of these Settlements.  If you opted out of these prior settlements and would also like to opt out of the Settlements with Newly-Settling Defendants, you must submit a written Request for Exclusion per the instructions in question 18.

**18.    How Do I Exclude Myself?**

You can exclude yourself by sending a written "Request for Exclusion."  You cannot exclude yourself by telephone or email.  Your written Request for Exclusion must be mailed or delivered such that it is received by **[DATE]**, to GSE Bond Antitrust Settlement Exclusions c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217; and (a) state the name, address, and telephone number of the person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity requests to be excluded from the Settlement Class in the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)) with regard to the Barclays Settlement or Group Settling Defendants Settlement or both; (c) provide documents sufficient to prove membership in the Settlement Class; and (d) be signed by such person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative.

A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid and the person(s) filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlements, if approved.

All persons who submit valid and timely Requests for Exclusion in the manner set forth above shall have no rights under the Settlements, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlements.

**19.    If I Do Not Exclude Myself, Can I Sue Newly-Settling Defendants and the other Released Parties for the Same Thing Later?**

No.  Unless you exclude yourself from these Settlements, you give up any right to sue Newly-Settling Defendants and the other Released Parties for the claims that the Settlements resolve.  If you decide to exclude yourself from these Settlements, your decision will apply only to Newly-Settling Defendants and the other Released Parties.  It will not apply to any other class that might be certified by the Court with respect to Goldman Sachs, Deutsche Bank, FTN, or any other class that may be approved by the Court.

**20.    If I Exclude Myself, Can I Get Money from the Settlements?**

No.  You will not get any money from the Settlements if you exclude yourself.

**21.    If I Exclude Myself from the Settlements, Can I Still Object?**

No.  If you exclude yourself, you are no longer a Settlement Class Member and may not object to any aspect of the Settlements.

## <u>OBJECTING TO THE SETTLEMENTS</u>

**22.    How Do I Tell the Court What I Think About the Settlements?**

If you are a Settlement Class Member and you do not exclude yourself, you can tell the Court what you think about the Settlements.  You can object to all or any part of the Settlements, Plan of Distribution, and/or application for attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs.  You can give reasons why you think the Court should approve them or not.  The Court will consider your views.

If you want to make an objection, you may enter an appearance in the Action, at your own expense, individually or through counsel of your own choice, by filing with the Clerk of Court a notice of appearance and your objection, and serving copies of your objection on Co-Lead Counsel, Barclays' Counsel, and Group Settling Defendants' Counsel by **[DATE]** to the following email and physical addresses:

### <u>Co-Lead Counsel</u>

| | |
|---|---|
| Scott+Scott Attorneys at Law LLP | Lowey Dannenberg, P.C. |
| Attn:  Christopher M. Burke | Attn:  Vincent Briganti |
| 600 W. Broadway | 44 South Broadway |

Suite 3300                                    Suite 1100
San Diego, CA  92101                   White Plains, NY  10601
cburke@scott-scott.com                 vbriganti@lowey.com

**Barclays' Counsel**

Latham & Watkins LLP
Attn:  Richard D. Owens
885 Third Avenue
New York, NY 10022
Email: Richard.owens@lw.com

**Group Settling Defendants' Counsel**

Shearman & Sterling
Attn: Adam Hakki
599 Lexington Ave.
New York, NY 10022
Email: adam.hakki@shearman.com

David Lesser
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
david.lesser@wilmerhale.com

Lev L. Dassin
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
ldassin@cgsh.com

Herbert S. Washer
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
hwasher@cahill.com

Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
BMiller@mayerbrown.com

Boris Bershteyn
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
boris.bershteyn@skadden.com

John E. Schmidtlein
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
JSchmidtlein@wc.com

Susanna M. Buergel
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
sbuergel@paulweiss.com

Matthew S. Hellman
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Suite 900, Washington, DC 20001-4412
MHellman@jenner.com

Fiona A. Schaeffer
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
fschaeffer@milbank.com

James H.R. Windels
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
james.windels@davispolk.com

D. Jarrett Arp
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
jarp@gibsondunn.com

Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

16

If you choose to object, you must file a written objection.  You cannot make an objection by telephone or email.  Your written objection must include:  (i) the name, address, and telephone number of the person or entity objecting and must be signed by the Settlement Class Member (an attorneys' signature is not sufficient); (ii) the name of the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)) and which of the settlement(s) the objection applies to; (iii) a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iv) whether the objection applies only to the Settlement Class Member, a specific subset of the Settlement Class, or the entire Settlement Class; and (v) documents sufficient to prove the Settlement Class Member's membership in the Settlement Class.  If you enter an appearance and desire to present evidence at the Settlement Hearing in support of your objection, you must also include in your written objection or notice of appearance the identity of any witnesses you may call to testify and any exhibits you intend to introduce into evidence at the hearing.

If you do not timely and validly submit your objection, your views will not be considered by the Court or any court on appeal.

Please note that there is a separate, earlier deadline for comments and objections relating to the Previous Settlements, which is January 16, 2020.  Check the Settlement Website at www.GSEBondAntitrustSettlement.com for updates on important dates and deadlines relating to all settlements.

**23.  What is the Difference Between Objecting and Excluding Myself?**

Objecting is telling the Court that you do not like something about the Settlements.  You can object to the Settlements only if you remain a Settlement Class Member and do not exclude yourself from the Settlements.  Excluding yourself from the Settlements is telling the Court that you do not want to be a part of the Settlement Class.  If you exclude yourself, you have no right to object to the Settlements because they no longer affect you.

## <u>THE LAWYERS REPRESENTING YOU</u>

**24.  Do I Have a Lawyer in This Case?**

The Court has appointed the lawyers listed below to represent you and the Settlement Class in this Action:

|  |  |
|---|---|
| Christopher M. Burke | Vincent Briganti |
| Scott+Scott Attorneys at Law LLP | Lowey Dannenberg, P.C. |
| 600 W. Broadway, Suite 3300 | 44 S. Broadway, Suite 1100 |
| San Diego, CA 92101 | White Plains, NY 10601 |
| Telephone: 619-233-4565 | Telephone: (914) 733-7221 |
| cburke@scott-scott.com | vbriganti@lowey.com |

These lawyers are called Co-Lead Counsel.  Co-Lead Counsel may apply to the Court for payment of attorneys' fees and Litigation Expenses from the Settlement Funds.  You will not

otherwise be charged for Co-Lead Counsel's services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**25.     How Will the Lawyers Be Paid?**

To date, Co-Lead Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs.  Any attorneys' fees and Litigation Expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable.  The Settlements provide that Co-Lead Counsel may apply to the Court for an award of attorneys' fees and Litigation Expenses out of the Settlement Funds.  Prior to the Settlement Hearing, Co-Lead Counsel will move for an award of $74,140,000 in attorneys' fees, which is 22% of the Settlement Funds, plus payment of Litigation Expenses, and for interest on such attorneys' fees and Litigation Expenses at the same rate as the earnings in the Settlement Funds, accruing from the inception of the Settlement Funds until the attorneys' fees and Litigation Expenses are paid.

This is only a summary of the request for attorneys' fees and Litigation Expenses.  Any motions in support of the requests will be available for viewing on the Settlement Website after they are filed by **[DATE]**.  If you wish to review the motion papers, you may do so by viewing them at www.GSEBondAntitrustSettlement.com.

The Court will consider the motion for attorneys' fees and Litigation Expenses at or after the Settlement Hearing.

## THE COURT'S SETTLEMENT HEARING

**26.     When and Where Will the Court Decide Whether to Approve the Settlements?**

The Court will hold the Settlement Hearing on **[DATE]**, at **[TIME]**, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 14B, New York, NY 10007.  The Settlement Hearing may be moved to a different date or time without notice to you.  Although you do not need to attend, if you plan to do so, you should check www.GSEBondAntitrustSettlement.com before making travel plans.

At the Settlement Hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate.  The Court will also consider whether to approve the Plan of Distribution and requests for attorneys' fees, Litigation Expenses, and any service awards for Plaintiffs.  If there are any objections, the Court will consider them at this time.  We do not know how long the Settlement Hearing will take or when the Court will make its decision.  The Court's decision may be appealed.

**27.     Do I Have to Come to the Settlement Hearing?**

No.  Co-Lead Counsel will answer any questions the Court may have.  You are, however, welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you file and serve your written objection on time, the Court will consider it.  You may also hire your own lawyer to attend, but you are not required to do so.

28.     **May I Speak At the Settlement Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  If you want to appear at the Settlement Hearing, you may enter an appearance in the Action at your own expense, individually or through counsel your own choice, by filing with the Clerk of Court a notice of appearance and your objection, and serving copies of your objection on Co-Lead Counsel, Barclays' Counsel, and Group Settling Defendants' Counsel at the addresses set forth in in question 22, such that they are received no later than **[DATE]**, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.  You cannot request to speak at the Settlement Hearing by telephone or email.

<u>**GETTING MORE INFORMATION**</u>

29.     **How Do I Get More Information?**

This Notice summarizes the Stipulations and Plan of Distribution.   More details are in the Stipulations and Plan of Distribution, which are available for your review at www.GSEBondAntitrustSettlement.com.  The Settlement Website also has answers to common questions about the Settlements, Claim Form, and other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.  You may also call toll-free 1-877-317-7944 (if calling from outside the United States or Canada, call 1-414-961-6546) or write to the Claims Administrator at:

GSE Bond Antitrust Settlement
c/o A.B. Data, Ltd.
P.O. Box 173084
Milwaukee, WI  53217
Email: info@GSEBondAntitrustSettlement.com

*****Please do not contact the Court or the Clerk's Office regarding this Notice or for additional information.*****

DATED: _____, 2019                            BY ORDER OF THE COURT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** | Case No. 1:19-cv-01704 (JSR)<br><br>**Exhibit A-2** |

## <u>PROOF OF CLAIM FORM</u>

This Form Must Be Electronically Submitted No Later than [DATE].

*In re GSE Bonds Antitrust Litigation*
No. 1:19-cv-01704-JSR

## PROOF OF CLAIM

## I.    INSTRUCTIONS

1.    If you entered into a GSE Bond Transaction with one or more Defendants from January 1, 2009 through and including January 1, 2019 ("Settlement Class Period"), you may be eligible to receive a payment from a new and additional $337 million settlements with Barclays Capital Inc. ("Barclays"); BNP Paribas Securities Corp. ("BNP Paribas"); Cantor Fitzgerald & Co. ("Cantor Fitzgerald"); Citigroup Global Markets Inc. ("CGMI"); Credit Suisse Securities (USA) LLC ("Credit Suisse"); HSBC Securities (USA) Inc. ("HSBC"); J. P. Morgan Securities LLC ("J. P. Morgan"); Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"); Morgan Stanley & Co., LLC ("Morgan Stanley"); Nomura Securities International, Inc. ("Nomura"); SG Americas Securities LLC ("SG Americas"); TD Securities (USA) LLC ("TD Securities"); and UBS Securities LLC ("UBS") (together "Newly-Settling Defendants") reached in *In re GSE Bonds Antitrust Litigation*, No. 1:19-cv-01704-JSR (S.D.N.Y.).

2.    "GSE Bond Transaction" means any purchase, sale, or other transaction in the secondary market with respect to any GSE Bond.  "GSE Bond" means any and each unsecured bond or debt instrument (*i.e.*, senior debt, subordinated debt, and junior subordinated debt) regardless of currency or credit quality, issued by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Federal Farm Credit Banks, and Federal Home Loan Banks.  "Defendants" means Barclays Capital Inc.; BNP Paribas Securities Corp.; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; First Tennessee Bank, N.A.; FTN Financial Securities Corp.; Goldman Sachs & Co. LLC; J. P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; TD Securities (USA) LLC; Nomura Securities International, Inc.; HSBC Securities (USA) Inc.; Cantor Fitzgerald & Co.; SG Americas Securities LLC; Morgan Stanley & Co., LLC; and UBS Securities LLC.

3.    Unless otherwise defined herein, all capitalized terms contained in this proof of claim form ("Claim Form") have the same meaning as defined in the accompanying Notice of Pendency of Class Action, Hearing on Additional Proposed Settlements and Attorneys' Fees Petition, and Right to Share in Net Settlement Fund ("Notice") and the Stipulation and Agreement of Settlement with Barclays and the Stipulation and Agreement of Settlement with BNP Paribas, Cantor Fitzgerald, CGMI, Credit Suisse, HSBC, J. P. Morgan, Merrill Lynch, Morgan Stanley, Nomura, SG Americas, TD Securities, and UBS ("Stipulations"), which is available at www.GSEBondAntitrustSettlement.com.

4.    It is important that you read the Notice that accompanies this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the Releases described in the Notice and provided for in the Stipulations.

5.    To be eligible to receive a payment from the Net Settlement Fund, you must electronically submit a Claim Form along with the required data and/or information described in Sections III and IV below.  **To be considered timely, your Claim must be submitted online at www.GSEBondAntitrustSettlement.com by 11:59 p.m. Eastern Time on [date]**.  If you are unable to submit the required data electronically as described below at Sections III and IV, you should call the Claims Administrator for further instructions.

6.    As described in Section III below, you may be required to submit additional information about the GSE Bond Transactions that you submit as part of your Claim, but only if you are contacted and instructed to do so by the Claims Administrator.

7.    Your payment amount will be determined based on the Claims Administrator's review of your Claim and calculated pursuant to the Plan of Distribution that the Court approves.  Submission of a Claim Form does not guarantee that you will receive a payment from the Settlements.  For more information, please refer to the Notice and Plan of Distribution available at www.GSEBondAntitrustSettlement.com.

8.    Separate Claim Forms should be submitted for each separate legal entity.  Conversely, a single Claim Form should be submitted on behalf of only one legal entity.

9.    If you have questions about submitting a Claim or need additional copies of the Claim Form or the

3

Notice, you may contact the Claims Administrator.

10.     As set forth in detail in the Notice, **you do not need to do anything if you submitted a timely and valid claim form in connection with the Deutsche Bank, FTN, and Goldman Sachs Settlements.**  Those submissions will be treated as valid and timely Claim Forms with respect to these Settlements.

## II.     CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications relevant to this Claim Form.  If this information changes, please notify the Claims Administrator in writing.  If you are a trustee, executor, administrator, custodian, or other nominee and are completing and signing this Claim Form on behalf of the Claimant, you must attach documentation showing your authority to act on behalf of Claimant.

### Section 1 – Claimant Information

Claimant's First Name                 MI     Claimant's Last Name

Co-Claimant's First Name              MI     Co-Claimant's Last Name  Entity

Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Claimant[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                                        State     ZIP Code/Postal Code

Province/Region (if outside U.S.)

Country

Claimant Tax ID (For most U.S. Claimants, this is their individual Social Security number, employer identification number, or taxpayer identification number. For non-U.S. Claimants, enter a comparable government-issued identification number.)

Telephone Number (home or cell)                        Telephone Number (work)

Email Address (If you provide an email address, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Location(s) from which Claimant entered into GSE Bond Transactions:

☐ U.S. or its territories        ☐ Other (please specify): _____

### Section 2 – Authorized Representative Information

Name of the person you would like the Claims Administrator to contact regarding this Claim (if different from the Claimant name listed above)

First Name                                      MI     Last Name

**This Form Must Be Electronically Submitted No Later than [DATE].**

Telephone Number (home or cell)

☐☐☐ – ☐☐☐ – ☐☐☐☐

Telephone Number (work)

☐☐☐ – ☐☐☐ – ☐☐☐☐

Address 1 (street name and number)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Address 2 (apartment, unit, or box number)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

City

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

State

☐☐

ZIP Code/Postal Code

☐☐☐☐☐☐

Province/Region (if outside U.S.)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Email Address (If you provide an email address, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

## III.   REQUIREMENTS FOR CLAIM SUBMISSION

### 1.   YOU MUST SUBMIT YOUR CLAIM ELECTRONICALLY IN THE REQUIRED FORMAT

Claimants <u>must</u> electronically submit their Claims online at www.GSEBondAntitrustSettlement.com **by 11:59 p.m. Eastern Time on [date]**.  Claim Submission Instructions, including the information you must provide about your GSE Bond Transactions, are available at www.GSEBondAntitrustSettlement.com.  Claims must be submitted in the format specified by the Claim Submission Instructions.

Along with your Claim Form, you must submit the details of your GSE Bond Transactions in the Notional Table in Part IV, below.

### 2.   YOU DO NOT NEED TO SUBMIT ANY ADDITIONAL DATA OR DOCUMENTATION OF TRANSACTIONS AT THIS TIME, BUT YOU MAY BE REQUIRED TO DO SO IF CONTACTED BY THE CLAIMS ADMINISTRATOR

The Claims Administrator may request that Claimants submit additional data or documentation of their GSE Bond Transactions.  A GSE Bond Transaction Data template, including the information you must provide about your GSE Bond Transactions, if requested, is available at www.GSEBondAntitrustSettlement.com.

If supplemental documentation is required, it would be from one or more of the following sources, so you should retain any such records in case you need to submit them to the Claims Administrator in the future:

a.   Transaction data from your bank, broker, or internal trade system;

b.   Bank confirmations by individual trade;

c.   Bank transaction reports or statements;

d.   Trading venue transaction reports or statements;

e.   Prime broker reports or statements;

f.   Custodian reports or statements;

g.   Daily or monthly account statements or position reports;

h.   Email confirmations from counterparty evidencing transactions;

i.   Bloomberg confirmations or communications evidencing transactions; and/or

j.   Other documents evidencing GSE Bond Transactions with Defendants during the

5

Settlement Class Period.

Further information about these requirements is included in the Claim Submission Instructions, which are available at www.GSEBondAntitrustSettlement.com.

**IV.    NOTIONAL TABLE OF GSE BOND TRANSACTIONS**

Complete this Part IV if and only if you entered into GSE Bond Transactions with one or more Defendants from January 1, 2009 through and including January 1, 2019.  Do not include information regarding instruments other than GSE Bond Transactions.

| Non-Callable Bonds | | |
|---|---|---|
| **TRADE DURATION (MATURITY DATE LESS TRADE DATE)** | **TOTAL NOTIONAL PURCHASED (USD)** | **TOTAL NOTIONAL SOLD (USD)** |
| **0-1 YEARS** | | |
| **1-2 YEARS** | | |
| **2-3 YEARS** | | |
| **3-4 YEARS** | | |
| **4-5 YEARS** | | |
| **5-6 YEARS** | | |
| **6-7 YEARS** | | |
| **7-8 YEARS** | | |
| **8-9 YEARS** | | |
| **9-10 YEARS** | | |
| **10-11 YEARS** | | |
| **11-12 YEARS** | | |
| **12-13 YEARS** | | |
| **13-14 YEARS** | | |
| **14-15 YEARS** | | |
| **15-16 YEARS** | | |
| **16-17 YEARS** | | |
| **17-18 YEARS** | | |
| **18-19 YEARS** | | |
| **19-20 YEARS** | | |
| **20-21 YEARS** | | |
| **22-22 YEARS** | | |
| **22-23 YEARS** | | |
| **23-24 YEARS** | | |
| **24-25 YEARS** | | |
| **25-26 YEARS** | | |
| **26-27 YEARS** | | |
| **27-28 YEARS** | | |
| **28-29 YEARS** | | |
| **29-30 YEARS** | | |
| **> 30 YEARS** | | |
| Callable Bonds | | |
| **TRADE DURATION** | **TOTAL NOTIONAL PURCHASED (USD)** | **TOTAL NOTIONAL SOLD (USD)** |
| **All Maturities** | | |

This Form Must Be Electronically Submitted No Later than [DATE].

## V.    CLAIMANT'S CERTIFICATION & SIGNATURE

### SECTION 1: CERTIFICATION

**BY SIGNING AND SUBMITTING THIS CLAIM FORM, CLAIMANT OR CLAIMANT'S AUTHORIZED REPRESENTATIVE CERTIFIES ON CLAIMANT'S BEHALF AS FOLLOWS:**

1. I (we) have read the Notice and Claim Form, including the descriptions of the Releases provided for in the Stipulations;

2. I (we) am (are) a member of the Settlement Class and am (are) not one of the individuals or entities excluded from the Settlement Class;

3. I (we) have not submitted a Request for Exclusion;

4. I (we) have made the transactions submitted with this Claim Form and have not assigned my (our) Settled Claims to another;

5. I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the release or any other part or portion thereof;

6. I (we) have not submitted any other claim in this Action covering the same transactions and know of no other person having done so on his/her/its/their behalf;

7. I (we) hereby consent to the disclosure of, waive any protections provided by any applicable bank secrecy or data privacy laws (whether foreign or domestic), or any similar confidentiality protections with respect to, and instruct Defendants to disclose my (our) information and transaction data relating to my (our) trades for use in the claims administration process;

8. I (we) submit to the jurisdiction of the Court with respect to my (our) claim and for purposes of enforcing the Releases set forth in any Judgments that may be entered in the Action;

9. I (we) agree to furnish such additional information with respect to this Claim Form as the Claims Administrator or the Court may require; and

10. I (we) acknowledge that I (we) will be bound by and subject to the terms of the Judgments that will be entered in the Action if the Settlements are approved.

For more information, call the Claims Administrator at 1-877-317-7944 (or 1-414-961-6546 International), or visit www.GSEBondAntitrustSettlement.com

This Form Must Be Electronically Submitted No Later than [DATE].

## SECTION 2: SIGNATURE

**PLEASE READ THE RELEASE, CONSENT TO DISCLOSURE
AND CERTIFICATION, AND SIGN BELOW.**

I (we) acknowledge that, as of the Effective Date of the Settlements, pursuant to the terms set forth in the Stipulations, and by operation of law and the Judgments, I (we) shall be deemed to have fully, finally, and forever waived, released, relinquished, and discharged all Settled Claims (as defined in the Stipulations and/or Judgments), and shall forever be enjoined from prosecuting any or all of the Settled Claims against the Released Parties (as defined in the Stipulations and/or the Judgments).

By signing and submitting this Claim Form, I (we) consent to the disclosure of information relating to my (our) GSE Bond Transactions with Defendants during the Settlement Class Period, and waive any protections provided by any applicable bank secrecy or data privacy laws (whether foreign or domestic), or any similar confidentiality protections with respect to information and transaction data relating to my (our) trades, for use in the claims administration process.

If signing as an Authorized Representative on behalf of an entity, I (we) certify that I (we) have legal rights and authorization from the entity to file this Claim Form on the entity's behalf.

**UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT THE DATA SUBMITTED IN CONNECTION WITH THIS CLAIM FORM ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.**

_____     Date: _____
Signature of Claimant (if Claimant is an individual                            MM/DD/YY
filing on his or her own behalf)


_____
Print Name of Claimant (if Claimant is an individual
filing on his or her own behalf)


_____     Date: _____
Authorized Representative Completing Claim Form (if any)                    MM/DD/YY


_____
Print name of Authorized Representative Completing Claim
Form (if any)


_____
Capacity of Authorized Representative (if other than an individual
(*e.g.*, trustee, executor, administrator, custodian, or other nominee)

**REMINDER: YOUR CLAIM FORM AND REQUIRED DATA MUST BE SUBMITTED ONLINE BY 11:59 P.M. EASTERN TIME ON [DATE].**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** | Case No. 1:19-cv-01704 (JSR) |
| | **Exhibit A-3** |

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, HEARING ON ADDITIONAL PROPOSED SETTLEMENTS AND ATTORNEYS' FEES PETITION, <u>AND RIGHT TO SHARE IN NET SETTLEMENT FUND</u>

**If you entered into a GSE Bond Transaction with one or more Defendants from January 1, 2009 through and including January 1, 2019 ("Settlement Class Period"), you may be affected by new and additional pending class action settlements.**

This Summary Notice is to alert you to ***new and additional*** proposed settlements reached with Barclays Capital Inc. ("Barclays"); BNP Paribas Securities Corp. ("BNP Paribas"); Cantor Fitzgerald & Co. ("Cantor Fitzgerald"); Citigroup Global Markets Inc. ("CGMI"); Credit Suisse Securities (USA) LLC ("Credit Suisse"); HSBC Securities (USA) Inc. ("HSBC"); J. P. Morgan Securities LLC ("J. P. Morgan"); Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"); Morgan Stanley & Co., LLC ("Morgan Stanley"); Nomura Securities International, Inc. ("Nomura"); SG Americas Securities LLC ("SG Americas"); TD Securities (USA) LLC ("TD Securities"); and UBS Securities LLC ("UBS") (together "Newly-Settling Defendants"). Newly-Settling Defendants deny any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action. Newly-Settling Defendants have agreed to pay a total of $337 million into a settlement fund. This is separate from the earlier settlements reached with Deutsche Bank Securities Inc. ("Deutsche Bank"), First Tennessee Bank, N.A. and FTN Financial Securities Corp. (together, "FTN"), and Goldman Sachs & Co. LLC ("Goldman Sachs"). Newly-Settling Defendants together with Deutsche Bank, FTN, and Goldman Sachs are referred to as "Defendants." Defendants deny all allegations of wrongdoing.

The Court has appointed the lawyers listed below to represent the Settlement Class in this Action:

| | |
|---|---|
| Christopher M. Burke | Vincent Briganti |
| Scott+Scott Attorneys at Law LLP | Lowey Dannenberg, P.C. |
| 600 West Broadway, Suite 3300 | 44 South Broadway, Suite 1100 |
| San Diego, CA 92101 | White Plains, NY 10601 |
| Telephone: 619-233-4565 | Telephone: 914 733-7221 |
| cburke@scott-scott.com | vbriganti@lowey.com |

**Who Is a Member of the Settlement Class?**

Subject to certain exceptions, the proposed Settlement Class consists of all persons and entities who or which entered into a GSE Bond Transaction with one or more Defendants or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant during the Settlement Class Period.

"GSE Bond Transaction" means any purchase, sale, or other transaction in the secondary market with respect to any GSE Bond. "GSE Bond" means any and each unsecured bond or debt instrument (i.e., senior debt, subordinated debt, and junior subordinated debt) regardless of currency or credit quality, issued by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Federal Farm Credit Banks, and Federal Home Loan Banks.

The other capitalized terms used in this Summary Notice are defined in the detailed Notice of Pendency of Class Action, Hearing on Additional Proposed Settlements and Attorneys' Fees Petition, and Right to Share in Net Settlement Fund ("Notice") and the Stipulations, which are available at www.GSEBondAntitrustSettlement.com.

If you are not sure if you are included in the Settlement Class, you can get more information, including the detailed Notice, at www.GSEBondAntitrustSettlement.com or by calling toll-free 1-877-317-7944 (if calling from outside the United States or Canada, call 1-414-961-6546).

**Will I Get a Payment?**

If you are a member of the Settlement Class and do not opt out, you will be eligible for a payment under the Settlements if you file a proof of claim form ("Claim Form"). The Settlement and Plan of Distribution have been preliminarily but not finally approved by the Court. You also may obtain more information at www.GSEBondAntitrustSettlement.com or by calling toll-free 1-877-317-7944 (if calling from outside the United States or Canada, call 1-414-961-6546).

Claim Forms must be submitted online at www.GSEBondAntitrustSettlement.com on or before 11:59 p.m. Eastern time on **[DATE]**.

**You do not need to do anything if you submitted a timely and valid claim form in connection with the Deutsche Bank, FTN, and Goldman Sachs settlements.** Any such submission will be treated as a valid and timely Claim Form with respect to these Settlements.

**What Are My Rights?**

If you are a member of the Settlement Class and do not opt out, you will release certain legal rights against Newly-Settling Defendants and the other Released Parties, as explained in the detailed Notice and Stipulations, which are available at www.GSEBondAntitrustSettlement.com. If you do not want to take part in these Settlements, you must opt out by **[DATE]**. You may object to these Settlements, Plan of Distribution, and/or application for an award of attorneys' fees, Litigation Expenses, and any service awards for Plaintiffs. If you want to object, you must do so by **[DATE]**. Information on how to opt out or object is contained in the detailed Notice, which is available at www.GSEBondAntitrustSettlement.com.

**When Is the Settlement Hearing?**

The Court will hold a hearing at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 14B, New York, NY 10007, on **[DATE]** at **[TIME]** to consider whether to approve these Settlements, Plan of Distribution, and application for an award of attorneys' fees, Litigation Expenses, and any service awards for Plaintiffs.  You or your lawyer may ask to appear and speak at the hearing at your own expense, but you do not have to.

**For more information, call toll-free 1-877-317-7944 (if calling from outside the United States or Canada, call 1-414-961-6546) or visit www.GSEBondAntitrustSettlement.com.**

*\*\*\*\* Please do not call the Court or the Clerk of the Court for information about the Settlements. \*\*\*\**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GSE BONDS ANTITRUST
LITIGATION

Case No. 1:19-cv-01704 (JSR)

**Exhibit B**

<u>**PROPOSED JUDGMENT APPROVING CLASS ACTION SETTLEMENT**</u>

WHEREAS, plaintiffs Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds; City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan ("Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and defendants BNP Paribas Securities Corp., Cantor Fitzgerald & Co., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, HSBC Securities (USA) Inc., J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Morgan Stanley & Co. LLC, Nomura Securities International, Inc., SG Americas Securities, LLC, TD Securities (USA) LLC, and UBS Securities LLC ("Group Settling Defendants" and, together with Plaintiffs, the "Parties") have determined to settle all claims asserted against the Group Settling Defendants, and their predecessors, successors, assigns, subsidiaries, and affiliates in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement with BNP Paribas Securities Corp., Cantor Fitzgerald & Co., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, HSBC Securities (USA) Inc., J. P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Morgan Stanley & Co., LLC, Nomura Securities International, Inc., SG Americas Securities LLC, TD Securities (USA) LLC, and UBS Securities LLC dated XXXXX (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated XXXXX (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to the Settlement Class; (iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (v) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on XXXXX (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Group Settling Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **CAFA Notice** – The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

3.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on XXXXX; and (ii) the Notice and the Publication Notice, both of which were filed with the Court on XXXXX.

4.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, the Court certifies, for the purposes of settlement only the following Settlement Class:

> All persons and entities who or which entered into a GSE Bond Transaction with one or more Defendants or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant during the Settlement Class Period (January 1, 2009 through January 1, 2019). Excluded from the Settlement Class are: Defendants; direct or indirect parents, subsidiaries, affiliates, or divisions of Defendants; the United States government; and any judicial officer presiding over this Action and the members of his or her immediate family and judicial staff and any juror assigned to this Action; provided, however, that Investment Vehicles shall not be excluded from the definition of "Settlement Class" or "Class." Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

5.      The Court finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied for settlement purposes as follows:

a.      Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

b.      Pursuant to Rule 23(a)(2), the Court determines that there are one or more questions of fact or law common to the Settlement Class.

c.      Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Settlement Class.

d.      Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class.  Plaintiffs are certified as class representatives of the Settlement Class.

e.      Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual Settlement Class Members.

f.      Pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action.

g.      Pursuant to Rule 23(g), Co-Lead Counsel are certified as class counsel for the Settlement Class.

6.      The Court's certification of the Settlement Class, and certification of Plaintiffs as class representatives of the Settlement Class, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Judgment shall have no effect on the Court's ruling on any motion to certify any class or appoint class representatives in this litigation, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives

7.      **Settlement Notice** – The Court finds that the dissemination of the Notice and the publication of the Publication Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the effect of the proposed Settlement (including the Releases to be provided thereunder), (b) Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (c) their right to object to any aspect of the Settlement,

4

the Plan of Distribution, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and (d) their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

8.  **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against the Group Settling Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class after considering the factors set out in *City of Detroit v. Grinnell Corp*., 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc*., 209 F.3d 43 (2d Cir. 2000) and Rule 23(e)(2) of the Federal Rules of Civil Procedure.

9.  All of the claims asserted against the Group Settling Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10.  **Binding Effect** – The terms of the Stipulation and of this Judgment shall be binding on the Group Settling Defendants, the other Released Parties, Plaintiffs, and all other Settling Plaintiff Parties (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well

as their respective heirs, executors, administrators, predecessors, parents, subsidiaries, affiliates, trustees, successors, and assigns in their capacities as such.  The persons listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

11.    **Releases** – The Releases set forth in ¶¶3-9 of the Stipulation, together with the definitions contained in ¶1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to ¶13 of this Order, upon the Effective Date of the Settlement, Plaintiffs, the Settling Plaintiff Parties, and each of the Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every of the Settled Claims[1] against the Group Settling Defendants and the other Released Parties, and

---

[1]    "Settled Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which the Settling Plaintiff Parties ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any capacity against the GroupSettling Defendants and any other Released Parties that arise from or relate to a factual predicate of the Action including any amended complaint or pleading therein.  Settled Claims shall not include:  (i) claims based on transactions that are outside the extraterritorial reach of the Sherman Act pursuant to Section 6a of the Sherman Act, 15 U.S.C. § 6a; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person

shall forever be enjoined from prosecuting any or all of the Settled Claims against any of the Released Parties.

(b)      Without further action by anyone, and subject to ¶13 of this Order, upon the Effective Date of the Settlement, the Group Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every of the Released Parties' Claims[2] against Plaintiffs and the other Settling Plaintiff Parties, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against any of the Settling Plaintiff Parties.  This Release shall not apply to any person listed on Exhibit 1 hereto.

12.      Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code and any similar statutes (to the extent they apply to the Action).  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM

---

or entity that submits a request for exclusion in connection with the Notice whose request is accepted by the Court.

[2]      "Released Parties' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, maintenance, or settlement of the Claims asserted in the Action against the Group Settling Defendants.  Released Parties' Claims shall not include:  (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity that submits a request for exclusion from the Settlement Class in connection with the Notice and whose request is accepted by the Court.

OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR.

13.     Notwithstanding ¶11(a)-(b) of this Order, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

15.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Distribution contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted, in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of the Settling Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Plaintiff Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the Complaint, Consolidated Complaint, First Amended Complaint, Second Amended Complaint, or Third Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Settling Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      shall be construed against any of the Released Parties or any of the Settling Plaintiff Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; ***provided, however,*** that the Parties, the Settling Plaintiff Parties, and the Released Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

16.      **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (ii) the disposition of the Settlement Fund; (iii) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (iv) any motion to approve the Plan of Distribution; (v) any motion to approve the

Settlement Class Distribution Order; and (vi) the Settlement Class Members for all matters relating to the Action.

17.    Separate orders shall be entered regarding approval of a Plan of Distribution and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

18.    **Modification of the Stipulation of Settlement** – Without further approval from the Court, Plaintiffs and the Group Settling Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and the Group Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the Group Settling Defendants, and the Parties shall revert to their respective positions in the Action as of December 2, 2019, as provided in the Stipulation.

20.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED.

_____
HON. JED S. RAKOFF
United States District Judge

DATED:      New York, NY

      _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** | Case No. 1:19-cv-01704 (JSR)<br><br>**Exhibit C** |

**COMPLIANCE PROGRAM FOR FINANCIAL INSTITUTIONS
<u>IN THE GSE BOND MARKET</u>**

**Table of Contents**

I.     Background ..................................................................................... 2

II.    Incorporation of the Compliance Program ............................................ 2

III.   The Compliance Program – Components and Sub-Components............................ 2

      A.     General Requirements.................................................... 2

      B.     The Three Lines of Defense Framework.................................... 3

      C.     Program Elements............................................................... 3

      D.     Chief Compliance Officer ("CCO") ......................................... 5

      E.     Internal Controls ..................................................... 6

      F.     Training ....................................................................... 7

      G.     Independent Testing ................................................... 8

## I.      Background

This Compliance Program for Financial Institutions ("FIs") including Conduct within the government-sponsored entities GSE Market (the "Compliance Program") sets forth commonly accepted industry practices and United States Department of Justice guidance that define the high-level components and sub-components that should be included in an effective compliance program.

These are general guidelines for components of a compliance program that should be tailored to the specific size, products and services, geographic distribution and business model of a particular financial institution. If certain recommended components are not included in an existing compliance program, it would not necessarily indicate that the program is non-compliant or deficient. Whether or not a particular institution's compliance program is reasonably designed and effectively implemented would depend on a variety of factors specific to that institution.

## II.     Incorporation of the Compliance Program

This Compliance Program has been developed using general best practices based on U.S. legal and regulatory requirements, regulatory guidance and industry standards for the dealing and trading activities related to the government-sponsored entities "GSE" market.  For the Compliance Program to be effective, it must provide the governance framework, be properly implemented and sustainable so that an FI can prevent, detect and address antitrust violations and anti-competitive conduct.

The Compliance Program must be customized to each FI based on criteria including the institution's size, overall risk profile, products and services offered, customer base, counterparties and markets served.  The Compliance Program must be fully integrated within the financial institution, with continuous assessment and updates, to be a living, flexible document with effective controls, to facilitate compliance with legal and regulatory requirements, guidance and industry best practices.

The recommendations for the Compliance Program include: core elements, *i.e.*, components, as well as sub-components, of a best practices compliance program, including specific elements related to GSE Trading to ensure proper controls, testing and compliance functions.

## III.    The Compliance Program – Components and Sub-Components

A comprehensive compliance program, with focus on antitrust compliance specifically within the GSE Market to prevent and detect violations, will contain certain general components:

A.      General Requirements

The Program should be tailored to the FI, and include all applicable legal entities/subsidiaries, offices and branches.  The Program should include:

2

1.      Overall governance by the Board and senior business leadership, including a strong culture of compliance, designation of the Chief Compliance Officer, and adequate provision of staff, budget and technology resources.

2.      A written Compliance Policy and Program approved annually by the Board of Directors or senior business leadership.

3.      A system of internal controls sufficient to manage and mitigate risks including monitoring for compliance with legal and regulatory requirements.

4.      Training for all employees including the Board of Directors, Senior Management, Compliance, Internal Audit and those employees with trading responsibilities; and

5.      Independent testing.

B.      The Three Lines of Defense Framework

The "Three Lines of Defense" framework is the generally accepted structure to identify the specific roles that business, compliance, and internal audit each play in the design and execution of a successful compliance program.

1.      The First Line of Defense:

This refers to the front line or business. This team has the day-to day management and ownership of risks and controls. Their understanding of the business and its nuances are often a key advantage in identifying potential risks and executing many of the measures that the FI will implement to mitigate that risk.

2.      The Second Line of Defense:

This refers to the Compliance function, a team that is independent from the business to design, advise the business, and to evaluate and test that risks and controls are properly managed.

3.      The Third Line of Defense:

This generally refers to Internal Audit or an external consultant that provides assurance to senior management and the Board that the first two lines of defense are functioning effectively and to identify potential gaps and areas for enhancement.

C.      Program Elements

1.      Leadership and Corporate Governance

The role of governance is to provide a framework of rules and practices, assigned responsibilities, and the organizational structure to ensure accountability and transparency throughout the organization. This is typically the responsibility of Senior Management overseen by the Board of the FI.

Specific to this compliance program with an emphasis on GSE Trading, the role of governance is to clearly define the goals to mitigate the potential for anti-competitive activity within the GSE trading desk and ensure fair and appropriate activity and treatment of customers and trading partners. This should include appropriate Board committees to review risk and mitigation efforts and to monitor key initiatives. Further, Governance would also include ensuring that the appropriate resources, including technology, are allocated to properly support the Compliance program and the business. Lastly, the Board or senior management, as appropriate, should approve written compliance policies and procedures.

2.      Culture of Compliance

A strong culture of compliance is essential to a successful program. The Board and senior management have responsibility to understand, promote and communicate that compliance is critical.

a.      Tone at the Top.  The Board of Directors and Management must understand, communicate, support and promote the importance of Compliance.

b.      Tone in the Middle. There should be a commitment, understanding and accountability for compliance by middle management, including the prevention of anticompetitive conduct, and accountability for failures to abide by the rules.

c.      The FI should establish a code of conduct, with mandatory sign-off by all employees.  The FI should consider sign-off on a specific mandatory addendum describing the expectations for ethical trading conduct for those with responsibilities within the GSE Trading area(s).

3.      Accountability, Penalties & Rewards

The FI should include mechanisms for accountability if employees fail to reflect the culture of compliance that the Board and senior management has proscribed.

a.      Employees must be accountable for the failure to adhere to

4

compliance and risk controls including anticompetitive conduct. The FI should also incorporate, as appropriate, relevant disciplinary measures in policies and procedures and consider positive incentives for performing at expectations.

b.    The FI should incorporate compliance in job descriptions and performance evaluations/metrics, including the specific incorporation of compliance with anticompetitive conduct controls for relevant personnel.

c.    The FI should align employee compensation structure, incentives and rewards to promote ethical conduct and performance in line with expectations from a compliance perspective.

4.    Communication

a.    Compliance should provide direct reporting to the Board and Senior Management, and the Board should receive regular compliance updates, including any instances or issues involving anticompetitive conduct. The Board minutes should reflect these updates.

b.    The FI should document communications with subsidiaries and other legal entities emphasizing the importance of ethical conduct.

c.    The FI should strive for a culture of openness when non-compliance is identified by:

i.    Establishing and communication of clear lines for reporting material non-compliance to management; and

ii.    Establishing an anonymous/confidential channel for employee whistleblowing and promoting a culture of "no retaliation" and encouraging employees to speak up.

D.    Chief Compliance Officer ("CCO")

1.    The Board of Directors should designate a qualified person responsible for the overall Compliance Program as well as the coordination and monitoring of day-to-day compliance. The CCO should also have knowledge and experience with anticompetitive conduct including prevention and management of issues.

2.    The CCO must have the necessary seniority, autonomy, authority and resources to effectively execute all duties, including dedicated,

5

experienced and knowledgeable compliance officers/attorneys supporting antitrust issues specific to the businesses.

3.      The CCO should have a direct line of communication with the Board of Directors and senior management to report compliance issues, including anticompetitive conduct and related issues.

E.      Internal Controls

1.      Risk Assessment

The Risk Assessment program should include:

a.      Dedicated, knowledgeable and experienced resources, who have an understanding of all of the FI's business lines and respective risks, and sufficient knowledge to assess the strength of controls, particularly with focus on higher risk areas such as trading; and

b.      A documented methodology that provides a roadmap for performing the risk assessment.  The methodology should be repeatable, auditable and updated on a regular basis.

c.      The risk assessment report should:

i.      Allows the Board of Directors and senior management to identify, assess, manage and mitigate the FI's antitrust risk;

ii.     Include an assessment of the FI's industries/business lines, products and services;

iii.    Include an assessment of the FI's antitrust compliance risk and controls;

iv.     Include information and metrics to inform the antitrust compliance program; and

v.      Is current and subject to periodic review.

2.      Monitoring/Investigations/Reporting

a.      The FI should have in place an effective monitoring/assurance program, to perform ongoing testing, reporting and tracking to ensure employees adhere to the compliance program.

b.      With regard to the FI's trading activities specifically, monitoring should include not only activities and transactions

6

performed, but:

      i.      Adherence to all relevant documented policies, procedures and processes and monitoring of electronic group chat rooms such as Instant Bloomberg chats, emails, etc.

      ii.     Implementation of automated system-based monitoring protocols designed to prevent and identify antitrust compliance violations (*e.g.* trading system controls, communication controls, etc.).

3.      Change Management

It is important for the FI to be able to ensure that as changes are made to regulatory requirements, or to systems supporting the business a robust change management process is in place to evaluate those changes and implement them across all impacted processes and systems.  This requires a structured process to update the policies, procedures, controls, training and testing. The FI should maintain formal processes for tracking changes and implementing process updates as needed.

Key elements for consideration:

a.      Methods for monitoring and identifying changes to legal requirements, regulatory expectations or changes in risk;

b.      Procedures for assessing business impact and implementing required policy, procedure, training and system updates as needed; and

c.      Protocols for conducting testing prior to implementing system changes to ensure  controls remain in place post-change.

4.      Record Retention

The FI must establish adequate record retention processes, policies and procedures to ensure that it maintains a sustainable document retention system, including relevant documentation and records regarding the FI's antitrust operations and compliance.  Employees should also be educated regarding the ramifications of document destruction.

F.      Training

The Board, Management and all employees should be trained to understand their compliance obligations, including all relevant employees with antitrust compliance responsibilities.  The training program should include:

7

1.     Sufficient, dedicated, knowledgeable and experienced resources responsible for managing, developing and delivering the training program.

2.     Focused training for GSE and similar trading including ethical behavior, the obligation to independently determine pricing, distinction between lawful syndication activities and unlawful price-fixing in the secondary market, and the importance of the role and ethical conduct of Approved GSE Bond Dealers.  The training should also include prior compliance incidents and lessons learned.

3.     Tracking of internal training programs including successful completion, and attendance as well as attendance at external training. Additionally, a key element is the reporting and escalation of training results and provisions related to disciplinary action for non-participation.

G.     Independent Testing

The independent testing program should be risk-based, assess adherence to policies and procedures and evaluate the effectiveness of controls.  It should also incorporate testing of ethical conduct and specifically GSE bond trading in the various program elements.

The program elements should include:

1.     Sufficient, dedicated, knowledgeable and experienced resources to perform independent testing.  If external resources are used, the FI should have a robust program to assess the experience and knowledge of the resources to be used.

2.     A risk-based, customized independent testing program, including trading in the GSE market, that is updated on a regular basis and aligned to the FI's risk assessment program.  The independent testing program should also consider the results of the ongoing periodic assurance/monitoring performed, regulatory reports and any other relevant internal/external assessments.

3.     Reporting, including to the Board of Directors and senior management, that is comprehensive, accurate, adequate and timely.

4.     Testing, tracking and reporting to ensure remediation and closure of identified deficiencies to ensure program sustainability.