UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GSE BONDS ANTITRUST
LITIGATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

19-cv-1704 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

The Court has received letters from three potential class members in the above captioned case regarding plaintiffs' settlements with Deutsche Bank Securities, Inc., First Tennessee Bank, N.A. and FTN Financial Securities Corp., and Goldman Sachs & Co. LLC. The Court ordered plaintiffs' counsel to respond in writing to the letters, which raised assorted concerns about the settlement process. The Court is satisfied with the response of plaintiffs' counsel, attached as Exhibit A to this order.

However, in order to address concerns that one of these potential class members raised about the timing of the mailing notice, the Court extends the opt-out and objection deadline to February 14, 2020 for class members who did not receive a Notice Packet before the original January 16, 2020 opt-out and objection deadline. Further, the Court extends the deadline for all class members to submit their claims to February 28, 2020.

SO ORDERED.

1

Dated:   New York, NY

January 2̸7̸ 2020

                                   JED S. RAKOFF, U.S.D.J.

Exhibit A

January 24, 2020

**VIA EMAIL**

The Honorable Jed S. Rakoff
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312
rakoffnysdchambers@nysd.uscourts.gov

> ### *Re:* *In re GSE Bonds Antitrust Litig.*,
> ### No. 1:19-cv-01704 (JSR) (S.D.N.Y.)

Dear Judge Rakoff:

Pursuant to the Court's requests, we write to address three inquiries the Court received from potential Class Members about the settlements with Deutsche Bank Securities, Inc. ("Deutsche Bank"), First Tennessee Bank, N.A. and FTN Financial Securities Corp. ("FTN"), and Goldman Sachs & Co. LLC ("Goldman Sachs").

*First*, Patrick McGraw emailed the Court on January 18, 2020 regarding the timing of the mailing of the Notice Packets. Mr. McGraw received his Notice Packet on January 17, 2020 because his broker, Fidelity Investments ("Fidelity"), did not timely provide his mailing information to A.B. Data, Ltd. ("A.B. Data"). To address Mr. McGraw's concern, we ask that the Court extend the opt-out and objection deadline to February 14, 2020 for him and all similarly-situated Class Members who did not receive a Notice Packet before the original January 16, 2020 opt-out and objection deadline. For all Class Members, we request that the Court extend the deadline for submitting their claims to February 28, 2020.

*Second*, Joel Margolis wrote to the Court on January 18, 2020 concerning the usability of the online claim portal. That same day, Co-Lead Counsel fully addressed Mr. Margolis's concerns.

*Third*, Eric Jurist, Esq. sent a letter to the Court dated January 21, 2020 concerning the substance of the Notice Packet, duration of the Class Period, and claims filing process including the filing deadline. We believe his complaints about the Notice Packets and Class Period are unfounded, and the proposed extension of the claims deadline will address his concern about having sufficient time to submit a claim.

These issues are discussed in detail below.

## I. NOMINEES FAILED TO TIMELY PROVIDE BENEFICIAL OWNER INFORMATION, WHICH DELAYED MAILING OF MR. MCGRAW'S AND OTHER POTENTIAL CLASS MEMBERS' NOTICE PACKETS

The Court preliminarily approved the notice plan requiring A.B. Data to: (i) mail the Notice Packet to Class Members who can be identified through reasonable effort; (ii) post the Notice Packet on the settlement website; (iii) publish notice in *The Wall Street Journal*, *The New York Times*, *The Financial Times*, and *The Bond Buyer*; (iv) transmit notice over the *PR Newswire*; and (v) implement banner ads on Zacks.com and Barchart.com. ECF Nos. 268, ¶4; 337, ¶4. Further, the Court directed A.B. Data to send Notice to nominee owners, such as brokerage firms and other persons or entities who or which transacted for the beneficial interest of persons or organizations other than themselves ("Nominees"), requesting that such Nominees within seven days of receipt of the Notice: (i) request from the Claims Administrator sufficient copies of the Notice to forward to beneficial owners; or (ii) provide a list of the names and addresses of beneficial owners to the Claims Administrator for prompt distribution. ECF Nos. 268, ¶6; 337, ¶6.

Providing notice to class members through brokers, financial institutions, and other relevant nominees is common in securities and financial antitrust class actions because some individuals and entities purchase instruments under a "street name" – *i.e.*, in the name of a nominee or brokerage house. *Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1982) (noting the "difficulty of ensuring that notice is received by persons whose purchases are recorded in 'street names' – typically banks or brokerage houses" and indicating approval "of the use of bank and brokerage house records to compile a list of actual holders of securities to whom individual notices would be mailed"); *see also In re AOL Time Warner, Inc.*, No. 02 Civ. 5575 (SWK), 2006 WL 903236, at *3 (S.D.N.Y. Apr. 6, 2006) (providing notice of settlements to beneficial owners through brokers and other nominees in securities class action); *Buxbaum v. Deutsche Bank AG*, 216 F.R.D. 72, 74 (S.D.N.Y. 2003) (same); *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 1:13-cv-07789-LGS, ECF No. 883, ¶13 (S.D.N.Y. Sept. 29, 2017) (same in financial antitrust class action); *Alaska Electrical Pension Fund v. Bank of Am.*, No. 14-cv-7126 (JMF), ECF No. 669, ¶16 (S.D.N.Y. June 26, 2018) (same in financial antitrust class action).

A.B. Data mailed Notice Packets to 5,005 Nominees on November 12, 2019 (Deutsche Bank and FTN settlements) and December 23, 2019 (Goldman Sachs settlement). Additionally, A.B. Data followed up by email on December 9, 2019 (Deutsche Bank and FTN settlements) and December 23, 2019 (Goldman Sachs settlement) with 870 of the Nominees who previously opted in to receive email communications from A.B. Data, requesting that the Nominees immediately request copies of the Notice Packet to mail directly to beneficial owners or provide A.B. Data with the names and mailing addresses of such beneficial owners. As of January 2, 2020, A.B. Data received 49,419 names and addresses through the Nominee procedure. ECF No. 350, ¶10.

### *A.* *Fidelity Investments and Other Nominees Failed to Timely Provide Beneficial Owner Information*

Despite multiple requests for beneficial owner names and addresses, certain Nominees were late providing information to A.B. Data. Specifically, A.B. Data received Mr. McGraw's contact information from Fidelity on January 6, 2020. A timeline of A.B. Data's correspondence, in addition to the general correspondence mentioned above, with Fidelity follows:

- Thursday, December 5, 2019: Fidelity emailed A.B. Data to obtain a CUSIP list. That same day, A.B. Data responded to Fidelity with an electronic list of CUSIPs that may qualify as GSE Bond Transactions and be eligible to participate in the settlements.

- Monday, January 6, 2020: Fidelity emailed A.B. Data a file containing 136,119 names and addresses of potential Class Members (the·"Fidelity Data"). A.B. Data's internal "Data Formatting Team" began to review the Fidelity Data for consistency, *e.g.*, ensuring that all fields were in the proper columns and the list did not combine addresses in the same column with name fields. This process lasted two days due to the non-standard formatting of the names and addresses in the Fidelity Data.

- Wednesday, January 8, 2020: The A.B. Data "IS Team" de-duplicated the names and addresses in the Fidelity Data, added the names and addresses to its database and created unique identification numbers for all entries (known as the "Notice ID"), and generated a mailing output to provide to the printer. A.B. Data provided the revised Fidelity Data to its external printer to compare the names and addresses against USPS's National Change of Address ("NCOA") database and update the addresses accordingly. The NCOA review lasted a day.

- Thursday, January 9, 2020: Ink jetting the Notice Packets commenced and continued through Friday, January 10.

- Monday, January 13, 2020: Finalized Notice Packets to the names provided in the Fidelity Data were delivered to USPS and mailed.

As the timeline demonstrates, A.B. Data corresponded with Fidelity in a timely manner and processed, printed, and disseminated Notice Packets for Fidelity customers within five business days of receipt of the Fidelity Data.

In addition to Fidelity, the following Nominees also failed to promptly provide beneficial owner names and addresses to A.B. Data and submitted such information on the following dates: (i) Stifel Nicolaus on January 8; (ii) Daiwa Capital Markets America on January 9; (iii) Jefferies & Co. on January 14; (iv) Stephens, Inc. on January 14; and (v) U.S. Bancorp Investments on

January 17. Collectively, these Nominees sent 44,606 names and addresses that A.B. Data has been handling as quickly as possible. A.B. Data estimates that these potential Class Members will receive Notice Packets within the next week. In addition, Broadridge Financial Solutions, Inc. ("Broadridge"), an aggregator that acts on behalf of Nominees to gather and clean their data, previously requested 347,000 Notice Packets on January 2 to mail directly to beneficial owners. ECF No. 350, ¶10.

## B. Proposed Extensions for Class Members that Received Notice After the Opt-Out and Objection Deadline and Extension of the Claims Deadline for All Class Members

To resolve the issue of certain Nominees' failure to timely provide beneficial owner information, Co-Lead Counsel request that the Court extend Mr. McGraw's and similarly-situated Class Members' deadline to opt out or object to the settlements with Deutsche Bank, FTN, and/or Goldman Sachs to February 14, 2020.[1] The proposed extension is limited to Class Members who did not receive a Notice Packet before the original January 16, 2020 opt-out and objection deadline due to Nominees' untimely production of beneficial owner information. Deutsche Bank, FTN, and Goldman Sachs consent to the proposed extensions.

---

[1]     Pursuant to the Preliminary Approval Orders, an opt out must be mailed or delivered such that it is received by February 14, 2020, to GSE Bond Antitrust Settlement Exclusions c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217; and (a) state the name, address, and telephone number of the person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity requests to be excluded from the Deutsche Bank, FTN, and/or Goldman Sachs Settlement Class in the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)); (c) provide documents sufficient to prove membership in the Settlement Class; and (d) be signed by such person or entity requesting the exclusion or an authorized representative, as well as provide proof of authorization if submitted by an authorized representative. ECF Nos. 268, ¶11; 337, ¶11. To file an objection, a Class Member must file with the Clerk of Court a written objection, and serve copies on Co-Lead Counsel, Deutsche Bank's Counsel, FTN's Counsel, and Goldman Sachs' Counsel, such that they are received on or before February 14, 2020. ECF Nos. 268, ¶¶13-16; 337, ¶¶13-16. The written objection must include: (i) the name, address, and telephone number of the person or entity objecting and must be signed by the Settlement Class Member (an attorney's signature is not sufficient); (ii) the name of the Action (*In re GSE Bonds Antitrust Litigation*, Lead Case No. 1:19-cv-01704-JSR (S.D.N.Y.)) and which settlement or settlements the objection applies to; (iii) a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iv) whether the objection applies only to the Settlement Class Member, a specific subset of the Settlement Class, or the entire Settlement Class; and (v) documents sufficient to prove the Settlement Class Member's membership in the Settlement Class. *Id.*

For all Class Members, Co-Lead Counsel request that the claims submission deadline be extended to February 28, 2020. This will ensure that all Class Members who would like to participate in the settlements will be afforded the opportunity to do so prior to the Fairness Hearing on February 28.

To notify potential Class Members of this update, A.B. Data will post the following alert on the homepage of the settlement website: "ATTENTION: For all Class Members, the deadline for you to file claims for the Deutsche Bank, FTN, and Goldman Sachs settlements has been extended to February 28, 2020. For all Class Members who did not receive a Notice Packet before the original January 16, 2020 opt-out and objection deadline, the deadline for you to opt out or object to the settlements with Deutsche Bank, FTN, and/or Goldman Sachs has been extended to February 14, 2020."

## C. Many Beneficial Owners that Received Notice Packets Are Not Class Members Because Nominees Were Likely Over-Inclusive in Identifying Customers

Since January 16, when the Notice Packets to beneficial owners began arriving at homes and businesses, Co-Lead Counsel and A.B. Data have been fielding numerous telephone and email inquiries from beneficial owners who did not directly invest in GSE Bonds, but held shares of ETFs and mutual funds that contained GSE Bonds along with a mix of other securities. Accordingly, A.B. Data contacted the Nominees to determine how beneficial owners were identified and is working with Nominees to better tailor their searches to the contours of the Settlement Class definition for the future round of notices, if the additional settlements are approved.

## D. The Notice Program Meets Due Process and Rule 23 Standards

"It is 'widely recognized that for the due process standard to be met it is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected.'" *Buxbaum*, 216 F.R.D. at 80 (citation omitted); *see, e.g., In re Marsh & McLennan Companies, Inc. Sec. Litig.*, No. 04 Civ. 8144 (CM), 2009 WL 5178546, at *24 (S.D.N.Y. Dec. 23, 2009) (rejecting challenge to notice program and reasoning "[t]hat certain objectors' brokers failed to comply with the Preliminary Approval Order and forward their clients the necessary paperwork in a timely fashion is no fault of Lead Counsel"); *id.* ("Moreover, 'notice provided to the class members' nominees – i.e., the brokerage houses – has been deemed sufficient even if brokerage houses failed to timely forward the notice to the beneficial owners.'") (collecting cases); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 411 (S.D.N.Y. 2018) (rejecting challenge to timeliness of notice program and stating "[w]hile it is less than ideal for certain investors not to have received Notice Packets prior to relevant deadlines, alternate notice was provided in widely distributed publications, such as *Investor's Business Daily*, at least one national newswire, and on the internet.").

Because notice of the settlements was mailed to individual Class Members who could be identified through reasonable effort, publicized in widely-distributed publications and two financial websites, distributed by one national newswire, and posted on the settlement website, the notice program satisfies due process and Rule 23. Moreover, given the proposed extensions, Co-Lead Counsel believes that the issues created by Nominees' untimeliness will be remedied. Co-Lead Counsel will further address the notice plan in their reply brief in support of final approval of the settlements with Deutsche Bank, FTN, and Goldman Sachs on February 18.

## II. MR. MARGOLIS'S CLAIMS-FILING ISSUES HAVE BEEN RESOLVED

Co-Lead Counsel received an email from Mr. Margolis on January 17 expressing concern about the online claim form and promptly responded on January 17 and January 18. The emails explained to Mr. Margolis how to access the online portal for claims submission. After receiving the Court's January 22 letter, we contacted Mr. Margolis again. Mr. Margolis said that he sent the letter before seeing Co-Lead Counsel's email responses and that he had, in fact, submitted his claim online. After speaking with Mr. Margolis further about the nature of his transactions, we learned that he purchased a Fannie Mae bond through a non-defendant broker and, thus, is not a Class Member.

A.B. Data updated the settlement website to make it clearer that Class Members should use the portal link to file a claim. A.B. Data also added language to inform Class Members that the .pdf version of the claim form is intended as a reference to assist with gathering information before submitting the claim electronically. If for any reason a Class Member is unable to complete the online claim form, A.B. Data will accept the paper version and manually enter the data into its system.

## III. MR. JURIST'S CONCERNS REGARDING THE SUBSTANCE OF THE NOTICES AND THE LENGTH OF THE CLASS PERIOD ARE UNFOUNDED, AND THE PROPOSED EXTENSION OF THE CLAIMS-FILING DEADLINE WILL ADDRESS HIS REMAINING CONCERN

Mr. Jurist's concerns about the format and substance of the Notice Packet are unfounded. The Notice states in plain, easily understood language each of the Notice requirements of Rule $23(c)(2)(B)(i)$-(vii). We recognize that certain aspects of this complex antitrust action may be difficult for Class Members to understand. This is why the Notice included contact information for Co-Lead Counsel and the Claims Administrator and repeatedly invited Class Members to reach out with questions.

While we understand the difficulty of obtaining records for the entirety of the Class Period, the Class Period was selected based on the duration of the alleged conduct. Further, Mr. Jurist himself was able to obtain relevant records for seven of the ten years in the Class Period.

Finally, Mr. Jurist's concern regarding the time to complete the online claims submission process would be addressed by Co-Lead Counsel's proposed extension of the claims deadline.

\*       \*       \*       \*       \*

In conclusion, Co-Lead Counsel requests that the Court extend the opt-out and objection deadlines to February 14, 2020 for Class Members who did not receive a Notice Packet before the original January 16, 2020 opt-out and objection deadline. For all Class Members, Co-Lead Counsel requests that the Court extend the claims deadline to February 28, 2020.

Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s/* Christopher M. Burke
Christopher M. Burke
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
cburke@scott-scott.com

**LOWEY DANNENBERG, P.C.**

*s/* Vincent Briganti
Vincent Briganti
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
vbriganti@lowey.com

cc:     Patrick A. McGraw (mpmcgraw@att.net)
Joel Margolis (jmargolis@juno.com)
Eric Jurist (ejurist@optimum.net)
Abram Ellis
John Terzaken
Robert Wick
Henry Liu
Richard Pepperman II