USDC SDNY
DOCUMENT
ELECTRONICALLY F...
DOC #:
TE FILED: 2/6/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GSE BONDS ANTITRUST LITIGATION

19-cv-1704 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

On January 30, 2020, the Court held a preliminary approval hearing for the final two proposed settlements in the above-captioned case. The first proposed settlement is between plaintiffs and Barclays Capital, Inc. ("Barclays"). See Mot. for Prelim. Approval, ECF No. 340; Burke Decl., Exh. 1, ECF No. 343 ("Barclays Settlement Agreement"). The second is between plaintiffs and all remaining defendants: BNP Paribas Securities Corp.; Cantor Fitzgerald & Co.; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; HSBC Securities (USA) Inc.; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; Morgan Stanley & Co. LLC; Nomura Securities International, Inc.; SG Americas Securities, LLC; TD Securities (USA) LLC; and UBS Securities LLC (the "global defendants"). See Mot. for Prelim. Approval, ECF No. 341; Burke Decl., Exh. 2, ECF No. 343 ("Global Settlement Agreement").

The Court has already preliminarily approved settlements between plaintiffs and Deutsche Bank Securities, Inc. ("DB"),

1

First Tennessee Bank, N.A. and FTN Financial Securities Corp. (collectively "FTN"), and Goldman Sachs ("GS") that are substantially similar to the Global Settlement Agreement. The Court thus preliminarily approves the Global Settlement Agreement for substantially the same reasons it approved the prior settlements. See Opinion and Order, ECF No. 298 ("DB & FTN Op."); Memorandum Order, ECF No. 339 ("GS Mem."). The final approval hearing for this settlement will be Tuesday, June 9, 2020 at 3:30 pm.[1]

The Court notes, however, that two Grinnell factors, "the range of reasonableness of the settlement in light of the best possible recovery," and "the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation," weigh less in favor of approval here than with regard to the DB and GS Settlement Agreements. See City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974). Although the proposed global settlement fund represents a similar percentage of the best possible recovery to that of the DB and GS settlements, the global defendants do not provide the additional value of cooperation that DB and GS did. The global defendants are thus similarly situated to FTN, which

---

[1] Assuming the Court also preliminarily approves the Barclays Settlement Agreement, the final approval hearing date will be the same.

2

offered only conditional cooperation that the Court declined to afford any weight. DB & FTN Op. at 19. Nonetheless, because the global settlement fund represents a greater percentage of the best possible recovery than the FTN settlement fund,[2] these two Grinnell factors do not ultimately weigh against preliminary approval as they did in the FTN settlement. Id. at 19.

With respect to the Barclays Settlement Agreement, the Court continues to have questions about the propriety of preliminary approval. Specifically, the Court is concerned about a provision of a sealed agreement between plaintiffs and Barclays that the parties were required to identify under Rule 23(e)(3). Accordingly, the Court will hold an additional preliminary approval hearing for the Barclays Settlement Agreement on Wednesday, February 5, 2020 at 3:30 pm. If either party so requests and the Court finds it necessary, this hearing will be partly or totally sealed.

SO ORDERED.

Dated:   New York, NY
         ~~January~~ 2/3/2020

JED S. RAKOFF, U.S.D.J.

---

[2] The FTN settlement fund represented 6-12% of the best possible recovery based on automatic trebled damages. DB & FTN Op. at 19. The global settlement fund represents 10-20% of the potential trebled recovery. See Pls. Mem. of Law in Support of Mots. for Preliminary Approval at 16, ECF No. 342.

3