**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** | Case No. 1:19-cv-01704 (JSR) |

**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................ 1

THE REACTION OF THE CLASS DEMONSTRATES THE REASONABLENESS AND
FAIRNESS OF CO-LEAD COUNSEL'S REQUESTED AWARD ............................................. 1

CONCLUSION ................................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Bryant v. Potbelly Sandwich Works, LLC*, No. 17-cv-7638 (CM)(HBP),
  2020 WL 563804 (S.D.N.Y. Feb. 4, 2020) .................................................................................. 1

*Goldberger v. Integrated Recycling, Inc,*
  209 F.3d 43 (2d Cir. 2000) ........................................................................................................ 1

*In re Bisys Sec. Litig.*,
  No. 04-cv-3840 (JSR), 2007 WL 2049726 (S.D.N.Y. July 16, 2007) ....................................... 4

*In re Crazy Eddie Sec. Litig.*,
  824 F. Supp. 320 (E.D.N.Y. 1993) ............................................................................................ 5

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
  586 F. Supp. 2d 732 (S.D. Tex. 2008) ...................................................................................... 4

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
  912 F. Supp. 97 (S.D.N.Y. 1996) .............................................................................................. 5

*In re Telik, Inc. Sec. Litig.*,
  576 F. Supp. 2d 570 (S.D.N.Y. 2008) ....................................................................................... 4

*In re WorldCom, Inc. Sec. Litig.*,
  388 F. Supp. 2d 319 (S.D.N.Y. 2005) ....................................................................................... 5

*Mashburn v. Nat'l Healthcare, Inc.*,
  684 F. Supp. 679 (M.D. Ala. 1988) ........................................................................................... 2

*Ressler v. Jacobson*,
  149 F.R.D. 651 (M.D. Fla. 1992) .............................................................................................. 5

*Tiro v. Pub. House Invs., LLC*,
  Nos. 11-cv-7679 (CM), 11-cv-8249 (CM), 2013 WL 4830949 (S.D.N.Y. Sept. 10, 2013) ....... 2

Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Lowey Dannenberg, P.C. ("Lowey" and, collectively with Scott+Scott, "Co-Lead Counsel") respectfully submit this reply memorandum of law in further support of their motion for an award of 22% ($10.89 million) as attorneys' fees from the $49,500,000 common fund established by the Deutsche Bank settlement, FTN settlement, and Goldman Sachs settlement (collectively, the "Settlements") and reimbursement of $1,039,183.27 (or approximately 2.1% of the common fund) in Litigation Expenses, plus interest on the award at the same rate that is earned by the Settlement Fund.[1]

## INTRODUCTION

Following a multi-faceted notice program to the Settlement Class, not a single Settlement Class Member has objected to Co-Lead Counsel's requested award of attorneys' fees and reimbursement of Litigation Expenses. Many of these Settlement Class Members are institutional investors, among the most sophisticated participants in financial markets. The lack of any objections, particularly from institutional investors, is strong evidence that Co-Lead Counsel's motion is fair and reasonable.

## THE REACTION OF THE CLASS DEMONSTRATES THE REASONABLENESS AND FAIRNESS OF CO-LEAD COUNSEL'S REQUESTED AWARD

The reaction of the Settlement Class provides evidence of both the quality of Co-Lead Counsel's representation and the public policy consideration in favor of granting the request, two of the six factors described in *Goldberger v. Integrated Recycling, Inc,* 209 F.3d 43 (2d Cir. 2000) for determining fee awards. *See Bryant v. Potbelly Sandwich Works, LLC*, 17-cv-7638 (CM)(HBP), 2020 WL 563804, at *7 (S.D.N.Y. Feb. 4, 2020) (implicitly finding that lack of

---

[1] *See, e.g.,* Order, *In re Petrobras Securities Litig.*, No. 14-cv-9662 (JSR) (S.D.N.Y. June 29, 2018), ECF No. 837 (awarding interest on any fees and costs at the same rate as earned by the settlement fund).

class member objections or opt outs greatly mitigated the public policy concerns of whether the attorneys' fee was excessive); *Tiro v. Pub. House Invs., LLC*, Nos. 11-cv-7679 (CM), 11-cv-8249 (CM), 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (crediting the lack of objections to the attorneys' fee award as a factor demonstrating the quality of representation). The reaction of the Settlement Class to Co-Lead Counsel's requested award of attorneys' fees and reimbursement of Litigation Expenses is among the most important criterion to assess the reasonableness of the request. "The pole star in determining the reasonableness of any fee award pursuant to the common fund doctrine should be whether the class members themselves believe the fee to be reasonable." *Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 679, 695 (M.D. Ala. 1988). As with the settlement itself, the lack of formal objections to Co-Lead Counsel's request is "a reaction . . . [which] is entitled to great weight by the Court." *Tiro*, 2013 WL 4830949, at *14.

In this Action, Settlement Class Members received ample information about the Settlements. More than 607,000 copies of the Notice were distributed advising Settlement Class Members of the Settlements and Co-Lead Counsel's request for 22% of the Settlement Fund as attorneys' fees and reimbursement of their Litigation Expenses. Supplemental Affidavit of Steven Straub Regarding Notice Administration ("Straub Reply Aff.") ¶ 3. The Notice informed Settlement Class Members of, among other things, their right to object to Co-Lead Counsel's request. ECF No. 350 Exs. A ¶ 23 & B ¶ 23. Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, detailing their requested award, was posted on the Settlement Website on January 7, 2020. Straub Reply Aff. ¶ 8. The Settlement Website, which contains, among other things, the Notice, access to the electronic Claim Form, and copies of all relevant Court documents, has been visited over 91,000 times. More than 8,700

calls have been fielded by the Claims Administrator, and Co-Lead Counsel has received and responded to over 1,000 calls and emails about the Settlements from Settlement Class Members. Straub Reply Aff. ¶¶ 6-9.  And yet, with all of the relevant information available to them, not a single Settlement Class Member objected to Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.

The quality of Co-Lead Counsel's representation is evidenced by the fact that, despite the many calls and emails received by Co-Lead Counsel and the Claims Administrator, no Settlement Class Member felt compelled to make or stand on any objection.  The various correspondence received by the Court raised concerns with the claims administration process, not complaints about the substance of the Settlements, Plan of Distribution, or the proposed attorneys' fee award and reimbursement of Litigation Expenses.  As soon as Co-Lead Counsel became aware of questions or concerns from other Settlement Class Members, Co-Lead Counsel quickly addressed and resolved those issues.

The lack of objections from institutional investors provides particular comfort that, from a public policy perspective, the requested fees are not excessive.  Institutional investors are some of the largest and most sophisticated businesses in the country with significant experience in the GSE Bonds markets and with class actions generally.  From the outset of the case, Plaintiffs understood that this Action went "to the root of just about every state government and every political subdivision's ability to invest funds" as "in many cases [such governmental entities are] not allowed to invest in anything other than high-credit government securities" such as GSE Bonds.  ECF No. 167, Tr. at 20:13-17 (Apr. 29, 2019 testimony of Christopher Craig, Chief Counsel for the Pennsylvania Treasury Department and counsel for Plaintiff Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania).

Many institutional investors have the means to closely evaluate fee proposals and employ high quality legal counsel and/or legal departments, including some with their own antitrust departments or outside antitrust counsel to help them assess (and if necessary, challenge) the fairness of a settlement and the fees to be paid. Because institutional investors have the capacity to scrutinize the proposals, a lack of an objection demonstrates a "general acceptance of the requested fee amount by all the pension funds and . . . institutional investors [which in turn] strongly supports the reasonableness" of the proposed fee. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 803 (S.D. Tex. 2008). Numerous institutional investors have contacted Co-Lead Counsel with questions about various aspects of the Settlements, and none has opted to file an objection. Indeed, several public investors that had filed independent actions based on virtually the same allegations against an overlapping set of defendants *voluntarily dismissed* the Settling Defendants from their own actions after receiving notice of the settlement and its terms. *See State of Louisiana v. Bank of America, N.A.*, No. 3:19-cv-00638 (M.D. La. Sept 23, 2019); *City of Baton Rouge/East Baton Rouge Parish v. Bank of America, N.A.*, No. 3:19-cv-00725 (M.D. La. Oct 21, 2019).

Numerous courts in this District have considered the lack of objections by institutional investors to the attorneys' fees as strong evidence of the fees' reasonableness. *See In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 593-94 (S.D.N.Y. 2008) ("Members of the Class, which would include sophisticated institutional investors, were informed that they could object to the amount of attorneys' fees or expenses requested. . . . That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable."); *In re Bisys Sec. Litig.*, No. 04-cv-3840 (JSR), 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) ("[N]ot a single class member other than Zorn raised any objection-even though the class included

4

numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the one-third maximum fee was excessive . . . ."); *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 354 (S.D.N.Y. 2005) (awarding counsel's requested attorneys' fee after finding institutional investors had not objected to this request and were participating the settlement); *In re Crazy Eddie Sec. Litig.,* 824 F. Supp. 320, 327 (E.D.N.Y. 1993) (lack of objections to requested fee supported its reasonableness); *accord In re Prudential Sec. Inc. Ltd. P'ships Litig.,* 912 F. Supp. 97, 103 (S.D.N.Y.1996) ("isolated" objections should be considered "in the context of thousands of class members who have not expressed themselves similarly"); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request.").  That institutional investors in this Settlement Class have not raised any concerns about Co-Lead Counsel's attorneys' fee request is a strong indicator that the proposed fee award strikes a fair balance between rewarding Co-Lead Counsel for their efforts and protecting against excessive fees.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Co-Lead Counsel's opening papers, Co-Lead Counsel respectfully request that the Court approve the motion for attorneys' fees and reimbursement of Litigation Expenses in the amounts set forth above.  A proposed order granting the request is filed contemporaneously herewith.

Dated: February 18, 2020

CHRISTOPHER M. BURKE
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
Fax: (619) 233-0508
cburke@scott-scott.com

DAVID R. SCOTT
AMANDA F. LAWRENCE
KRISTEN ANDERSON
DONALD A. BROGGI
PETER A. BARILE III
THOMAS BOARDMAN

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
Tel: (212) 223-6444
Fax: (212) 223-6334
david.scott@scott-scott.com
alawrence@scott-scott.com
kanderson@scott-scott.com
dbroggi@scott-scott.com
pbarile@scott-scott.com
tboardman@scott-scott.com

*Interim Co-Lead Counsel for the Class and Attorneys for Plaintiff City of Birmingham Retirement and Relief System*

_s/ Vincent Briganti_
VINCENT BRIGANTI
CHRISTIAN LEVIS
MARGARET MACLEAN
ROLAND R. ST. LOUIS, III
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
rstlouis@lowey.com

*Interim Co-Lead Counsel for the Class and Attorneys for Plaintiff Joseph M. Torsella is the Treasurer of the Commonwealth of Pennsylvania and the head of the Pennsylvania Office of the State Treasurer*

TODD A. SEAVER
CARL N. HAMMARSKJOLD
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 433-3200
Fax: (415) 433-6382
tseaver@bermantabacco.com
chammarskjold@bermantabacco.com

LESLIE R. STERN
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300
Fax: (617) 542-1194
lstern@bermantabacco.com

*Attorneys for Plaintiffs Electrical Workers Pension Fund Local 103, I.B.E.W., and Local 103, I.B.E.W. Health Benefit Plan*

6

CHRISTOPHER CRAIG
Chief Counsel
**PENNSYLVANIA TREASURY DEPARTMENT**
**OFFICE OF THE CHIEF COUNSEL**
129 Finance Building
Harrisburg, PA 17120
ccraig@patreasury.gov

*Attorney for Plaintiff Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania*