UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** | Case No. 1:19-cv-01704 (JSR) |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES**

WHEREAS, a class action is pending in this Court entitled *In re GSE Bonds Antitrust Litigation*, No. 1:19-cv-01704 (JSR);

WHEREAS, Plaintiffs have entered into settlements as set forth in the Stipulation and Agreement of Settlement with Deutsche Bank Securities Inc. (ECF No. 257-1); Stipulation and Agreement of Settlement with First Tennessee Bank, N.A. & FTN Financial Securities Corp. (ECF No. 267-1); and Stipulation and Agreement of Settlement with Goldman Sachs & Co. (ECF No. 318-1);

WHEREAS each of the foregoing stipulations are collectively referred to as the "Stipulations," and the foregoing defendants are collectively referred to as the "Settling Defendants";

WHEREAS, unless otherwise defined in this Order Awarding Attorneys' Fees and Payment of Litigation Expenses (the "Order"), the capitalized terms herein shall have the same meanings as they have in the Stipulations;

WHEREAS, by Orders dated on October 29, 2019 (ECF No. 296) and December 12, 2019 (ECF No. 337) (the "Preliminary Approval Orders"), this Court: (a) preliminarily approved the Stipulations and Plan of Distribution; (b) preliminarily certified the Settlement Class; (c) ordered that notice of the Stipulations be provided to potential members of the Settlement Class; (d) provided members of the Settlement Class with the opportunity either to exclude themselves from

the Settlement Class or to object to any of the proposed Stipulations; and (e) scheduled a hearing regarding final approval of the settlements set forth in the Stipulations on February 28, 2020 (the "Settlement Hearing");

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted the Settlement Hearing on February 28, 2020 to consider, among other things, whether an order award of attorneys' fees and payment of litigation expenses should be entered; and

WHEREAS, the Court having reviewed and considered Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses (the "Motion"), all papers filed, and proceedings held herein in connection with the Motion, all oral and written comments or objections received regarding the Motion, and the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – This Court has jurisdiction over the subject matter of the Action and all matters relating to settlements set forth in the Stipulations, as well as personal jurisdiction over all Parties and each of the Settlement Class Members.

2. **CAFA Notice** – The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

3. **Notice** – Notice of Co-Lead Counsel's Motion was given to all members of the Settlement Class who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the Motion satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all persons and entities entitled thereto.

4. **Attorneys' Fees and Payment of Expenses** – The Court hereby awards attorneys' fees in the amount of _____ percent of the Settlement Fund and $_____ in payment of Litigation Expenses.  Following entry of an order by the Court granting final approval to the material terms of the Stipulations, fifty percent (50%) of the attorneys' fees and one hundred percent (100%) of the Litigation Expenses, as awarded by the Court, shall be paid to Co-Lead Counsel from the Escrow Account, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof.   The remaining fifty percent (50%) of the awarded attorneys' fees shall be paid to Co-Lead Counsel from the Escrow Account when distribution of the proceeds to Authorized Claimants has been very substantially completed.  Co-Lead Counsel shall allocate the attorneys' fees awarded in a manner which Co-Lead Counsel, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In awarding attorneys' fees and payment of Litigation Expenses, the Court has considered and found that:

   a. The Stipulations have created a fund of $49,500,000 in cash that Settling Defendants have paid into escrow pursuant to the terms of the Stipulations;

   b. Numerous Settlement Class Members who or which submit valid Claim Forms will benefit from the settlements that occurred and Stipulations reached because of the efforts of Co-Lead Counsel;

   c. Copies of the Notice were mailed to members of the Settlement Class, stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed twenty-two percent (22%) of the Settlement Fund and payment of Litigation Expenses ;

   d. Co-Lead Counsel have conducted the litigation and achieved the settlements with skill, perseverance, and diligent advocacy;

      e.      The Action raised a number of complex issues;

      f.      Had the Stipulations not been reached, there would remain a significant risk that Plaintiffs and the Settlement Class may have recovered less or nothing from Settling Defendants;

      g.      Counsel for Plaintiffs submitted approximately 14,747.64 hours, with a lodestar value of approximately $9,375,244.25, in support of the attorneys' fee application; and

      h.      The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Action.

6.    **Retention of Jurisdiction** – Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

7.    **Separate Orders** – Separate orders shall be entered regarding Final Approval and Judgment and approving the Plan of Distribution.

8.    **Entry of Order** – There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED.

                                                HON. JED S. RAKOFF
                                                United States District Judge

DATED:      New York, NY