**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** |

Case No. 1:19-cv-01704 (JSR)

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds; City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan ("Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and Deutsche Bank Securities Inc. ("Deutsche Bank" and, together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Deutsche Bank and its predecessors, successors, assigns, subsidiaries, and affiliates including Deutsche Bank AG in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 21, 2019 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated October 29, 2019 (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to the Settlement Class; (iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (v) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on June 9, 2020 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against Deutsche Bank; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     **CAFA Notice** – The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

3.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on September 11, 2019; (ii) the Notice and the Publication Notice, both of which were filed with the Court on September 24, 2019; and (iii) Exhibits 2 and 3 attached hereto.

4.     **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, the Court certifies, for the purposes of settlement only the following Settlement Class:

All persons and entities who or which entered into a GSE Bond Transaction with one or more Defendants or a direct or indirect parent, subsidiary, affiliate, or division of a

Defendant during the Settlement Class Period.  Excluded from the Settlement Class are:  Defendants; direct or indirect parents, subsidiaries, affiliates, or divisions of Defendants; all federal government entities; and any judicial officer presiding over this Action and the members of his or her immediate family and judicial staff and any juror assigned to this Action.  Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

5.      The Court finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied for settlement purposes as follows:

a.      Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

b.      Pursuant to Rule 23(a)(2), the Court determines that there are one or more questions of fact or law common to the Settlement Class.

c.      Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Settlement Class.

d.      Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class.  Plaintiffs are certified as class representatives of the Settlement Class.

e.      Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual Settlement Class Members.

f.      Pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action.

g.      Pursuant to Rule 23(g), Co-Lead Counsel are certified as class counsel for the Settlement Class.

6.      The Court's certification of the Settlement Class, and certification of Plaintiffs as class representatives of the Settlement Class, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class.  The

Court's findings in this Judgment shall have no effect on the Court's ruling on any motion to certify any class or appoint class representatives in this litigation, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

7.     **Settlement Notice** – The Court finds that the dissemination of the Notice and the publication of the Publication Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the effect of the proposed Settlement (including the Releases to be provided thereunder); (b) Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (c) their right to object to any aspect of the Settlement, the Plan of Distribution, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and (d) their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

8.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Deutsche Bank in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class after considering the

factors set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and Rule 23(e)(2) of the Federal Rules of Civil Procedure.

9.      All of the claims asserted against Deutsche Bank in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Deutsche Bank, the other Settling Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such. The persons listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

11.      **Releases** – The Releases set forth in ¶¶3-10 of the Stipulation, together with the definitions contained in ¶1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to ¶13 of this Order, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released,

resolved, relinquished, waived, and discharged each and every of the Settled Claims[1] against Deutsche Bank and the other Settling Defendants, and shall forever be enjoined from prosecuting any or all of the Settled Claims against any of the Settling Defendants.

(b)     Without further action by anyone, and subject to ¶13 of this Order, upon the Effective Date of the Settlement, Deutsche Bank, on behalf of itself, and its respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every against Plaintiffs and the other Released Plaintiff Parties, and shall forever be enjoined from prosecuting any or all of the Settling Defendants' Claims against any of the Released Plaintiff Parties. This Release shall not apply to any person listed on Exhibit 1 hereto.

12.     Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO

---

[1]     "Settled Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which the Settling Plaintiff Parties ever had, now have, or hereafter can, shall, or may have, representatively, derivatively, or in any capacity against the Settling Defendants that arise from or relate to the factual predicate of the Action or any amended complaint or pleading therein. Settled Claims shall not include: (i) claims based on transactions that are outside the extraterritorial reach of the Sherman Act pursuant to Section 6a of the Sherman Act, 15 U.S.C. §6a; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submits a request for exclusion in connection with the Notice whose request is accepted by the Court.

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
WITH THE DEBTOR.

13.     Notwithstanding ¶11(a)-(b) of this Order, nothing in this Judgment shall bar any

action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

In addition, nothing in this Settlement or the Judgment, or Alternate Judgment, if applicable, shall

in any respect affect or impact the U.S. Department of Justice, or any other governmental

regulatory or law enforcement agency, from taking any action or refraining from taking any action

against any of the Parties with respect to the facts or circumstances giving rise to this Action.

14.     **Paragraph 9** – Pursuant to Paragraph 9 of the Stipulation, upon the earliest Final

Approval of any of the pending settlements between Plaintiffs and Goldman Sachs & Co. LLC,

Barclays Capital Inc., or BNP Paribas Securities Corp. et al., the Stipulation shall be deemed and

agreed to be amended[2] solely for purposes of reflecting the following changes:

(a)     Modify the definition of "Settlement Class" in Paragraph oo of the Stipulation to

be defined as follows:

All persons and entities who or which entered into a GSE Bond Transaction with one
or more Defendants or a direct or indirect parent, subsidiary, affiliate, or division of a
Defendant during the Settlement Class Period.  Excluded from the Settlement Class
are:  Defendants; direct or indirect parents, subsidiaries, affiliates, or divisions of
Defendants; the United States government; and any judicial officer presiding over this
Action and the members of his or her immediate family and judicial staff and any juror
assigned to this Action; provided, however, that Investment Vehicles shall not be
excluded from the definition of "Settlement Class" or "Class."  Also excluded from the
Settlement Class is any person or entity who or which properly excludes himself,
herself, or itself by filing a valid and timely request for exclusion in accordance with
the requirements set forth in the Notice.

---

[2]      Exhibit 2 attached hereto reflects the amended language of the Stipulation as it will read
following Final Approval of any of the pending settlements referenced in this Paragraph.  Exhibit 3
shows the changes in redline format against the existing Stipulation.

(b)     Define "Investment Vehicles" as:

(i) any company or pooled investment fund in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds; and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that under no circumstances may a Defendant (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution from the Settlement Fund through an Investment Vehicle.

(c)     Add the following language to Paragraph ww of the Stipulation:

Notwithstanding that the United States government is excluded from the Settlement Class, with respect to any Settlement Class Member that is a government entity, Settling Plaintiff Parties includes any Settlement Class Member as to which the government entity has the legal right to release such claims, including members of any Employee Benefit Plan sponsored by a government entity.

(d)     Define "Employee Benefit Plan" as:

Any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001, *et seq*.

15.     Pursuant to Paragraph 9 of the Stipulation, upon the earliest Final Approval of any of the pending settlements between Plaintiffs and Goldman Sachs & Co. LLC, Barclays Capital Inc., or BNP Paribas Securities Corp., *et al*., Paragraph 4 of this Order shall be deemed amended to reflect the certification for purposes of settlement only of the Settlement Class as defined in Paragraph 14(a) of this Order.

16.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

17.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Distribution contained therein (or

any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

      (a)     shall be offered against any of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted, in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants or in any way referred to for any other reason as against any of the Settling Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

      (b)     shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Settling Defendants had meritorious defenses, or that damages recoverable under the Complaint or Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; ***provided, however,*** that the Parties and the Released Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

18.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (ii) the disposition of the Settlement Fund; (iii) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (iv) any motion to approve the Plan of Distribution; (v) any motion to approve the Settlement Class Distribution Order; and (vi) the Settlement Class Members for all matters relating to the Action.

19.     Separate orders shall be entered regarding approval of a Plan of Distribution and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.     **Modification of the Stipulation of Settlement** – Without further approval from the Court, Plaintiffs and Deutsche Bank are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further

order of the Court, Plaintiffs and Deutsche Bank may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Deutsche Bank, and the Parties shall revert to their respective positions in the Action as of July 12, 2019, as provided in the Stipulation.

22.   **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED.

_____
United States District Judge

DATED:     New York, NY

         June 18, 2020
     _____

11

# EXHIBIT 1

## Exhibit 1

1. Kommunalbanken AS
2. Cory Thorpe
3. Metropolitan Washington Airports Authority
4. Banco de Portugal
5. Universal 1 Credit Union
6. First Community Bank
7. Willett Advisors LLC
8. Federal Home Loan Mortgage Corporation ("Freddie Mac")
9. Bank of Indonesia
10. Mary Louise Weidinger
11. Barbara J. Karolyi; Donald P. Karolyi; Mary K. Wade; Billy D. Karolyi
12. Kathy Ann Craig
13. Forest A. Benson; Janet V. Benson
14. Jacci Lynn Lackey
15. Richard B. Opsahl
16. William M. Petty
17. Norma E. Hill
18. Walter A. Meller
19. Barbara Lee Sullivan
20. Larry Kleingartner; Marcia Kleingartner
21. Logan County Treasurer Dara Wren
22. Marjorie J. Warsack
23. Beverly L. Traun
24. James A. Traun
25. Holly Yvonne Mayer Educational Trust

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** | Case No. 1:19-cv-01704 (JSR) |

**STIPULATION AND AGREEMENT OF SETTLEMENT WITH**
**<u>DEUTSCHE BANK SECURITIES INC.</u>**

# TABLE OF CONTENTS

RECITALS ...................................................................................................................1

DEFINITIONS............................................................................................................4

TERMS OF THE PRELIMINARY APPROVAL ORDER ....................................17

RELEASES ...............................................................................................................17

SETTLEMENT CLASS CERTIFICATION............................................................17

SETTLEMENT CONSIDERATION.......................................................................18

    Monetary Consideration ....................................................................................18

    Non-Monetary Consideration ............................................................................18

    Remediation Measures ......................................................................................21

USE OF THE SETTLEMENT FUND......................................................................23

ATTORNEYS' FEES AND LITIGATION EXPENSES ........................................26

NOTICE AND SETTLEMENT ADMINISTRATION ...........................................27

TERMS OF THE JUDGMENT...............................................................................33

TERMINATION OF THE SETTLEMENT.............................................................33

CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION ..................................................................................................36

NO ADMISSION OF WRONGDOING .................................................................38

MISCELLANEOUS PROVISIONS........................................................................39

This Stipulation and Agreement of Settlement is entered into between plaintiffs Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds; City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan ("Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and Defendant Deutsche Bank Securities Inc. and its predecessors, successors, assigns, subsidiaries, and affiliates, including Deutsche Bank AG, and embodies the terms and conditions of the settlement of the above-captioned action.  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the Action and all Settled Claims against Deutsche Bank and the other Settling Defendants.

## RECITALS

WHEREAS, beginning in or around February 2019, multiple putative class actions were filed against Deutsche Bank Securities Inc., Deutsche Bank AG, and others alleging conspiratorial conduct with respect to secondary trading of bonds issued by government sponsored entities;

WHEREAS, by Orders dated April 3, 2019; April 12, 2019; May 1, 2019; and May 2, 2019, the Court consolidated the actions and appointed the law firms of Scott+Scott Attorneys at Law LLP and Lowey Dannenberg, P.C. to serve as interim co-lead class counsel;

WHEREAS, on or about May 8, 2019, Deutsche Bank's Counsel contacted Co-Lead Counsel to communicate its interest in providing Plaintiffs with cooperation materials pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act of 2004 ("ACPERA");

WHEREAS, on May 9, 2019, the Parties executed an Agreement concerning Confidentiality and Cooperation Processes governing the exchange of confidential cooperation materials and other information provided in the context of settlement negotiations;

WHEREAS, on May 10, 13-14, 2019, Deutsche Bank provided certain cooperation materials and other information to Plaintiffs;

WHEREAS, on May 16, 2019, the Parties executed a Tolling and Standstill Agreement pursuant to which Deutsche Bank agreed to provide certain Cooperation Material within the meaning of the May 9, 2019 Agreement in exchange for not being named in Plaintiffs' First Amended Complaint, which was due to be filed no later than May 23, 2019;

WHEREAS, on May 21, 2019, Deutsche Bank provided to Plaintiffs certain additional Cooperation Material;

WHEREAS, on May 23, 2019, Plaintiffs filed the First Amended Complaint, which incorporated certain of the cooperation materials provided by Deutsche Bank but did not name Deutsche Bank Securities Inc. or Deutsche Bank AG as a defendant;

WHEREAS, on July 1-2, 2019, the Parties engaged in mediation with the Hon. Jan M. Adler (ret.) (the "Mediator");

WHEREAS, the Parties engaged in additional arm's-length negotiations to resolve the claims by Plaintiffs and the other members of the Settlement Class against the Settling Defendants;

WHEREAS, Co-Lead Counsel have conducted an investigation and analyzed and researched the applicable law with respect to the claims against Deutsche Bank and its potential defenses thereto;

WHEREAS, in the course of the Parties' discussions and negotiations, Deutsche Bank made available to Plaintiffs information and documents pertinent to Plaintiffs' and the Settlement Class's claims and Deutsche Bank's defenses to those claims, and Co-Lead Counsel reviewed that information and those documents before Plaintiffs agreed to this Settlement;

WHEREAS, Deutsche Bank acknowledges that the efforts of Plaintiffs, including the filing of the Second Amended Complaint in the Action and the presentation of certain facts and arguments during the settlement discussions, contributed materially to Deutsche Bank's agreement to pay the Settlement Amount set forth below in order to resolve the Action;

WHEREAS, on July 12, 2019, Plaintiffs filed the Second Consolidated Amended Complaint, which, among other things, named Deutsche Bank as a defendant and asserted claims against Deutsche Bank under Section 1 of the Sherman Act, 15 U.S.C. §1, pursuant to Section 4 and 16 of the Clayton Act, 15 U.S.C. §§15, 25;

WHEREAS, based on their independent investigation and the information and documents they have reviewed from Deutsche Bank, Co-Lead Counsel and Plaintiffs have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to and in the best interests of Plaintiffs and the other members of the Settlement Class. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each Plaintiff has agreed to this Settlement with Deutsche Bank pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits the Settlement Class will receive from the settlement, (ii) the significant risks of litigation and trial, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

WHEREAS, the Parties are entering into this Stipulation for legitimate and practical reasons but without waiving any right, claim, or defense and without conceding or admitting any fact, allegation or matter. Deutsche Bank is entering into this Stipulation to eliminate the uncertainty, burden, and expense of further protracted litigation, and this Stipulation shall not be construed or deemed to be evidence of or an admission or concession on the part of Deutsche Bank with respect to any claim or allegation, or any infirmity in the defenses Deutsche Bank has or could

have asserted.  Plaintiffs believe that the claims asserted against Deutsche Bank were meritorious and in no event shall this Stipulation be construed or deemed to be evidence of an admission or concession on the part of any Plaintiff of the infirmity in any of the claims asserted in the Action, or an admission or concession that any of Deutsche Bank's affirmative defenses to liability had any merit; and

WHEREAS, each of the Parties recognizes and acknowledges that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Deutsche Bank consistent with ACPERA and in good faith, that the Action is being voluntarily settled with all Parties having received the benefit of the advice of their respective counsel, and that the terms of the Settlement are fair, adequate, and reasonable;

**NOW THEREFORE**, it is hereby **STIPULATED AND AGREED**, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Deutsche Bank, by and  through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Parties from the Settlement, all Settled Claims as against Deutsche Bank and the other Settling Defendants and all Settling Defendants' Claims against Plaintiffs and the Settling Plaintiff Parties shall be settled and released, on and subject to the terms and conditions set for below.

## DEFINITIONS

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following terms shall have the following meanings:

a.     "Deutsche Bank" means Deutsche Bank Securities Inc.

b.     "Deutsche Bank's Counsel" means the law firm of Simpson Thacher & Bartlett LLP.

c.      "Action" means *In Re GSE Bonds Antitrust Litigation,* Case No 1:19-cv-01704-JSR (S.D.N.Y.); *City of Birmingham Retirement and Relief System et al. v. Bank of America, N.A. et al.*, Case No. 1:19-cv-01704 (S.D.N.Y.); *Alaska Electrical Pension Fund v. Bank of America, N.A. et al.*, Case No. 1:19-cv-01796 (S.D.N.Y.); *Deerfield Beach Municipal Firefighters' Pension Trust Fund v. Bank of America, N.A., et al.*, Case No. 1:19-cv-1900 (S.D.N.Y.); *Lincolnshire Police Pension Fund v. Bank of America, N.A., et al.*, Case No. 1:19-cv-2045 (S.D.N.Y.); *Torsella v. Bank of America, N.A., et al.*, Case No. 1:19-cv-02438 (S.D.N.Y.); *Int'l As'sn of Heat and Frost Insulators and Allied Workers Local No. 14 Pension and Health and Welfare Funds v. Bank of America, N.A., et al.*, Case No. 1:19-cv-2661 (S.D.N.Y.); *Dallas Area Rapid Transit Employees' Defined Benefit Retirement Plan and Trust et al. v. Bank of America, N.A., et al.*, Case No. 1:19-cv-02715 (S.D.N.Y.); *UFCW Local 1776 and Participating Employers Pension Fund v. Bank of America, N.A.*, Case No. 1:19-cv-02755 (S.D.N.Y.); *Mayor and City Council of Baltimore v. Bank of America, N.A., et al.*, Case No. 1:19-cv-02900 (S.D.N.Y.); *Oklahoma Police Pension and Retirement System v. Bank of America, N.A., et al.*, Case No. 1:19-cv-03091 (S.D.N.Y.); *Police Retirement System of St. Louis v. BOFA Securities, Inc., et al.*, Case No. 1:19-cv-03122 (S.D.N.Y.); *Puerto Rico Gov't Employees and Judiciary Retirement Systems Administration v. BOFA Securities, Inc., et al.*, Case No. 1:19-cv-03261 (S.D.N.Y.); and any other action now existing or subsequently filed that is consolidated, related, or based on the same or similar claims as any of the foregoing actions.

d.      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation, provided that the Alternate Judgment may not differ materially from the form of Judgment provided for in this Stipulation.

e.      "Authorized Claimant" means a Settlement Class Member who submits to the Claims Administrator a timely and valid Claim Form that is approved by the Court for payment from the Net Settlement Fund.

f.      "Claim" means a Claim Form submitted to the Claims Administrator.

g.      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

h.      "Claim Form" means the proof of claim form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

i.      "Claims Administrator" means the firm to be retained by Co-Lead Counsel, subject to Court approval, to provide all notices approved by the Court and to administer the Settlement.

j.      "Co-Lead Counsel" means the law firms of Scott+Scott and Lowey Dannenberg, which the Court appointed as interim co-lead class counsel on May 2, 2019.

k.      "Court" means the United States District Court for the Southern District of New York.

l.      "Defendants" means Deutsche Bank Securities Inc.; Barclays Capital Inc.; BNP Paribas Securities Corp.; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; First Tennessee Bank, N.A.; FTN Financial Securities Corp.; Goldman Sachs & Co. LLC; J. P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; TD Securities (USA) LLC; Nomura Securities International, Inc.; HSBC Securities (USA) Inc.; Cantor Fitzgerald &

Co.; SG Americas Securities LLC; Morgan Stanley & Co., LLC; UBS Securities LLC; and any other persons or entities who or which are named as defendants in the Action at any time up to and including the date the Preliminary Approval Order is entered.

m. "Effective Date" with respect to the Settlement means the first business day after the date by which all the events and conditions specified in ¶49 have been met, occurred, or have been waived.

n. "Escrow Account" means an account maintained at Huntington National Bank into which the Settlement Amount shall be deposited and held in escrow.

o. "Escrow Agent" means Huntington National Bank.

p. "Escrow Agreement" means the escrow agreement between Co-Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

q. "Final" with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration of the time for the filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there are any appeals from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of time to file a petition for writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely an order issued with respect to (i)

9

the Plan of Distribution (as submitted or subsequently modified), or (ii) attorneys' fees, costs, or expenses, shall not shall not in any way delay or preclude a judgment from becoming Final.

r.      "First Amended Complaint" means the Consolidated Amended Class Action Complaint filed by Plaintiffs against all Defendants except for Deutsche Bank in the Action on May 23, 2019.

s.      "GSE Bond" means any and each unsecured bond or debt instrument (*i.e.*, senior debt, subordinated debt, and junior subordinated debt) regardless of currency or credit quality, issued by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Federal Farm Credit Banks, and Federal Home Loan Banks.  If Co-Lead Counsel broadens the definition of GSE Bond in an amended complaint, the term "GSE Bond" in this Agreement shall incorporate by reference the broader definition.

t.      "GSE Bond Transaction" means any purchase, sale, or other transaction in the secondary market with respect to any GSE Bond.

u.      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

v.      "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Co-Lead Counsel intend to apply to the Court for a reimbursement from the Settlement Fund.

w.      "Lowey Dannenberg" means the law firm of Lowey Dannenberg, P.C., Co-Lead Counsel for Plaintiffs and the Settlement Class.

x.      "Mediator" means the Hon. Jan M. Adler (ret.).

y.        "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (iv) any service awards to Plaintiffs awarded by the Court; and (v) any other costs or fees approved by the Court.

z.        "Notice" means the Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fees Petition, and Right to Share in Net Settlement Fund, which is to be sent to members of the Settlement Class substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

aa.        "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Co-Lead Counsel in connection with (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses (if any) incurred in connection with the Escrow Account.

bb.        "Parties" means Plaintiffs, on behalf of themselves and the other members of the Settlement Class, and Deutsche Bank.

cc.        "Plaintiffs" means Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds ("Pennsylvania Treasury"); City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan.

dd.        "Plan of Distribution" means the proposed plan of distribution of the Net Settlement Fund set forth in the Notice.

ee.    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

ff.    "Publication Notice" means the Summary Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fees Petition, and Right to Share in Net Settlement Fund, which is for publication substantially in the form attached as Exhibit 3 to Exhibit A hereto.

gg.    "Qualified Settlement Fund" has the meaning it is given in Treasury Regulation §1.468B-1.

hh.    "Released Parties" means each and any of the Settling Defendants and each and any of the Settling Plaintiff Parties.

ii.    "Releases" means the releases set forth in ¶¶3-10 of this Stipulation.

jj.    "Scott+Scott" means the law firm of Scott+Scott Attorneys at Law LLP, Co-Lead Counsel for Plaintiffs and the Settlement Class.

kk.    "Second Amended Complaint" means the Second Consolidated Amended Class Action Complaint filed by Plaintiffs against Defendants in the Action on July 12, 2019.

ll.    "Settled Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or

12

unsuspected, asserted or unasserted, choate or inchoate, which the Settling Plaintiff Parties ever had, now have, or hereafter can, shall, or may have, representatively, derivatively, or in any capacity against the Settling Defendants that arise from or relate to the factual predicate of the Action or any amended complaint or pleading therein.  Settled Claims shall not include:  (i) claims based on transactions that are outside the extraterritorial reach of the Sherman Act pursuant to Section 6a of the Sherman Act, 15 U.S.C. §6a; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submits a request for exclusion in connection with the Notice whose request is accepted by the Court.

       mm.   "Settlement" or "Deutsche Bank Settlement" means the resolution of this Action as against Deutsche Bank and the Settling Defendants in accordance with the terms and provisions of this Stipulation.

       nn.   "Settlement Amount" means $15,000,000 in cash.

       oo.   "Settlement Class" or "Class" means all persons and entities who or which entered into a GSE Bond Transaction with one or more Defendants or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant during the Settlement Class Period.  Excluded from the Settlement Class are:  Defendants; direct or indirect parents, subsidiaries, affiliates, or divisions of Defendants; the United States government; and any judicial officer presiding over this Action and the members of his or her immediate family and judicial staff and any juror assigned to this Action; provided, however, that Investment Vehicles shall not be excluded from the definition of "Settlement Class" or "Class."  Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.  If Plaintiffs broaden the

class definition in an amended complaint, the term "Settlement Class" in this Stipulation shall incorporate by reference the broader definition.

pp.     "Settlement Class Distribution Order" or "Class Distribution Order" means an order of the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

qq.     "Settlement Class Member" or "Class Member" means any person or entity who or which is a member of the Settlement Class.

rr.     "Settlement Class Period" or "Class Period" means the period from January 1, 2009 through and including January 1, 2019.

ss.     "Settlement Fund" means the Settlement Amount together with all interest and income earned thereon after being transferred to the Escrow Account.

tt.     "Settlement Hearing" means the hearing to be held by the Court under Federal Rule of Civil Procedure 23(e)(2) to consider final approval of the Settlement.

uu.     "Settling Defendants" means Deutsche Bank and all of its respective past and present, direct and indirect corporate parents (including holding companies and including without limitation Deutsche Bank AG), subsidiaries, related entities, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, and all of their respective past or present officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns.

vv.     "Settling Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under

14

federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, maintenance, or settlement of the Claims asserted in the Action against Deutsche Bank.  Settling Defendants' Claims shall not include:  (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity that submits a request for exclusion from the Settlement Class in connection with the Notice and whose request is accepted by the Court.

ww.    "Settling Plaintiff Parties" means individually and collectively each Plaintiff and Settlement Class Member, on behalf of himself, herself, or itself, and each of his, her, or its respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, insurers, administrators, purchasers, predecessors, successors, and assigns, and attorneys, including Co-Lead Counsel, in their capacities as such.  Notwithstanding that the United States government is excluded from the Settlement Class, with respect to any Settlement Class Member that is a government entity, Settling Plaintiff Parties includes any Settlement Class Member as to which the government entity has the legal right to release such claims, including members of any Employee Benefit Plan sponsored by a government entity.

xx.    "Stipulation" means this Stipulation and Agreement of Settlement.

yy.    "Taxes" means:  (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund including taxes imposed on the Parties or on their counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Funds does not qualify as a Qualified Settlement Fund; (ii) the expenses and costs incurred  in connection with determining the amount of and paying any taxes owed by the Settlement Fund, including, without limitation, the expenses

15

and costs associated with tax attorneys and accountants and the mailing and distribution expenses and costs related to filing (or failure to file) any of the tax returns described in ¶25; and (iii) taxes imposed on the Settlement Fund, including estimated taxes and withholding taxes.

zz.    "Unknown Claims" means any Settled Claims that Settling Plaintiff Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and any Settling Defendants' Claims that the Settling Defendants do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known to them might have affected their decisions with respect to the Settlement. With respect to any and all Settled Claims and Settling Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Settling Defendants shall expressly, and each of the other Settling Plaintiff Parties shall be deemed to have, and by operation of the Judgment or Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent, or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs and Settling Defendants acknowledge, and each of the other Settling Plaintiff Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and was a key element of this Settlement.

aaa.   "Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq.

bbb.   "Investment Vehicles" means (i) any company or pooled investment fund in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds; and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that under no circumstances may a Defendant (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution from the Settlement Fud through an Investment Vehicle.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

2.    Promptly upon execution of this Stipulation, Plaintiffs shall move for, and Deutsche Bank shall not oppose, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASES

3.    The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action with respect to Deutsche Bank; and (ii) the Releases provided for herein.

4.    Upon final approval of the Settlement as reflected in this Agreement, and as part of the entry of the Judgment, or the Alternate Judgment, the Action shall be dismissed with prejudice as to Deutsche Bank.

5.      The Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims.

6.      Nevertheless, pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the Settling Plaintiff Parties:  (i) shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settled Claim as against each and every one of the Settling Defendants; (ii) shall forever be barred and enjoined from prosecuting any or all of the Settled Claims against any of the Settling Defendants; and (iii) agrees and covenants not to sue any of the Settling Defendants with respect to any Settled Claims or to assist any third party in commencing or maintaining any suit against any of the Settling Defendants related to any Settled Claims.

7.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, the Settling Defendants, on behalf of themselves and their respective predecessors, successors, parents, subsidiaries, affiliates, heirs, executors, trustees, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settling Defendants' Claim as against each and every one of the Settling Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Settling Defendants' Claims against any of the Settling Plaintiff Parties.

8.      Notwithstanding ¶¶6-7, nothing in the Judgment, or in the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.  In addition, nothing in this Settlement or the Judgment, or Alternate Judgment, if applicable, shall in any respect affect or impact the U.S. Department of Justice, or any other governmental regulatory or law enforcement agency, from taking any action or refraining from taking any action against any of the Parties with respect to the facts or circumstances giving rise to this Action.

9.      If, prior to entry of the Judgment, or the Alternate Judgment, if applicable, Plaintiffs enter into a settlement with another Defendant in the Action that contains broader releases, applies to a more broadly defined class, or contains other material provisions (other than the Settlement Amount, cooperation provisions, remediation measures, and obligations under ACPERA) more favorable to that Defendant than those included in favor of Deutsche Bank or the other Settling Defendants in this Stipulation, and the Court grants final approval to such other settlement including its more favorable terms, the Parties agree that this Stipulation shall be deemed and agreed to be amended solely for purposes of including or mirroring such additional more favorable terms.

10.      All rights of any Settlement Class Member against any other person other than Deutsche Bank and the other Settling Defendants are specifically reserved by Plaintiffs and Settlement Class Members, including against other Defendants in the Action.  GSE Bond Transactions entered into with Deutsche Bank shall, to the extent permitted and/or authorized by law, and to the extent consistent with the claims asserted in the Action and the definition of any class(es) that may be certified by the Court against other Defendants, remain in the case against the other Defendants in the Action as a potential basis for liability and/or damage claims against

19

such other Defendants and shall be part of any joint and several liability claims against the other Defendants in the Action.

## SETTLEMENT CLASS CERTIFICATION

11.     Solely for purposes of this Settlement, Deutsche Bank will not oppose a motion to: (i) certify the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) appoint Plaintiffs as representatives of the Settlement Class; and (iii) appoint Co-Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

12.     The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating this Settlement as to Deutsche Bank and the other Settling Defendants, and for no other purpose.  Deutsche Bank retains all of its objections, arguments, and defenses, and reserves all rights to contest class certification if the Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the Settlement set forth in this Agreement otherwise fails to proceed for any reason.  The Parties acknowledge that there has been no stipulation to a class or certification of a class for any purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the Settlement set forth in this Agreement otherwise fails to close for any other reason, then this Agreement as to certification of the Settlement Class becomes null and void *ab initio*, and neither this Agreement nor any other Settlement-related statement may be cited in support of an argument for certifying a class related to this proceeding.

## SETTLEMENT CONSIDERATION

13.    In consideration of the settlement of the Settled Claims against Deutsche Bank and other Settling Defendants, Deutsche Bank shall provide Plaintiffs with the monetary and non-monetary consideration described below.

<u>Monetary Consideration</u>

14.    Deutsche Bank shall cause the payment of the Settlement Amount to be transferred to the Escrow Account within fourteen (14) days following the later of (i) the entry of the Preliminary Approval Order, or (ii) the date by which Co-Lead Counsel has provided Deutsche Bank with such information as may be required to complete the transfer.

15.    Except as required by ¶14 concerning payment of the Settlement Amount, and except as provided in ¶53 concerning refund upon termination of the Settlement, Deutsche Bank shall have no responsibility for any other costs, including any attorneys' fees and expenses, Notice and Administration Costs, or any Taxes or tax-related costs, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.

<u>Non-Monetary Consideration</u>

16.    Upon execution of this Stipulation, Deutsche Bank shall be under a continuing obligation, upon request, to provide Plaintiffs with reasonable cooperation, limited to the subject matter of the Settled Claims, until the date when final judgment has been rendered, with no remaining rights of appeal, in the Action against all Defendants.  The cooperation provided by Deutsche Bank shall be used by Plaintiffs solely in connection with the prosecution of the Action but not for the institution or prosecution of any other action or other proceeding against any of the Settling Defendants for any purpose whatsoever, including but not limited to actions or proceedings in jurisdictions outside the United States. The confidentiality of such cooperation shall

21

be governed by the protective order in effect in the Action and, to the extent broader protections apply, the Agreement concerning Confidentiality and Cooperation Processes executed between the Parties and dated May 9, 2019.  Deutsche Bank shall provide the cooperation described herein to the extent it is:  (i) not prevented from doing so by any court order or any law, regulation, policy, or other rule of any regulatory agency or governmental body restricting disclosure of documents or information, or (ii) not prevented from doing so by any express objection from a regulatory agency or governmental body.  Deutsche Bank may assert, where applicable, the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, the bank regulatory or examination privilege, obligations under applicable data privacy laws or regulations, and/or any other applicable privilege or protection with respect to any documents, material, and/or information requested under this Stipulation.   The production of any such document alone shall not be construed to be a waiver of any privilege, protection, or prohibition otherwise attached to such document.  Deutsche Bank's Counsel will meet with Co-Lead Counsel as is reasonably necessary to discuss any applicable assertion of domestic or foreign privilege, protection, or prohibition.

17.    Subject to the limitations set forth in ¶16, Deutsche Bank, upon request, shall begin providing the following cooperation as soon as practicable after execution of this Stipulation:

a.    Deutsche Bank shall produce to Plaintiffs information required for providing Notice to the Settlement Class, as the Claims Administrator may require, including but not limited to the names and addresses of members of the Settlement Class who or which were counterparties with Deutsche Bank, to the extent such information is reasonably available and in Deutsche Bank's possession;

b.       Deutsche Bank shall produce to Plaintiffs transaction data involving or concerning Settled Claims from January 1, 2009 through January 1, 2019 to the extent such production is non-duplicative of data already produced by Deutsche Bank.  The Parties shall meet and confer on the format and scope of the data to be produced;

c.       Deutsche Bank shall provide to Plaintiffs an attorney proffer providing a full account of all facts known to Deutsch Bank regarding the Settled Claims, or in lieu of such proffer, Deutsche Bank shall make information similarly available through alternative means such as attorney participation in witness interviews;

d.       Deutsche Bank shall produce to Plaintiffs documents that Deutsche Bank has produced or made available, or will produce or make available in the future, in response to past or pending requests by any governmental body investigating the subject matter of the Settled Claims, to the extent such production is non-duplicative of documents already produced by Deutsche Bank.  The obligation to produce such documents is continuing in nature;

e.       Deutsche Bank shall use its best efforts to make available for witness interviews in this Action up to 5 (five) current or former employees, to the extent those employees are within Settling Defendants' custody and control.  Any interviews will be conducted at a time and place convenient to the witness and will relate only to Settling Defendants' role in the Settled Claims. The timing of such witness interviews shall be mutually agreed upon by Co-Lead Counsel and Deutsche Bank's Counsel.

f.       Upon reasonable notice, Deutsche Bank shall use its best efforts to make available for deposition up to 5 (five) current or former employees, to the extent those employees are within Settling Defendants' custody and control, without the need for subpoenas.  The depositions of witnesses represented by Deutsche Bank's Counsel, or for whom Deutsche Bank is

23

providing counsel, shall be administered according to the rules and limitations of the Federal Rules of Civil Procedure, regardless of the location at which they take place or the citizenship of the witness;

g.   Upon reasonable notice, Deutsche Bank shall use its best efforts to make available for trial testimony up to 5 (five) current or former employees, to the extent those employees are within Settling Defendants' custody and control, without the need for subpoenas;

h.   Upon reasonable notice and as permitted by law, Deutsche Bank shall provide Plaintiffs declarations or certifications to establish in discovery, and if necessary at trial that, if believed to be true and accurate, the document, ESI, or data previously produced by Deutsche Bank is genuine, authentic, and a record of a regularly conducted activity pursuant to Fed. R. Evid. 803(6).

18.   Deutsche Bank agrees to meet and confer in good faith regarding future requests from Plaintiffs for additional documents, data, and other information beyond the items specified in ¶17 in order to obtain settlement approval or prosecute the Action against the other Defendants. Deutsche Bank need not agree to requests that are unreasonable or unduly burdensome, and need not agree to requests for which Plaintiffs cannot demonstrate a need that cannot be reasonably met through alternative means.  In the event they cannot agree, such disputes shall be resolved by the Mediator, whose decisions shall be binding on the Parties.

Remediation Measures

19.   The Parties have met-and-conferred regarding the elements of an effective antitrust compliance program and agree that the following policies, procedures, and controls are  important criteria for an effective multi-factor approach to preventing and detecting anticompetitive conduct in the GSE Bond market:

24

a.     Rigorous training: employees and management should be trained to understand their antitrust compliance obligations. This training should occur at regular intervals and focus on antitrust issues specific to the business

b.     Culture of Compliance: antitrust compliance should be supported from the top down, with the organization promoting a culture that encourages ethical conduct and a commitment to compliance with the law. Senior management should communicate the importance of antitrust compliance on a regular basis and take personal responsibility for implementing the policies and procedures communicated during training.

c.     Strong oversight: compliance with the organization's policies, procedures, and controls should be tested through periodic review, monitoring, and auditing of employee communications (*e.g.*, Instant Bloomberg chats, emails, phone calls) and employee participation in external organizations (*e.g.*, trade associations) and conferences.

d.     Dedicated resources: antitrust compliance should be the focus of a dedicated team of full-time attorney(s) or compliance professional(s) with experience in that area of law. The antitrust compliance team should encourage employees and managers to  seek guidance about potentially illegal conduct and report suspected violations through a dedicated escalation process.

e.     Risk assessment: a risk assessment should be conducted periodically by internal and/or external antitrust professionals to ensure that an antitrust compliance program is tailored consistent with industry best practice.

20.     The Parties agree that Deutsche Bank currently maintains an antitrust compliance program incorporating the principles outlined in ¶19, and Deutsche Bank further agrees that it will maintain an antitrust compliance program reasonably designed to detect and prevent anticompetitive conduct so long as Deutsche Bank is engaged in GSE Bond Transactions.

25

21.     Deutsche Bank agrees that for at least twenty-four (24) months following the execution date of this Stipulation, or until Plaintiffs' claims against all Defendants in the action are fully and finally adjudicated, whichever is later, it will:

a.     Unless Deutsche Bank is no longer engaged in GSE Bond Transactions, meet and confer with Plaintiffs and a representative of the Pennsylvania Treasury on a semi-annual basis to discuss Deutsche Bank's ongoing antitrust compliance policies, procedures, and controls applicable to the GSE Bond market.

b.     Cooperate with Plaintiffs to evaluate antitrust compliance best practices in the GSE Bond market.

## USE OF THE SETTLEMENT FUND

22.     The Settlement Fund shall be used to pay:  (i) any Taxes; (ii) any Notice and Administrative Expenses; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (v) any service awards to Plaintiffs awarded by the Court; and (vi) any other costs, fees, or expenses approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶30-43.

23.     Except as provided herein or pursuant to orders of the Court, the Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments backed by the full faith and credit of the U.S. Government or fully insured by the U.S. Government or any agency thereof, including a U.S. Treasury Fund or a bank

26

account that is either fully insured by the Federal Deposit Insurance Corporation or secured by instruments backed by the full faith and credit of the United States Government, and shall collect and reinvest all interest accrued thereon in similar instruments at their then-current market rates. Neither the Parties nor their counsel shall have any responsibility or liability for the losses suffered by, or fluctuations in value of, the Settlement Fund.

24.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and not to take any tax position that is inconsistent therewith.  It is further agreed that Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund.  Co-Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Settling Defendants shall not have any liability or responsibility for any such Taxes.  Upon written request, Deutsche Bank shall provide to Co-Lead Counsel the statement described in Treasury Regulation §1.468B-3(e).  Co-Lead Counsel shall cause the administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3) to timely make such elections as are necessary or advisable to carry out this Paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

25.     All Taxes shall be treated as, and considered to be, a cost of administration of the Settlement Fund paid out of the Settlement Fund and shall be timely paid by the Escrow Agent,

pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior order of the Court.  The Escrow Agent shall be obligated to withhold from distribution to Authorized Claimants any funds necessary for the payment of Taxes, including the establishment of authorized reserves and amounts required to be withheld under Treasury Regulation 1.468B-2(l)(2).  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous Paragraph and in all events shall reflect that all Taxes (including estimated taxes,  interest or penalties) on the interest and  income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein,  including any Taxes or penalties imposed on the Settlement Fund for any period during which the Settlement Fund does not qualify as a Qualified Settlement Fund for federal or state tax purposes.  Settling Defendants shall have no responsibility or liability for the acts or omissions of Co-Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

26.    This is not a claims-made settlement.  Excepted as provided for in ¶46, upon the occurrence of the Effective Date of the Settlement, neither Deutsche Bank nor any of the Settling Defendants, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

27.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Co-Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs incurred and paid or payable up to the sum of $500,000.  Such costs and expenses shall include, without limitation, the

actual costs of printing and mailing the Notice, publishing the Publication Notice, reimbursements to nominee owners for forwarding notices to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted claims), and the fees, if any, of the Escrow Agent.  All Notice and Administrative Costs in excess of $500,000 shall be paid from the Settlement Fund, subject to approval from the Court.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, Notice and Administration Costs incurred and paid or payable up to the sum of $500,000 shall not be returned or repaid to Deutsche Bank, any of the other Settling Defendants, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

28.     Co-Lead Counsel will apply to the Court for an award of attorneys' fees to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel will also apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between the Parties other than what is set forth in this Stipulation.

29.     Fifty percent (50%) of the attorneys' fees and one hundred percent (100%) of the Litigation Expenses, as awarded by the Court, shall be paid to Co-Lead Counsel from the Escrow Account, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's several obligation to make appropriate refunds or repayments to the

29

Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Each law firm that serves as counsel to Plaintiffs, as a condition of receiving such fees and Litigation Expenses, on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this Paragraph. Co-Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (i) receiving from Deutsche Bank's Counsel notice of termination of the Settlement; or (ii) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. The remaining fifty percent (50%) of the awarded attorneys' fees shall be paid to Co-Lead Counsel from the Escrow Account when distribution of the proceeds to Authorized Claimants has been very substantially completed. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor Co-Lead Counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

## NOTICE AND SETTLEMENT ADMINISTRATION

30. As part of the Preliminary Approval Order, Plaintiffs shall seek the appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court. Neither Deutsche Bank, nor any of the Settling Defendants, shall have any involvement or any responsibility, authority, or

liability whatsoever for the selection of the Claims Administrator, the Plan of Distribution (or such other plan of distribution as the Court approves), the administration of the Settlement, the Claims process, or distribution of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including but not limited to, Plaintiffs, any other Settlement Class Members, or Co-Lead Counsel in connection with the foregoing. Deutsche Bank's Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

31.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to mail the Notice to those members of the Settlement Class who or which can be identified through reasonable effort. Co-Lead Counsel shall also cause the Claims Administrator to have the Publication Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

32.     If there is more than one settlement, and if practicable, Co-Lead Counsel shall provide a single Notice to the Settlement Class that combines notice of this Stipulation with other pending settlement(s) reached with other Defendant(s). If a single Notice to the Settlement Class combines notice of this Stipulation with other pending settlement(s) reached with other Defendant(s), and Notice and Administration Costs incurred and paid or payable up to the sum of $500,000 become returnable or repayable to Deutsche Bank pursuant to ¶27, and to such other Defendant(s), the Escrow Agent shall make pro rata disbursements from the Settlement Fund for purposes of returning or repaying such Notice and Administration Costs calculated based on the Settlement Amount paid by Deutsche Bank and each such other Defendant.

33.     Pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* ("CAFA"), no later than ten (10) days after the Stipulation is filed with the Court, Deutsche Bank, at its own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice

pursuant to CAFA.  No later than seven (7) days before the Settlement Hearing, Deutsche Bank shall cause to filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

34.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's share of the Net Settlement Fund based on each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Distribution set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of distribution as the Court approves).

35.    The Plan of Distribution proposed in the Notice is not a necessary term of the Settlement or this Stipulation, and it is not a condition of the Settlement or this Stipulation that any particular plan of distribution be approved by the Court.  Plaintiffs and Co-Lead Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Distribution or any other plan of distribution in this Action.  Deutsche Bank and the other Settling Defendants shall not object in any way to the Plan of Distribution or any other plan of distribution in the Action.

36.    Any Settlement Class Member who fails to timely submit a valid Claim Form will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Settling Defendants with respect to the Settled Claims in the event that the Effective Date occurs with respect to the Settlement.

37.     Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund subject to Court approval.  Neither Deutsche Bank nor any other of the Settling Defendants shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.

38.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.      Each Claimant shall be required to electronically submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may require;

b.      All Claim Forms must be submitted by the date set by the Preliminary Approval Order and specified in the Notice, unless such period is extended by order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later submitted Claim Form by such Settlement Class Member is approved), but shall in all other respects be bound by all terms of this Stipulation and Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from brining any action, claim, or other proceeding of any kind against the Settling Defendants with respect to any Settled Claim.  Claim Forms shall be deemed to have been submitted when actually received by the Claims Administrator.  Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims

33

Administrator so long as distribution of the proceeds of the Settlement Fund or Net Settlement Fund is not materially delayed;

c.      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, which shall determine in accordance with this Stipulation and the plan of distribution and under the supervision of Co-Lead Counsel, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to Subparagraph (e) below;

d.      Claim Forms that do not meet the submission requirements may be rejected. Prior to the rejection of a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing in order to afford the Claimant the opportunity to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under the supervision of Co-Lead Counsel, shall notify, in writing, any Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Claimant whose Claim is to be rejected in whole or in part has the right to a review by the Court if such Claimant so desires and if such Claimant complies with the requirements of Subparagraph (e) below.  Co-Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interest of achieving substantial justice; and

e.      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of disseminating the notice required in Subparagraph (d) above, serve on the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If the dispute concerning

34

the claim cannot otherwise be resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

39.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of the Action or of the Settlement in connection with the processing of the Claim Forms.

40.     Co-Lead Counsel will apply to the Court for a Class Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

41.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court shall be barred from participation in the distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against all Settling Defendants with respect to any and all of the Settled Claims.

42.     No person or entity shall have any claim against Plaintiffs, Co-Lead Counsel, the Claims Administrator, or any other agent designated by Co-Lead Counsel, or Deutsche Bank, Settling Defendants, and/or their respective counsel, arising from distributions made substantially in accordance with this Stipulation, the plan of distribution approved by the Court, or any order of the Court.  Plaintiffs, Deutsche Bank, and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of distribution approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

43.     All proceedings with respect to the administration, processing, and determination of Claims, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

44.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Deutsche Bank's Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## TERMINATION OF THE SETTLEMENT

45.     Plaintiffs, provided they unanimously agree, and Deutsche Bank shall each have the right to terminate the Settlement and this Stipulation by a Termination Notice to the other

Parties to this Stipulation within thirty (30) days of:  (i) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final refusal to approve the Settlement or any material part thereof; (iii) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (iv) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (v) the date upon which an Alternative Judgment is modified or reversed in any material way by the United States Court of Appeals for the Second Circuit or the United States Supreme Court.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any service awards to Plaintiffs or any plan of distribution shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

46.     If one or more putative members of the Settlement Class timely submit a Request for Exclusion, the processes set forth in this Paragraph shall apply:

a.     Co-Lead Counsel shall provide a list of those putative members of the Settlement Class who or which submit a Request for Exclusion, together with all such Requests for Exclusion, to Deutsche Bank within three (3) days of the deadline set by the Court for the filing of Requests for Exclusion.  If, after Deutsche Bank receives such list, Deutsche Bank decides to request relief under this Paragraph, Deutsche Bank shall within seven (7) days, or as soon as reasonable if such data is not reasonably accessible, provide to Plaintiffs all transaction data that it will present to the Mediator, and the Parties shall meet and confer in good faith.

b.     If the Parties are unable to reach agreement and Deutsche Bank asserts that the total Requests for Exclusion represent a material portion of GSE Bond Transactions of the

Settlement Class during the Settlement Class Period and their exclusion would materially reduce the value of the Settlement to Deutsche Bank (the "Materiality Threshold"), then Deutsche Bank may present the issue of whether the total Requests for Exclusion meet the Materiality Threshold and, if so, the issue of the appropriate remedy to the Mediator.

c.      Unless the Parties otherwise agree, Deutsche Bank shall submit any such application for a remedy to the Mediator no later than twenty-one (21) days following receipt of the Requests for Exclusion from Plaintiffs.  The Mediator's determinations, which shall be made after a mediation involving the Parties, shall be binding on the Parties.

d.      The Mediator shall have sole discretion to determine what, if any, remedy is warranted due to a material impact on the value of the Settlement to Deutsche Bank by the Requests for Exclusion.

e.      If the Mediator in his sole discretion selects some reduction as the appropriate remedy, he may not provide for a reduction in the Settlement Amount greater than a one-to-one ratio:  that is, the Mediator may not reduce the Settlement Amount by more than the amount that those putative members of the Settlement Class who or which submitted a Request for Exclusion would likely have been eligible to receive collectively (but for their exclusion) from the Settlement Fund.  The Mediator is not required to grant any reduction or to impose a one-to-one ratio if he determines no such reduction is appropriate.  In the event the Mediator determines some reduction is appropriate, the amount of the reduction shall be paid to Deutsche Bank from the Settlement Fund.

f.      In the alternative to seeking a reduction, Deutsche Bank may seek to terminate the Settlement by application to the Mediator.  If the Mediator determines in his sole discretion that the reduction remedy is not adequate to preserve the essential benefits of the

38

Settlement to Deutsche Bank, and Deutsche Bank elects to terminate the Settlement, any termination shall be effected solely in accordance with the termination provisions of this Stipulation.

47.     The Parties shall have the right but not the obligation to subpoena from each putative members of the Settlement Class who or which submits a Request for Exclusion to obtain documents that are pertinent to the procedures set out in ¶46.

48.     The Parties, Co-Lead Counsel, Settling Defendants, and Deutsche Bank's Counsel agree that they will make no effort to solicit or otherwise encourage potential Settlement Class Members to exclude themselves from the Settlement.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

49.     The Effective Date of the Settlement shall be deemed to occur on the first business day following the occurrence or waiver of all of the following events:

a.     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A, attached hereto, as required by ¶2;

b.     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶14;

c.     Deutsche Bank has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

d.     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

e.     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Federal Rule of Civil Procedure 23, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate

Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

50.    Upon the occurrence of all of the events referenced in ¶49, any and all remaining interest or right of Deutsche Bank in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

51.    Unless otherwise ordered by the Court, in the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action, and nothing in this Stipulation shall constitute or be deemed an admission, concession, or presumption with respect to any fact or allegation.

52.    If (i) Deutsche Bank exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a.    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

b.    The Parties shall revert to their respective positions in the Action as of July 12, 2019.

c.    The terms and provisions of this Stipulation, with the exception of this Paragraph and ¶¶27, 29 and 54, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceedings for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

40

53.     Within five (5) days after joint written notification of termination is sent to the Escrow Agent by Deutsche Bank's Counsel and Co-Lead Counsel, the Settlement Fund, less any Notice and Administration Costs paid or reasonably incurred up to the sum of $500,000, and less any Taxes paid or reasonably incurred, shall be refunded by the Escrow Agent to Deutsche Bank (or such other persons or entities as Deutsche Bank may direct).  At the written direction of Deutsche Bank's Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and shall pay the proceeds to Deutsche Bank.   In the event that the funds received by Co-Lead Counsel consistent with ¶29 have not been refunded to the Settlement Fund within five (5) days specified in this Paragraph, those funds shall be refunded by the Escrow Agent to Deutsche Bank (or such other persons or entities as Deutsche Bank may direct) immediately upon their deposit into the Escrow Account, consistent with ¶29.

## NO ADMISSION OF WRONGDOING

54.     This Stipulation (whether or not consummated) including the exhibits hereto and the Plan of Distribution contained herein (or any other plan of distribution that may be approved by the Court); the negotiations leading to the execution of the Stipulation; nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any argument proffered in connection therewith) shall not:

a.     be offered against any of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants or in any way referred to

for any other reason as against any of the Settling Defendants, in any civil, criminal, or administrative action or proceedings, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.      be offered against any of the Settling Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Plaintiff Parties that any of their claims are without merit, that any of the Settling Defendants had meritorious defenses or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Plaintiff Parties in any civil, criminal, or administrative action or proceedings, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.      be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

55.      Each of the Parties recognizes and acknowledges that the Action has been initiated, filed, and prosecuted by Co-Lead Counsel in good faith and defended by Deutsche Bank in good faith, that the Action is being voluntarily settled with all Parties having received the benefit of advice of their respective counsel, and that the terms of the Settlement are fair, reasonable, and adequate.

**MISCELLANEOUS PROVISIONS**

56.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

57.     The Parties intend this Stipulation to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiffs and any other Settlement Class Members against the Settling Defendants with respect to the Settled Claims.  Accordingly, Plaintiffs and their counsel and Deutsche Bank and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Federal Rule of Civil Procedure 11 relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Hon. Jan Adler (ret.), and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

58.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Deutsche Bank (or their successors-in-interest).

59.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

60.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Co-Lead Counsel, and enforcing the terms of this Stipulation, including the Plan of Distribution (or such other plan of distribution as may be approved by the Court) and the distribution of the Net Settlement Fund to eligible Settlement Class Members.

61.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

62.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Deutsche Bank concerning the Settlement.   All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto other than those contained and memorialized in such documents.

63.     This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument, even though all signatories do not sign the same counterparts.   Original signatures are not required.   Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

64.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

65.     The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the State of

New York without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

66.     Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

67.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

68.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be take pursuant to the Stipulation to effectuate its terms.

69.     Co-Lead Counsel and Deutsche Bank's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

70.     Any notice or materials to be provided to Plaintiffs or Co-Lead Counsel pursuant to or relating to this Stipulation shall be sent to Christopher M. Burke and Vincent Briganti at the email and physical addresses listed below, and any notice or materials to be provided to Deutsche Bank or Deutsche Bank's Counsel pursuant to or relating to this Stipulation shall be sent to John Terzaken and Abram Ellis at the email and physical addresses listed below.

71.     Except as otherwise provided herein, each Party shall bear its own costs.

72.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

73.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in his regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligation, and the determination thereof, are the sole responsibility of the Settlement Class Members, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed by their duly authorized attorneys as of August 21, 2019.

**On behalf of Plaintiffs and the Settlement Class:**

**On behalf of Deutsche Bank:**

_____

Christopher M. Burke
Scott+Scott Attorneys at Law LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Email:  cburke@scott-scott.com

_____

John Terzaken
Simpson Thacher & Bartlett LLP
900 G. Street, NW
Washington, DC 20001
Email:  John.Terzaken@stblaw.com

Abram Ellis
Simpson Thacher & Bartlett LLP
900 G. Street, NW
Washington, DC 20001
Email:  AEllis@stblaw.com

_____

Vincent Briganti
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Email:  vbriganti@lowey.com

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE GSE BONDS ANTITRUST LITIGATION** | Case No. 1:19-cv-01704 (JSR) |

**STIPULATION AND AGREEMENT OF SETTLEMENT WITH**
**<u>DEUTSCHE BANK SECURITIES INC.</u>**

## TABLE OF CONTENTS

RECITALS .......................................................................................................................1

DEFINITIONS................................................................................................................4

TERMS OF THE PRELIMINARY APPROVAL ORDER ...............................................17~~14~~

RELEASES ...................................................................................................................15

SETTLEMENT CLASS CERTIFICATION ...................................................................17

SETTLEMENT CONSIDERATION .............................................................................18

    Monetary Consideration ........................................................................................18

    Non-Monetary Consideration ................................................................................18

    Remediation Measures .........................................................................................21

USE OF THE SETTLEMENT FUND ...........................................................................23

ATTORNEYS' FEES AND LITIGATION EXPENSES .........................................26

NOTICE AND SETTLEMENT ADMINISTRATION .................................................27

TERMS OF THE JUDGMENT.....................................................................................33

TERMINATION OF THE SETTLEMENT...................................................................33

CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION .........................................................................................................36

NO ADMISSION OF WRONGDOING ........................................................................38

MISCELLANEOUS PROVISIONS..............................................................................39

This Stipulation and Agreement of Settlement is entered into between plaintiffs Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds; City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan ("Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and Defendant Deutsche Bank Securities Inc. and its predecessors, successors, assigns, subsidiaries, and affiliates, including Deutsche Bank AG, and embodies the terms and conditions of the settlement of the above-captioned action.  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the Action and all Settled Claims against Deutsche Bank and the other Settling Defendants.

## RECITALS

WHEREAS, beginning in or around February 2019, multiple putative class actions were filed against Deutsche Bank Securities Inc., Deutsche Bank AG, and others alleging conspiratorial conduct with respect to secondary trading of bonds issued by government sponsored entities;

WHEREAS, by Orders dated April 3, 2019; April 12, 2019; May 1, 2019; and May 2, 2019, the Court consolidated the actions and appointed the law firms of Scott+Scott Attorneys at Law LLP and Lowey Dannenberg, P.C. to serve as interim co-lead class counsel;

WHEREAS, on or about May 8, 2019, Deutsche Bank's Counsel contacted Co-Lead Counsel to communicate its interest in providing Plaintiffs with cooperation materials pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act of 2004 ("ACPERA");

WHEREAS, on May 9, 2019, the Parties executed an Agreement concerning Confidentiality and Cooperation Processes governing the exchange of confidential cooperation materials and other information provided in the context of settlement negotiations;

WHEREAS, on May 10, 13-14, 2019, Deutsche Bank provided certain cooperation materials and other information to Plaintiffs;

WHEREAS, on May 16, 2019, the Parties executed a Tolling and Standstill Agreement pursuant to which Deutsche Bank agreed to provide certain Cooperation Material within the meaning of the May 9, 2019 Agreement in exchange for not being named in Plaintiffs' First Amended Complaint, which was due to be filed no later than May 23, 2019;

WHEREAS, on May 21, 2019, Deutsche Bank provided to Plaintiffs certain additional Cooperation Material;

WHEREAS, on May 23, 2019, Plaintiffs filed the First Amended Complaint, which incorporated certain of the cooperation materials provided by Deutsche Bank but did not name Deutsche Bank Securities Inc. or Deutsche Bank AG as a defendant;

WHEREAS, on July 1-2, 2019, the Parties engaged in mediation with the Hon. Jan M. Adler (ret.) (the "Mediator");

WHEREAS, the Parties engaged in additional arm's-length negotiations to resolve the claims by Plaintiffs and the other members of the Settlement Class against the Settling Defendants;

WHEREAS, Co-Lead Counsel have conducted an investigation and analyzed and researched the applicable law with respect to the claims against Deutsche Bank and its potential defenses thereto;

WHEREAS, in the course of the Parties' discussions and negotiations, Deutsche Bank made available to Plaintiffs information and documents pertinent to Plaintiffs' and the Settlement Class's claims and Deutsche Bank's defenses to those claims, and Co-Lead Counsel reviewed that information and those documents before Plaintiffs agreed to this Settlement;

4

WHEREAS, Deutsche Bank acknowledges that the efforts of Plaintiffs, including the filing of the Second Amended Complaint in the Action and the presentation of certain facts and arguments during the settlement discussions, contributed materially to Deutsche Bank's agreement to pay the Settlement Amount set forth below in order to resolve the Action;

WHEREAS, on July 12, 2019, Plaintiffs filed the Second Consolidated Amended Complaint, which, among other things, named Deutsche Bank as a defendant and asserted claims against Deutsche Bank under Section 1 of the Sherman Act, 15 U.S.C. §1, pursuant to Section 4 and 16 of the Clayton Act, 15 U.S.C. §§15, 25;

WHEREAS, based on their independent investigation and the information and documents they have reviewed from Deutsche Bank, Co-Lead Counsel and Plaintiffs have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to and in the best interests of Plaintiffs and the other members of the Settlement Class.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each Plaintiff has agreed to this Settlement with Deutsche Bank pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits the Settlement Class will receive from the settlement, (ii) the significant risks of litigation and trial, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

WHEREAS, the Parties are entering into this Stipulation for legitimate and practical reasons but without waiving any right, claim, or defense and without conceding or admitting any fact, allegation or matter.  Deutsche Bank is entering into this Stipulation to eliminate the uncertainty, burden, and expense of further protracted litigation, and this Stipulation shall not be construed or deemed to be evidence of or an admission or concession on the part of Deutsche Bank with respect to any claim or allegation, or any infirmity in the defenses Deutsche Bank has or could

have asserted. Plaintiffs believe that the claims asserted against Deutsche Bank were meritorious and in no event shall this Stipulation be construed or deemed to be evidence of an admission or concession on the part of any Plaintiff of the infirmity in any of the claims asserted in the Action, or an admission or concession that any of Deutsche Bank's affirmative defenses to liability had any merit; and

WHEREAS, each of the Parties recognizes and acknowledges that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Deutsche Bank consistent with ACPERA and in good faith, that the Action is being voluntarily settled with all Parties having received the benefit of the advice of their respective counsel, and that the terms of the Settlement are fair, adequate, and reasonable;

**NOW THEREFORE**, it is hereby **STIPULATED AND AGREED**, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Deutsche Bank, by and through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Parties from the Settlement, all Settled Claims as against Deutsche Bank and the other Settling Defendants and all Settling Defendants' Claims against Plaintiffs and the Settling Plaintiff Parties shall be settled and released, on and subject to the terms and conditions set for below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following terms shall have the following meanings:

a.      "Deutsche Bank" means Deutsche Bank Securities Inc.

b.      "Deutsche Bank's Counsel" means the law firm of Simpson Thacher & Bartlett LLP.

6

c.      "Action" means *In Re GSE Bonds Antitrust Litigation,* Case No 1:19-cv-01704-JSR (S.D.N.Y.); *City of Birmingham Retirement and Relief System et al. v. Bank of America, N.A. et al.*, Case No. 1:19-cv-01704 (S.D.N.Y.); *Alaska Electrical Pension Fund v. Bank of America, N.A. et al.*, Case No. 1:19-cv-01796 (S.D.N.Y.); *Deerfield Beach Municipal Firefighters' Pension Trust Fund v. Bank of America, N.A., et al.*, Case No. 1:19-cv-1900 (S.D.N.Y.); *Lincolnshire Police Pension Fund v. Bank of America, N.A., et al.*, Case No. 1:19-cv-2045 (S.D.N.Y.); *Torsella v. Bank of America, N.A., et al.*, Case No. 1:19-cv-02438 (S.D.N.Y.); *Int'l As'sn of Heat and Frost Insulators and Allied Workers Local No. 14 Pension and Health and Welfare Funds v. Bank of America, N.A., et al.*, Case No. 1:19-cv-2661 (S.D.N.Y.); *Dallas Area Rapid Transit Employees' Defined Benefit Retirement Plan and Trust et al. v. Bank of America, N.A., et al.*, Case No. 1:19-cv-02715 (S.D.N.Y.); *UFCW Local 1776 and Participating Employers Pension Fund v. Bank of America, N.A.*, Case No. 1:19-cv-02755 (S.D.N.Y.); *Mayor and City Council of Baltimore v. Bank of America, N.A., et al.*, Case No. 1:19-cv-02900 (S.D.N.Y.); *Oklahoma Police Pension and Retirement System v. Bank of America, N.A., et al.*, Case No. 1:19-cv-03091 (S.D.N.Y.); *Police Retirement System of St. Louis v. BOFA Securities, Inc., et al.*, Case No. 1:19-cv-03122 (S.D.N.Y.); *Puerto Rico Gov't Employees and Judiciary Retirement Systems Administration v. BOFA Securities, Inc., et al.*, Case No. 1:19-cv-03261 (S.D.N.Y.); and any other action now existing or subsequently filed that is consolidated, related, or based on the same or similar claims as any of the foregoing actions.

d.      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation, provided that the Alternate Judgment may not differ materially from the form of Judgment provided for in this Stipulation.

e.      "Authorized Claimant" means a Settlement Class Member who submits to the Claims Administrator a timely and valid Claim Form that is approved by the Court for payment from the Net Settlement Fund.

f.      "Claim" means a Claim Form submitted to the Claims Administrator.

g.      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

h.      "Claim Form" means the proof of claim form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

i.      "Claims Administrator" means the firm to be retained by Co-Lead Counsel, subject to Court approval, to provide all notices approved by the Court and to administer the Settlement.

j.      "Co-Lead Counsel" means the law firms of Scott+Scott and Lowey Dannenberg, which the Court appointed as interim co-lead class counsel on May 2, 2019.

k.      "Court" means the United States District Court for the Southern District of New York.

l.      "Defendants" means Deutsche Bank Securities Inc.; Barclays Capital Inc.; BNP Paribas Securities Corp.; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; First Tennessee Bank, N.A.; FTN Financial Securities Corp.; Goldman Sachs & Co. LLC; J. P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; TD Securities (USA) LLC; Nomura Securities International, Inc.; HSBC Securities (USA) Inc.; Cantor Fitzgerald &

Co.; SG Americas Securities LLC; Morgan Stanley & Co., LLC; UBS Securities LLC; and any other persons or entities who or which are named as defendants in the Action at any time up to and including the date the Preliminary Approval Order is entered.

m.     "Effective Date" with respect to the Settlement means the first business day after the date by which all the events and conditions specified in ¶49 have been met, occurred, or have been waived.

n.     "Escrow Account" means an account maintained at Huntington National Bank into which the Settlement Amount shall be deposited and held in escrow.

o.     "Escrow Agent" means Huntington National Bank.

p.     "Escrow Agreement" means the escrow agreement between Co-Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

q.     "Final" with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means:  (i) if no appeal is filed, the expiration of the time for the filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there are any appeals from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of time to file a petition for writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely an order issued with respect to (i)

9

the Plan of Distribution (as submitted or subsequently modified), or (ii) attorneys' fees, costs, or expenses, shall not shall not in any way delay or preclude a judgment from becoming Final.

   r. "First Amended Complaint" means the Consolidated Amended Class Action Complaint filed by Plaintiffs against all Defendants except for Deutsche Bank in the Action on May 23, 2019.

   s. "GSE Bond" means any and each unsecured bond or debt instrument (*i.e.*, senior debt, subordinated debt, and junior subordinated debt) regardless of currency or credit quality, issued by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Federal Farm Credit Banks, and Federal Home Loan Banks.  If Co-Lead Counsel broadens the definition of GSE Bond in an amended complaint, the term "GSE Bond" in this Agreement shall incorporate by reference the broader definition.

   t. "GSE Bond Transaction" means any purchase, sale, or other transaction in the secondary market with respect to any GSE Bond.

   u. "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

   v. "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Co-Lead Counsel intend to apply to the Court for a reimbursement from the Settlement Fund.

   w. "Lowey Dannenberg" means the law firm of Lowey Dannenberg, P.C., Co-Lead Counsel for Plaintiffs and the Settlement Class.

   x. "Mediator" means the Hon. Jan M. Adler (ret.).

y.        "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (iv) any service awards to Plaintiffs awarded by the Court; and (v) any other costs or fees approved by the Court.

z.        "Notice" means the Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fees Petition, and Right to Share in Net Settlement Fund, which is to be sent to members of the Settlement Class substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

aa.       "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Co-Lead Counsel in connection with (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses (if any) incurred in connection with the Escrow Account.

bb.       "Parties" means Plaintiffs, on behalf of themselves and the other members of the Settlement Class, and Deutsche Bank.

cc.       "Plaintiffs" means Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania and statutory custodian of all Commonwealth Funds ("Pennsylvania Treasury"); City of Birmingham Retirement and Relief System; Electrical Workers Pension Fund Local 103, I.B.E.W.; and Local 103, I.B.E.W. Health Benefit Plan.

dd.       "Plan of Distribution" means the proposed plan of distribution of the Net Settlement Fund set forth in the Notice.

ee.    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

ff.    "Publication Notice" means the Summary Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fees Petition, and Right to Share in Net Settlement Fund, which is for publication substantially in the form attached as Exhibit 3 to Exhibit A hereto.

gg.    "Qualified Settlement Fund" has the meaning it is given in Treasury Regulation §1.468B-1.

hh.    "Released Parties" means each and any of the Settling Defendants and each and any of the Settling Plaintiff Parties.

ii.    "Releases" means the releases set forth in ¶¶3-10 of this Stipulation.

jj.    "Scott+Scott" means the law firm of Scott+Scott Attorneys at Law LLP, Co-Lead Counsel for Plaintiffs and the Settlement Class.

kk.    "Second Amended Complaint" means the Second Consolidated Amended Class Action Complaint filed by Plaintiffs against Defendants in the Action on July 12, 2019.

ll.    "Settled Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or

12

unsuspected, asserted or unasserted, choate or inchoate, which the Settling Plaintiff Parties ever had, now have, or hereafter can, shall, or may have, representatively, derivatively, or in any capacity against the Settling Defendants that arise from or relate to the factual predicate of the Action or any amended complaint or pleading therein.  Settled Claims shall not include:  (i) claims based on transactions that are outside the extraterritorial reach of the Sherman Act pursuant to Section 6a of the Sherman Act, 15 U.S.C. §6a; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submits a request for exclusion in connection with the Notice whose request is accepted by the Court.

   mm. "Settlement" or "Deutsche Bank Settlement" means the resolution of this Action as against Deutsche Bank and the Settling Defendants in accordance with the terms and provisions of this Stipulation.

   nn. "Settlement Amount" means $15,000,000 in cash.

   oo. "Settlement Class" or "Class" means all persons and entities who or which entered into a GSE Bond Transaction with one or more Defendants or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant during the Settlement Class Period.  Excluded from the Settlement Class are:  Defendants; direct or indirect parents, subsidiaries, affiliates, or divisions of Defendants; ~~all federal~~the United States government ~~entities~~; and any judicial officer presiding over this Action and the members of his or her immediate family and judicial staff and any juror assigned to this Action; provided, however, that Investment Vehicles shall not be excluded from the definition of "Settlement Class" or "Class."  Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.  If

13

Plaintiffs broaden the class definition in an amended complaint, the term "Settlement Class" in this Stipulation shall incorporate by reference the broader definition.

        pp.    "Settlement Class Distribution Order" or "Class Distribution Order" means an order of the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

        qq.    "Settlement Class Member" or "Class Member" means any person or entity who or which is a member of the Settlement Class.

        rr.    "Settlement Class Period" or "Class Period" means the period from January 1, 2009 through and including January 1, 2019.

        ss.    "Settlement Fund" means the Settlement Amount together with all interest and income earned thereon after being transferred to the Escrow Account.

        tt.    "Settlement Hearing" means the hearing to be held by the Court under Federal Rule of Civil Procedure 23(e)(2) to consider final approval of the Settlement.

        uu.    "Settling Defendants" means Deutsche Bank and all of its respective past and present, direct and indirect corporate parents (including holding companies and including without limitation Deutsche Bank AG), subsidiaries, related entities, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, and all of their respective past or present officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns.

        vv.    "Settling Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under

federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, maintenance, or settlement of the Claims asserted in the Action against Deutsche Bank.  Settling Defendants' Claims shall not include:  (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity that submits a request for exclusion from the Settlement Class in connection with the Notice and whose request is accepted by the Court.

ww.    "Settling Plaintiff Parties" means individually and collectively each Plaintiff and Settlement Class Member, on behalf of himself, herself, or itself, and each of his, her, or its respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, insurers, administrators, purchasers, predecessors, successors, and assigns, and attorneys, including Co-Lead Counsel, in their capacities as such.  Notwithstanding that the United States government is excluded from the Settlement Class, with respect to any Settlement Class Member that is a government entity, Settling Plaintiff Parties includes any Settlement Class Member as to which the government entity has the legal right to release such claims, including members of any Employee Benefit Plan sponsored by a government entity.

xx.    "Stipulation" means this Stipulation and Agreement of Settlement.

yy.    "Taxes" means:   (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund including taxes imposed on the Parties or on their counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Funds does not qualify as a Qualified Settlement Fund; (ii) the expenses and costs incurred  in connection with determining the amount of and paying any taxes owed by the Settlement Fund, including, without limitation, the expenses

and costs associated with tax attorneys and accountants and the mailing and distribution expenses and costs related to filing (or failure to file) any of the tax returns described in ¶25; and (iii) taxes imposed on the Settlement Fund, including estimated taxes and withholding taxes.

        zz.    "Unknown Claims" means any Settled Claims that Settling Plaintiff Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and any Settling Defendants' Claims that the Settling Defendants do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known to them might have affected their decisions with respect to the Settlement. With respect to any and all Settled Claims and Settling Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Settling Defendants shall expressly, and each of the other Settling Plaintiff Parties shall be deemed to have, and by operation of the Judgment or Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent, or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs and Settling Defendants acknowledge, and each of the other Settling Plaintiff Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and was a key element of this Settlement.

aaa.   "Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq.

bbb.   "Investment Vehicles" means (i) any company or pooled investment fund in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds; and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that under no circumstances may a Defendant (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution from the Settlement Fud through an Investment Vehicle.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

2.     Promptly upon execution of this Stipulation, Plaintiffs shall move for, and Deutsche Bank shall not oppose, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASES

3.     The obligations incurred pursuant to this Stipulation are in consideration of:  (i) the full and final disposition of the Action with respect to Deutsche Bank; and (ii) the Releases provided for herein.

4.     Upon final approval of the Settlement as reflected in this Agreement, and as part of the entry of the Judgment, or the Alternate Judgment, the Action shall be dismissed with prejudice as to Deutsche Bank.

17

5.      The Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims.

6.      Nevertheless, pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the Settling Plaintiff Parties:  (i) shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settled Claim as against each and every one of the Settling Defendants; (ii) shall forever be barred and enjoined from prosecuting any or all of the Settled Claims against any of the Settling Defendants; and (iii) agrees and covenants not to sue any of the Settling Defendants with respect to any Settled Claims or to assist any third party in commencing or maintaining any suit against any of the Settling Defendants related to any Settled Claims.

7.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, the Settling Defendants, on behalf of themselves and their respective predecessors, successors, parents, subsidiaries, affiliates, heirs, executors, trustees, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settling Defendants' Claim as against each and every one of the Settling Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Settling Defendants' Claims against any of the Settling Plaintiff Parties.

18

8.     Notwithstanding ¶¶6-7, nothing in the Judgment, or in the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.  In addition, nothing in this Settlement or the Judgment, or Alternate Judgment, if applicable, shall in any respect affect or impact the U.S. Department of Justice, or any other governmental regulatory or law enforcement agency, from taking any action or refraining from taking any action against any of the Parties with respect to the facts or circumstances giving rise to this Action.

9.     If, prior to entry of the Judgment, or the Alternate Judgment, if applicable, Plaintiffs enter into a settlement with another Defendant in the Action that contains broader releases, applies to a more broadly defined class, or contains other material provisions (other than the Settlement Amount, cooperation provisions, remediation measures, and obligations under ACPERA) more favorable to that Defendant than those included in favor of Deutsche Bank or the other Settling Defendants in this Stipulation, and the Court grants final approval to such other settlement including its more favorable terms, the Parties agree that this Stipulation shall be deemed and agreed to be amended solely for purposes of including or mirroring such additional more favorable terms.

10.     All rights of any Settlement Class Member against any other person other than Deutsche Bank and the other Settling Defendants are specifically reserved by Plaintiffs and Settlement Class Members, including against other Defendants in the Action.  GSE Bond Transactions entered into with Deutsche Bank shall, to the extent permitted and/or authorized by law, and to the extent consistent with the claims asserted in the Action and the definition of any class(es) that may be certified by the Court against other Defendants, remain in the case against the other Defendants in the Action as a potential basis for liability and/or damage claims against

such other Defendants and shall be part of any joint and several liability claims against the other Defendants in the Action.

## SETTLEMENT CLASS CERTIFICATION

11.     Solely for purposes of this Settlement, Deutsche Bank will not oppose a motion to: (i) certify the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) appoint Plaintiffs as representatives of the Settlement Class; and (iii) appoint Co-Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

12.     The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating this Settlement as to Deutsche Bank and the other Settling Defendants, and for no other purpose.  Deutsche Bank retains all of its objections, arguments, and defenses, and reserves all rights to contest class certification if the Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the Settlement set forth in this Agreement otherwise fails to proceed for any reason.  The Parties acknowledge that there has been no stipulation to a class or certification of a class for any purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the Settlement set forth in this Agreement otherwise fails to close for any other reason, then this Agreement as to certification of the Settlement Class becomes null and void *ab initio*, and neither this Agreement nor any other Settlement-related statement may be cited in support of an argument for certifying a class related to this proceeding.

## SETTLEMENT CONSIDERATION

13.     In consideration of the settlement of the Settled Claims against Deutsche Bank and other Settling Defendants, Deutsche Bank shall provide Plaintiffs with the monetary and non-monetary consideration described below.

<u>Monetary Consideration</u>

14.     Deutsche Bank shall cause the payment of the Settlement Amount to be transferred to the Escrow Account within fourteen (14) days following the later of (i) the entry of the Preliminary Approval Order, or (ii) the date by which Co-Lead Counsel has provided Deutsche Bank with such information as may be required to complete the transfer.

15.     Except as required by ¶14 concerning payment of the Settlement Amount, and except as provided in ¶53 concerning refund upon termination of the Settlement, Deutsche Bank shall have no responsibility for any other costs, including any attorneys' fees and expenses, Notice and Administration Costs, or any Taxes or tax-related costs, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.

<u>Non-Monetary Consideration</u>

16.     Upon execution of this Stipulation, Deutsche Bank shall be under a continuing obligation, upon request, to provide Plaintiffs with reasonable cooperation, limited to the subject matter of the Settled Claims, until the date when final judgment has been rendered, with no remaining rights of appeal, in the Action against all Defendants.  The cooperation provided by Deutsche Bank shall be used by Plaintiffs solely in connection with the prosecution of the Action but not for the institution or prosecution of any other action or other proceeding against any of the Settling Defendants for any purpose whatsoever, including but not limited to actions or proceedings in jurisdictions outside the United States. The confidentiality of such cooperation shall

be governed by the protective order in effect in the Action and, to the extent broader protections

apply, the Agreement concerning Confidentiality and Cooperation Processes executed between the

Parties and dated May 9, 2019. Deutsche Bank shall provide the cooperation described herein to

the extent it is: (i) not prevented from doing so by any court order or any law, regulation, policy,

or other rule of any regulatory agency or governmental body restricting disclosure of documents

or information, or (ii) not prevented from doing so by any express objection from a regulatory

agency or governmental body. Deutsche Bank may assert, where applicable, the work-product

doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege,

the bank regulatory or examination privilege, obligations under applicable data privacy laws or

regulations, and/or any other applicable privilege or protection with respect to any documents,

material, and/or information requested under this Stipulation. The production of any such

document alone shall not be construed to be a waiver of any privilege, protection, or prohibition

otherwise attached to such document. Deutsche Bank's Counsel will meet with Co-Lead Counsel

as is reasonably necessary to discuss any applicable assertion of domestic or foreign privilege,

protection, or prohibition.

17.     Subject to the limitations set forth in ¶16, Deutsche Bank, upon request, shall begin

providing the following cooperation as soon as practicable after execution of this Stipulation:

a.     Deutsche Bank shall produce to Plaintiffs information required for

providing Notice to the Settlement Class, as the Claims Administrator may require, including but

not limited to the names and addresses of members of the Settlement Class who or which were

counterparties with Deutsche Bank, to the extent such information is reasonably available and in

Deutsche Bank's possession;

b.      Deutsche Bank shall produce to Plaintiffs transaction data involving or concerning Settled Claims from January 1, 2009 through January 1, 2019 to the extent such production is non-duplicative of data already produced by Deutsche Bank.  The Parties shall meet and confer on the format and scope of the data to be produced;

c.      Deutsche Bank shall provide to Plaintiffs an attorney proffer providing a full account of all facts known to Deutsch Bank regarding the Settled Claims, or in lieu of such proffer, Deutsche Bank shall make information similarly available through alternative means such as attorney participation in witness interviews;

d.      Deutsche Bank shall produce to Plaintiffs documents that Deutsche Bank has produced or made available, or will produce or make available in the future, in response to past or pending requests by any governmental body investigating the subject matter of the Settled Claims, to the extent such production is non-duplicative of documents already produced by Deutsche Bank.  The obligation to produce such documents is continuing in nature;

e.      Deutsche Bank shall use its best efforts to make available for witness interviews in this Action up to 5 (five) current or former employees, to the extent those employees are within Settling Defendants' custody and control.  Any interviews will be conducted at a time and place convenient to the witness and will relate only to Settling Defendants' role in the Settled Claims. The timing of such witness interviews shall be mutually agreed upon by Co-Lead Counsel and Deutsche Bank's Counsel.

f.      Upon reasonable notice, Deutsche Bank shall use its best efforts to make available for deposition up to 5 (five) current or former employees, to the extent those employees are within Settling Defendants' custody and control, without the need for subpoenas.  The depositions of witnesses represented by Deutsche Bank's Counsel, or for whom Deutsche Bank is

23

providing counsel, shall be administered according to the rules and limitations of the Federal Rules of Civil Procedure, regardless of the location at which they take place or the citizenship of the witness;

g.      Upon reasonable notice, Deutsche Bank shall use its best efforts to make available for trial testimony up to 5 (five) current or former employees, to the extent those employees are within Settling Defendants' custody and control, without the need for subpoenas;

h.      Upon reasonable notice and as permitted by law, Deutsche Bank shall provide Plaintiffs declarations or certifications to establish in discovery, and if necessary at trial that, if believed to be true and accurate, the document, ESI, or data previously produced by Deutsche Bank is genuine, authentic, and a record of a regularly conducted activity pursuant to Fed. R. Evid. 803(6).

18.      Deutsche Bank agrees to meet and confer in good faith regarding future requests from Plaintiffs for additional documents, data, and other information beyond the items specified in ¶17 in order to obtain settlement approval or prosecute the Action against the other Defendants. Deutsche Bank need not agree to requests that are unreasonable or unduly burdensome, and need not agree to requests for which Plaintiffs cannot demonstrate a need that cannot be reasonably met through alternative means.  In the event they cannot agree, such disputes shall be resolved by the Mediator, whose decisions shall be binding on the Parties.

<u>Remediation Measures</u>

19.      The Parties have met-and-conferred regarding the elements of an effective antitrust compliance program and agree that the following policies, procedures, and controls are  important criteria for an effective multi-factor approach to preventing and detecting anticompetitive conduct in the GSE Bond market:

a.      Rigorous training: employees and management should be trained to understand their antitrust compliance obligations. This training should occur at regular intervals and focus on antitrust issues specific to the business

b.      Culture of Compliance: antitrust compliance should be supported from the top down, with the organization promoting a culture that encourages ethical conduct and a commitment to compliance with the law. Senior management should communicate the importance of antitrust compliance on a regular basis and take personal responsibility for implementing the policies and procedures communicated during training.

c.      Strong oversight: compliance with the organization's policies, procedures, and controls should be tested through periodic review, monitoring, and auditing of employee communications (*e.g.*, Instant Bloomberg chats, emails, phone calls) and employee participation in external organizations (*e.g.*, trade associations) and conferences.

d.      Dedicated resources: antitrust compliance should be the focus of a dedicated team of full-time attorney(s) or compliance professional(s) with experience in that area of law. The antitrust compliance team should encourage employees and managers to  seek guidance about potentially illegal conduct and report suspected violations through a dedicated escalation process.

e.      Risk assessment: a risk assessment should be conducted periodically by internal and/or external antitrust professionals to ensure that an antitrust compliance program is tailored consistent with industry best practice.

20.     The Parties agree that Deutsche Bank currently maintains an antitrust compliance program incorporating the principles outlined in ¶19, and Deutsche Bank further agrees that it will maintain an antitrust compliance program reasonably designed to detect and prevent anticompetitive conduct so long as Deutsche Bank is engaged in GSE Bond Transactions.

25

21.     Deutsche Bank agrees that for at least twenty-four (24) months following the execution date of this Stipulation, or until Plaintiffs' claims against all Defendants in the action are fully and finally adjudicated, whichever is later, it will:

a.     Unless Deutsche Bank is no longer engaged in GSE Bond Transactions, meet and confer with Plaintiffs and a representative of the Pennsylvania Treasury on a semi-annual basis to discuss Deutsche Bank's ongoing antitrust compliance policies, procedures, and controls applicable to the GSE Bond market.

b.     Cooperate with  Plaintiffs to evaluate antitrust compliance best practices in the GSE Bond market.

## USE OF THE SETTLEMENT FUND

22.     The Settlement Fund shall be used to pay:  (i) any Taxes; (ii) any Notice and Administrative Expenses; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (v) any service awards to Plaintiffs awarded by the Court; and (vi) any other costs, fees, or expenses approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶30-43.

23.     Except as provided herein or pursuant to orders of the Court, the Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments backed by the full faith and credit of the U.S. Government or fully insured by the U.S. Government or any agency thereof, including a U.S. Treasury Fund or a bank

account that is either fully insured by the Federal Deposit Insurance Corporation or secured by instruments backed by the full faith and credit of the United States Government, and shall collect and reinvest all interest accrued thereon in similar instruments at their then-current market rates. Neither the Parties nor their counsel shall have any responsibility or liability for the losses suffered by, or fluctuations in value of, the Settlement Fund.

24.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and not to take any tax position that is inconsistent therewith.  It is further agreed that Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund.  Co-Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Settling Defendants shall not have any liability or responsibility for any such Taxes.  Upon written request, Deutsche Bank shall provide to Co-Lead Counsel the statement described in Treasury Regulation §1.468B-3(e).  Co-Lead Counsel shall cause the administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3) to timely make such elections as are necessary or advisable to carry out this Paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

25.     All Taxes shall be treated as, and considered to be, a cost of administration of the Settlement Fund paid out of the Settlement Fund and shall be timely paid by the Escrow Agent,

pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior order of the Court. The Escrow Agent shall be obligated to withhold from distribution to Authorized Claimants any funds necessary for the payment of Taxes, including the establishment of authorized reserves and amounts required to be withheld under Treasury Regulation 1.468B-2(l)(2). Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous Paragraph and in all events shall reflect that all Taxes (including estimated taxes, interest or penalties) on the interest and income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein, including any Taxes or penalties imposed on the Settlement Fund for any period during which the Settlement Fund does not qualify as a Qualified Settlement Fund for federal or state tax purposes. Settling Defendants shall have no responsibility or liability for the acts or omissions of Co-Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

26.      This is not a claims-made settlement. Excepted as provided for in ¶46, upon the occurrence of the Effective Date of the Settlement, neither Deutsche Bank nor any of the Settling Defendants, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

27.      Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Co-Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs incurred and paid or payable up to the sum of $500,000. Such costs and expenses shall include, without limitation, the

actual costs of printing and mailing the Notice, publishing the Publication Notice, reimbursements to nominee owners for forwarding notices to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted claims), and the fees, if any, of the Escrow Agent.  All Notice and Administrative Costs in excess of $500,000 shall be paid from the Settlement Fund, subject to approval from the Court.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, Notice and Administration Costs incurred and paid or payable up to the sum of $500,000 shall not be returned or repaid to Deutsche Bank, any of the other Settling Defendants, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

28.     Co-Lead Counsel will apply to the Court for an award of attorneys' fees to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel will also apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between the Parties other than what is set forth in this Stipulation.

29.     Fifty percent (50%) of the attorneys' fees and one hundred percent (100%) of the Litigation Expenses, as awarded by the Court, shall be paid to Co-Lead Counsel from the Escrow Account, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's several obligation to make appropriate refunds or repayments to the

29

Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Each law firm that serves as counsel to Plaintiffs, as a condition of receiving such fees and Litigation Expenses, on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this Paragraph.  Co-Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (i) receiving from Deutsche Bank's Counsel notice of termination of the Settlement; or (ii) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  The remaining fifty percent (50%) of the awarded attorneys' fees shall be paid to Co-Lead Counsel from the Escrow Account when distribution of the proceeds to Authorized Claimants has been very substantially completed.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor Co-Lead Counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

## NOTICE AND SETTLEMENT ADMINISTRATION

30.     As part of the Preliminary Approval Order, Plaintiffs shall seek the appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court.  Neither Deutsche Bank, nor any of the Settling Defendants, shall have any involvement or any responsibility, authority, or

liability whatsoever for the selection of the Claims Administrator, the Plan of Distribution (or such other plan of distribution as the Court approves), the administration of the Settlement, the Claims process, or distribution of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including but not limited to, Plaintiffs, any other Settlement Class Members, or Co-Lead Counsel in connection with the foregoing.  Deutsche Bank's Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

31.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to mail the Notice to those members of the Settlement Class who or which can be identified through reasonable effort.  Co-Lead Counsel shall also cause the Claims Administrator to have the Publication Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

32.     If there is more than one settlement, and if practicable, Co-Lead Counsel shall provide a single Notice to the Settlement Class that combines notice of this Stipulation with other pending settlement(s) reached with other Defendant(s).  If a single Notice to the Settlement Class combines notice of this Stipulation with other pending settlement(s) reached with other Defendant(s), and Notice and Administration Costs incurred and paid or payable up to the sum of $500,000 become returnable or repayable to Deutsche Bank pursuant to ¶27, and to such other Defendant(s), the Escrow Agent shall make pro rata disbursements from the Settlement Fund for purposes of returning or repaying such Notice and Administration Costs calculated based on the Settlement Amount paid by Deutsche Bank and each such other Defendant.

33.     Pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* ("CAFA"), no later than ten (10) days after the Stipulation is filed with the Court, Deutsche Bank, at its own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice

pursuant to CAFA.  No later than seven (7) days before the Settlement Hearing, Deutsche Bank shall cause to filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

34.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's share of the Net Settlement Fund based on each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Distribution set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of distribution as the Court approves).

35.    The Plan of Distribution proposed in the Notice is not a necessary term of the Settlement or this Stipulation, and it is not a condition of the Settlement or this Stipulation that any particular plan of distribution be approved by the Court.  Plaintiffs and Co-Lead Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Distribution or any other plan of distribution in this Action.  Deutsche Bank and the other Settling Defendants shall not object in any way to the Plan of Distribution or any other plan of distribution in the Action.

36.    Any Settlement Class Member who fails to timely submit a valid Claim Form will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Settling Defendants with respect to the Settled Claims in the event that the Effective Date occurs with respect to the Settlement.

37.     Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund subject to Court approval.  Neither Deutsche Bank nor any other of the Settling Defendants shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.

38.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Claimant shall be required to electronically submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may require;

b.     All Claim Forms must be submitted by the date set by the Preliminary Approval Order and specified in the Notice, unless such period is extended by order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later submitted Claim Form by such Settlement Class Member is approved), but shall in all other respects be bound by all terms of this Stipulation and Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from brining any action, claim, or other proceeding of any kind against the Settling Defendants with respect to any Settled Claim.  Claim Forms shall be deemed to have been submitted when actually received by the Claims Administrator.  Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims

33

Administrator so long as distribution of the proceeds of the Settlement Fund or Net Settlement Fund is not materially delayed;

c.     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, which shall determine in accordance with this Stipulation and the plan of distribution and under the supervision of Co-Lead Counsel, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to Subparagraph (e) below;

d.     Claim Forms that do not meet the submission requirements may be rejected. Prior to the rejection of a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing in order to afford the Claimant the opportunity to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under the supervision of Co-Lead Counsel, shall notify, in writing, any Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Claimant whose Claim is to be rejected in whole or in part has the right to a review by the Court if such Claimant so desires and if such Claimant complies with the requirements of Subparagraph (e) below.  Co-Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interest of achieving substantial justice; and

e.     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of disseminating the notice required in Subparagraph (d) above, serve on the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If the dispute concerning

the claim cannot otherwise be resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

39.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of the Action or of the Settlement in connection with the processing of the Claim Forms.

40.     Co-Lead Counsel will apply to the Court for a Class Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

41.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court shall be barred from participation in the distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against all Settling Defendants with respect to any and all of the Settled Claims.

42.     No person or entity shall have any claim against Plaintiffs, Co-Lead Counsel, the Claims Administrator, or any other agent designated by Co-Lead Counsel, or Deutsche Bank, Settling Defendants, and/or their respective counsel, arising from distributions made substantially in accordance with this Stipulation, the plan of distribution approved by the Court, or any order of the Court.  Plaintiffs, Deutsche Bank, and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of distribution approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

43.     All proceedings with respect to the administration, processing, and determination of Claims, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF THE JUDGMENT**

44.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Deutsche Bank's Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**TERMINATION OF THE SETTLEMENT**

45.     Plaintiffs, provided they unanimously agree, and Deutsche Bank shall each have the right to terminate the Settlement and this Stipulation by a Termination Notice to the other

36

Parties to this Stipulation within thirty (30) days of:  (i) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final refusal to approve the Settlement or any material part thereof; (iii) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (iv) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (v) the date upon which an Alternative Judgment is modified or reversed in any material way by the United States Court of Appeals for the Second Circuit or the United States Supreme Court.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any service awards to Plaintiffs or any plan of distribution shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

46.    If one or more putative members of the Settlement Class timely submit a Request for Exclusion, the processes set forth in this Paragraph shall apply:

a.    Co-Lead Counsel shall provide a list of those putative members of the Settlement Class who or which submit a Request for Exclusion, together with all such Requests for Exclusion, to Deutsche Bank within three (3) days of the deadline set by the Court for the filing of Requests for Exclusion.  If, after Deutsche Bank receives such list, Deutsche Bank decides to request relief under this Paragraph, Deutsche Bank shall within seven (7) days, or as soon as reasonable if such data is not reasonably accessible, provide to Plaintiffs all transaction data that it will present to the Mediator, and the Parties shall meet and confer in good faith.

b.    If the Parties are unable to reach agreement and Deutsche Bank asserts that the total Requests for Exclusion represent a material portion of GSE Bond Transactions of the

37

Settlement Class during the Settlement Class Period and their exclusion would materially reduce the value of the Settlement to Deutsche Bank (the "Materiality Threshold"), then Deutsche Bank may present the issue of whether the total Requests for Exclusion meet the Materiality Threshold and, if so, the issue of the appropriate remedy to the Mediator.

        c.     Unless the Parties otherwise agree, Deutsche Bank shall submit any such application for a remedy to the Mediator no later than twenty-one (21) days following receipt of the Requests for Exclusion from Plaintiffs. The Mediator's determinations, which shall be made after a mediation involving the Parties, shall be binding on the Parties.

        d.     The Mediator shall have sole discretion to determine what, if any, remedy is warranted due to a material impact on the value of the Settlement to Deutsche Bank by the Requests for Exclusion.

        e.     If the Mediator in his sole discretion selects some reduction as the appropriate remedy, he may not provide for a reduction in the Settlement Amount greater than a one-to-one ratio: that is, the Mediator may not reduce the Settlement Amount by more than the amount that those putative members of the Settlement Class who or which submitted a Request for Exclusion would likely have been eligible to receive collectively (but for their exclusion) from the Settlement Fund. The Mediator is not required to grant any reduction or to impose a one-to-one ratio if he determines no such reduction is appropriate. In the event the Mediator determines some reduction is appropriate, the amount of the reduction shall be paid to Deutsche Bank from the Settlement Fund.

        f.     In the alternative to seeking a reduction, Deutsche Bank may seek to terminate the Settlement by application to the Mediator. If the Mediator determines in his sole discretion that the reduction remedy is not adequate to preserve the essential benefits of the

Settlement to Deutsche Bank, and Deutsche Bank elects to terminate the Settlement, any termination shall be effected solely in accordance with the termination provisions of this Stipulation.

47.     The Parties shall have the right but not the obligation to subpoena from each putative members of the Settlement Class who or which submits a Request for Exclusion to obtain documents that are pertinent to the procedures set out in ¶46.

48.     The Parties, Co-Lead Counsel, Settling Defendants, and Deutsche Bank's Counsel agree that they will make no effort to solicit or otherwise encourage potential Settlement Class Members to exclude themselves from the Settlement.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

49.     The Effective Date of the Settlement shall be deemed to occur on the first business day following the occurrence or waiver of all of the following events:

a.     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A, attached hereto, as required by ¶2;

b.     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶14;

c.     Deutsche Bank has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

d.     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

e.     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Federal Rule of Civil Procedure 23, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate

39

Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

50.     Upon the occurrence of all of the events referenced in ¶49, any and all remaining interest or right of Deutsche Bank in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

51.     Unless otherwise ordered by the Court, in the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action, and nothing in this Stipulation shall constitute or be deemed an admission, concession, or presumption with respect to any fact or allegation.

52.     If (i) Deutsche Bank exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

        a.      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

        b.      The Parties shall revert to their respective positions in the Action as of July 12, 2019.

        c.      The terms and provisions of this Stipulation, with the exception of this Paragraph and ¶¶27, 29 and 54, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceedings for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

53.     Within five (5) days after joint written notification of termination is sent to the Escrow Agent by Deutsche Bank's Counsel and Co-Lead Counsel, the Settlement Fund, less any Notice and Administration Costs paid or reasonably incurred up to the sum of $500,000, and less any Taxes paid or reasonably incurred, shall be refunded by the Escrow Agent to Deutsche Bank (or such other persons or entities as Deutsche Bank may direct).   At the written direction of Deutsche Bank's Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and shall pay the proceeds to Deutsche Bank.   In the event that the funds received by Co-Lead Counsel consistent with ¶29 have not been refunded to the Settlement Fund within five (5) days specified in this Paragraph, those funds shall be refunded by the Escrow Agent to Deutsche Bank (or such other persons or entities as Deutsche Bank may direct) immediately upon their deposit into the Escrow Account, consistent with ¶29.

## NO ADMISSION OF WRONGDOING

54.     This Stipulation (whether or not consummated) including the exhibits hereto and the Plan of Distribution contained herein (or any other plan of distribution that may be approved by the Court); the negotiations leading to the execution of the Stipulation; nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any argument proffered in connection therewith) shall not:

a.      be offered against any of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants or in any way referred to

for any other reason as against any of the Settling Defendants, in any civil, criminal, or administrative action or proceedings, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

        b.      be offered against any of the Settling Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Plaintiff Parties that any of their claims are without merit, that any of the Settling Defendants had meritorious defenses or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Plaintiff Parties in any civil, criminal, or administrative action or proceedings, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

        c.      be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

55.      Each of the Parties recognizes and acknowledges that the Action has been initiated, filed, and prosecuted by Co-Lead Counsel in good faith and defended by Deutsche Bank in good faith, that the Action is being voluntarily settled with all Parties having received the benefit of advice of their respective counsel, and that the terms of the Settlement are fair, reasonable, and adequate.

## MISCELLANEOUS PROVISIONS

56.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

57.    The Parties intend this Stipulation to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiffs and any other Settlement Class Members against the Settling Defendants with respect to the Settled Claims.  Accordingly, Plaintiffs and their counsel and Deutsche Bank and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Federal Rule of Civil Procedure 11 relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Hon. Jan Adler (ret.), and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

58.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Deutsche Bank (or their successors-in-interest).

59.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

43

60.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Co-Lead Counsel, and enforcing the terms of this Stipulation, including the Plan of Distribution (or such other plan of distribution as may be approved by the Court) and the distribution of the Net Settlement Fund to eligible Settlement Class Members.

61.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

62.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Deutsche Bank concerning the Settlement.   All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto other than those contained and memorialized in such documents.

63.     This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument, even though all signatories do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

64.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

65.     The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the State of

New York without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

66.     Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

67.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

68.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be take pursuant to the Stipulation to effectuate its terms.

69.     Co-Lead Counsel and Deutsche Bank's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

70.     Any notice or materials to be provided to Plaintiffs or Co-Lead Counsel pursuant to or relating to this Stipulation shall be sent to Christopher M. Burke and Vincent Briganti at the email and physical addresses listed below, and any notice or materials to be provided to Deutsche Bank or Deutsche Bank's Counsel pursuant to or relating to this Stipulation shall be sent to John Terzaken and Abram Ellis at the email and physical addresses listed below.

71.     Except as otherwise provided herein, each Party shall bear its own costs.

72.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

73.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in his regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligation, and the determination thereof, are the sole responsibility of the Settlement Class Members, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed by their duly authorized attorneys as of August 21, 2019.

**On behalf of Plaintiffs and the Settlement Class:**

**On behalf of Deutsche Bank:**

_____

Christopher M. Burke
Scott+Scott Attorneys at Law LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Email:  cburke@scott-scott.com

_____

John Terzaken
Simpson Thacher & Bartlett LLP
900 G. Street, NW
Washington, DC 20001
Email:  John.Terzaken@stblaw.com

Abram Ellis
Simpson Thacher & Bartlett LLP
900 G. Street, NW
Washington, DC 20001
Email:  AEllis@stblaw.com

_____

Vincent Briganti
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Email:  vbriganti@lowey.com