UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GSE BONDS ANTITRUST LITIGATION | Case No. 1:19-cv-01704 (JSR) |

[PROPOSED] ORDER APPROVING DISTRIBUTION
OF THE NET SETTLEMENT FUND

WHEREAS Plaintiffs, by and through their Counsel, Scott+Scott Attorneys at Law LLP and Lowey Dannenberg, P.C. (together, "Co-Lead Counsel"), have moved this Court for entry of this [Proposed] Order Approving Distribution of the Net Settlement Fund in the above-captioned class action (the "Action"), and the Court having considered all materials and arguments submitted in support of the Motion, including the Declaration of Steven Straub in Support of Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Fund to Authorized Claimants (the "Straub Declaration") and Memorandum in Support of Plaintiffs' Motion for Entry of an Order Approving the Distribution of the Net Settlement Fund submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order hereby incorporates by reference the definitions in the Stipulations and Agreements of Settlement filed in this Action (ECF Nos. 257-1, 267-1, 318-1, 343-1, and 343-2) (the "Stipulations"), and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulations or the Straub Declaration.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Claimants.

3. Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Fund to Authorized Claimants is **GRANTED**. Accordingly,

a. The administrative recommendations of the Court-approved Claims Administrator, A.B. Data, Ltd. ("A.B. Data") to accept the Timely Eligible Claims set forth in Exhibit A to the Straub Declaration, the Late But Otherwise Eligible Claims set forth in Exhibit B to the Straub Declaration, and the Adjusted Claims set forth in Exhibit D to the Straub Declaration are approved;

b. A.B. Data's administrative recommendations to reject the Rejected Claims set forth in Exhibit C to the Straub Declaration and the Claims that have been withdrawn, replaced with a new submission, or submitted in duplicate set forth in Exhibit E to the Straub Declaration are approved;

c. A.B. Data will calculate award amounts for all Authorized Claimants as if the Net Settlement Fund, after deducting all payments of fees and expenses incurred in connection with administering the Net Settlement Fund and previously approved by the Court, any estimated future payments for such fees and expenses, as well as any further payments for escrow fees, taxes, and costs of preparing appropriate tax returns, were to be distributed now, by calculating each Authorized Claimant's *pro rata* share of the Net Settlement Fund in accordance with the Court-approved Plan of Distribution (an Authorized Claimant's "Distribution Amount");

d. A.B. Data will then conduct an "Initial Distribution" of the Net Settlement Fund as follows:

   i. Authorized Claimants whose Distribution Amounts are less than $25 will be paid $25 ("Minimum Payment") in full. These Authorized Claimants will receive no additional funds in any subsequent distributions.

ii. Authorized Claimants whose Distribution Amounts are less than $12,000 will be paid in full. These Authorized Claimants will receive no additional funds in any subsequent distributions.

iii. After deducting the payments to Authorized Claimants receiving the Minimum Payment and Authorized Claimants receiving less than $12,000, 90% of the remaining balances of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amounts are $12,000 or more.

iv. The remaining 10% of payments will be held in reserve (the "Reserve") to address any contingencies that may arise after the distribution with respect to claims and/or to pay for any future fees or expenses incurred in connection with administering the Net Settlement Fund that are authorized by the Court, as well as any further escrow fees, taxes, and the costs of preparing appropriate tax returns. To the extent the Reserve is not depleted, the remainder will be distributed in a subsequent distribution(s).

e. In order to encourage Authorized Claimants to promptly deposit their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear the notations, "***Please deposit this check promptly as it becomes void and subject to re-distribution if not negotiated within 90 days of the date of issue***" and "Void and Subject to Re-Distribution if Not Deposited by [DATE 90 DAYS AFTER CHECK ISSUE DATE]." A.B. Data is authorized to take appropriate action to locate and/or contact any Authorized Claimant who or which has not negotiated his, her, or its payment within said time, as detailed in paragraph 51(b) of the Straub Declaration.

f.  Authorized Claimants who or which do not negotiate their Initial Distribution payments (or subsequent distribution payments should such distributions occur) within the time allotted will irrevocably forfeit all recovery from the Net Settlement Fund. The funds allocated to all such un-negotiated payments will be available for redistribution to other Authorized Claimants, if Co-Lead Counsel, in consultation with A.B. Data, determines that it is cost-effective to conduct a subsequent distribution;

g.  After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants negotiate their payments, A.B. Data shall, if Co-Lead Counsel, in consultation with A.B. Data, determines that it is cost-effective to do so, conduct a second distribution (the "Second Distribution"), pursuant to which any amount remaining in the Net Settlement Fund after the Initial Distribution (including the Reserve and any funds from void stale-dated or returned checks or failed wire transfers), after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlements for which it has not yet been paid (including estimated costs of such Second Distribution, subject to Court approval), escrow fees, taxes, and the costs of preparing appropriate tax returns. The Second Distribution, if it occurs, would be distributed to all Authorized Claimants from the Initial Distribution who: (a) have a Distribution Amount of $12,000 or more; (b) negotiated their first distribution payments; and (c) who are entitled to at least $10 from such redistribution based on their *pro rata* share of the remaining funds.

h.  Additional distributions, after deduction of costs and expenses, as described above and subject to the same conditions, may occur thereafter until Co-Lead Counsel, in consultation with A.B. Data, determines that further redistribution is not cost-effective; and

i. At such time as Co-Lead Counsel, in consultation with A.B. Data, determine that further distribution of the funds remaining is not cost-effective, Co-Lead Counsel shall move the Court for an Order allowing the remainder, after the payment of any fees or expenses incurred in connection with administering the Net Settlement Fund that are authorized by the Court, escrow fees, taxes, and the costs of preparing appropriate tax returns, to be contributed to not-for-profit 501(c)(3) organization(s) to be recommended by Co-Lead Counsel, in consultation with Plaintiffs, and approved by the Court.

4. Unless otherwise ordered by the Court, no Claim Forms received after November 30, 2020, may be accepted for payment, and no further adjustments to Claim Forms received on or before November 30, 2020, may be made for any reason. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Plaintiffs, Co-Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Co-Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Stipulations, beyond the amounts allocated to Authorized Claimants.

5. Unless otherwise ordered by the Court, one year after all funds have been distributed, A.B. Data shall destroy the paper and electronic copies of Claim Forms and all supporting documentation of the same.

6. The Court authorizes Co-Lead Counsel to pay up to an additional $507,776.93 (for a total of $2,509,150.93) from the Settlement Fund for estimated fees and expenses expected to be incurred in connection with the distribution of the Net Settlement Fund. Any such costs in excess of the $2,509,150.93 that have been approved to date may be paid from the Settlement Fund only with the approval of the Court.

7. Pursuant to ¶29 of the Deutsche Bank Stipulation, ¶27 of the FTN, Goldman Sachs, and Barclays Stipulations, and ¶30 of the Group Defendants Stipulation, the Court authorizes Co-Lead Counsel to instruct the Escrow Agent to pay the remaining 50% of the awarded attorneys' fees to Co-Lead Counsel.

8. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: _____4/23_____, 2021
New York, New York

_____
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE